IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 23 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>HINDS COUNTY; THE HINDS COUNTY )<br>BOARD OF SUPERVISORS; VICTOR MASON, )<br>HIND COUNTY SHERIFF, IN HIS OFFICIAL )<br>CAPACITY, )<br>)<br>DEFENDANTS. )<br>_____) | Civil No. 3:16cv489WHB-JCG |

## COMPLAINT

PLAINTIFF, THE UNITED STATES OF AMERICA, by its undersigned attorneys, hereby alleges:

1. The United States files this Complaint pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, to enjoin the Defendants from depriving Hinds County prisoners of rights, privileges, or immunities secured and protected by the Constitution of the United States.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

3. The United States is authorized to initiate this action pursuant to 42 U.S.C. § 1997a(a).

- 2 -

4. The Attorney General has certified that all pre-filing requirements specified in 42 U.S.C. § 1997b have been met. The Certificate of the Attorney General is appended to this Complaint as Attachment A and is incorporated herein.

5. Venue in the United States District Court for the Southern District of Mississippi is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff is the UNITED STATES OF AMERICA.

7. DEFENDANTS are HINDS COUNTY ("County"); the HINDS COUNTY BOARD OF SUPERVISORS ("Board"); and the HINDS COUNTY SHERIFF ("Sheriff"), VICTOR MASON, who is sued in his official capacity.

8. Defendants are responsible for the safety, care, custody, and control of prisoners housed in the 594-bed HINDS COUNTY ADULT DETENTION CENTER in Raymond, the 200-bed WORK CENTER in Raymond, and the 192-bed JACKSON DETENTION CENTER in Jackson, Mississippi (collectively referred to herein as the "Jail").

9. Defendants are responsible for setting policies, funding, and supervising County departments and staff, including Sheriffs' Department staff and any entity or individual contracted to provide services in the Jail.

10. At all relevant times, Defendants have acted or failed to act under color of state law.

## FACTS

11. The Jail is an institution within the meaning of 42 U.S.C. § 1997(1). The Jail houses over 800 individuals, including pre-trial detainees, convicted prisoners, and youth accused of adult crimes ("prisoners").

12. On June 2, 2014, the United States notified the County and County officials of its intention to investigate conditions in the Jail, including specifically whether prisoners were being protected from prisoner-on-prisoner violence and the excessive use-of-force.

13. On January 20, 2015, the United States notified the County and County officials of its intention to expand its investigation to evaluate whether prisoners were being detained without legal authority as a result of a failure to release prisoners in a timely manner.

14. The United States' investigation included on-site inspections with an expert consultant, staff and prisoner interviews, and extensive review of documents such as policies, procedures, forms, incident reports, grievances, medical records, and training records.

15. The United States provided the results and recommendations of its investigation to the County and County officials. These disclosures include specifically those made in the United States' May 21, 2015 Findings Letter. The constitutional violations outlined in the Findings Letter include those described in paragraphs 16 through 28 below.

16. Jail prisoners suffer serious harm or risk of serious harm from prisoner-on-prisoner violence and staff members' use of force.

17. On multiple occasions, serious disturbances have resulted in harm to prisoners and staff. These instances include at least three riots, which resulted widespread damage to entire housing units, the takeover of Jail control rooms, and multiple casualties.

18. The Hinds County Grand Jury and a County Monitoring team have previously issued reports and advised Defendants of serious deficiencies with Jail policies, procedures, staffing, supervision practices, physical plant, security equipment, training, housing and classification systems, internal investigations and administrative oversight, prisoner supervision, and discipline.

– 4 –

19. Such deficiencies are longstanding and were in place throughout the course of the United States' investigation.

20. Defendants have not taken corrective action sufficient to correct the longstanding deficiencies.

21. Jail staffing is poor, with insufficient numbers of trained and experienced staff to supervise prisoners, respond to emergencies, and man all critical security posts. The staffing and supervision deficiencies have contributed to a variety of serious deficiencies including delays in providing prisoners with exercise, programs, and treatment.

22. Deficiencies with physical plant and design, as well as inadequate, damaged, or malfunctioning cameras, locks, and other security equipment, have allowed prisoners to obtain dangerous contraband and engage in unsafe or violent behavior, without timely staff intervention. Contraband has included large numbers of cell phones, weapons, and illegal drugs.

23. Defendants have not developed or implemented adequate policies and procedures to oversee and regulate staff use-of force. Staff members have used electronic control devices (e.g. Tasers), corporal punishment, and a canine to injure prisoners without adequate justification.

24. Defendants have not hired sufficient staff, or provided staff members with sufficient training or supervision.

25. Defendants have not developed and implemented internal administrative and investigation procedures required to ensure adequate staff and prisoner supervision. For example, the Jail does not have sufficient qualified staff and adequate procedures to conduct thorough and timely internal investigations when serious incidents occur.

– 5 –

26. Defendants have maintained dangerously low staffing levels with high staff turnover rates, thus placing prisoners at serious risk of harm from other prisoners and staff.

27. Defendants' classification system does not identify or protect potential victims from abuse, and Defendants' housing assignment system does not include sufficient consideration for safety and security concerns. As a result, Defendants disperse vulnerable prisoners amongst the various housing units, subjecting them to unnecessary risk of harm. Youth and female prisoners are not adequately separated by sight or sound from adult, male prisoners. More violent prisoners, prisoners with serious mental health conditions, suicidal prisoners, and other prisoners who require heightened supervision, do not receive such supervision.

28. Defendants have not remedied systemic deficiencies, or implemented, maintained or developed policies and procedures, required to integrate the Jail into the local criminal justice process and protect prisoners' rights that are associated with the criminal justice process. For instance, inadequate staffing and procedures have resulted in substantial restrictions on attorney visitation, and staff errors have caused some prisoners to remain in the Jail when they should have been released.

29. The factual allegations set forth in paragraphs 16 through 28 have been obvious and known to Defendants for a substantial period of time, with notice provided by numerous individuals and agencies, including the United States Department of Justice's National Institute of Corrections, the Hinds County Grand Jury, the County Monitoring Team, Jail staff, and County supervisors; yet Defendants have failed to adequately address the conditions described.

## VIOLATIONS ALLEGED

30. The allegations of Paragraphs 1 through 29 are hereby re-alleged and incorporated by reference.

31. Through the acts and omissions alleged in paragraphs 16 through 29, Defendants have subjected prisoners at the JAIL to a pattern or practice of conditions of confinement that deprive them of rights, privileges, and immunities secured and protected under the Constitution of the United States, causing such prisoners to suffer grievous harm. U.S. Const. Amend. VIII, XIV. These acts and omissions include violations of the rights of convicted prisoners to reasonable protection from harm, freedom from excessive force, and freedom from unlawful detention under the Eighth Amendment and violations of the same rights of pretrial detainees, youth, and civil detainees under the Fourteenth Amendment.

32. Through the acts and omissions alleged in paragraphs 16 through 29, Defendants have exhibited deliberate indifference to the life, health and safety of COUNTY prisoners, in violation of the rights, privileges, or immunities of those prisoners as secured or protected by the Constitution of the United States. U.S. Const. Amend. VIII, XIV.

33. Unless restrained by this Court, Defendants will continue to engage in the acts and omissions, set forth in paragraphs 16 through 29, that deprive persons confined at the Jail of privileges or immunities secured or protected by the Constitution of the United States.

## PRAYER FOR RELIEF

34. The Attorney General is authorized under 42 U.S.C. § 1997a to seek appropriate equitable relief.

35. WHEREFORE, the United States prays that this Court enter an order:

– 7 –

a. declaring that the acts, omissions, and practices of Defendants set forth in paragraphs 16 through 29 above constitute a pattern or practice of conduct that deprives prisoners confined in the Jail of rights, privileges, or immunities secured or protected by the Constitution of the United States and that those acts, omissions, and practices violate the Constitution of the United States;

b. permanently enjoining Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in paragraphs 16 through 29 above and requiring Defendants to take such actions as will ensure lawful conditions of confinement are afforded to prisoners at the Jail; and

c. granting such other and further equitable relief as it may deem just and proper.

_____
LORETTA E. LYNCH
Attorney General
United States

_____
GREGORY K. DAVIS
U.S. Attorney
Southern District of Mississippi

_____
VANITA GUPTA
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Civil Rights Division

_____
MITZI DEASE PAIGE
Civil Chief
U.S. Attorney's Office
Southern District of Mississippi
501 East Court Street, Suite 4430
Jackson, MS 39201
(601) 973-2840
Mitzi.Paige@usdoj.gov
MS Bar #6014

_____
STEVEN H. ROSENBAUM
Chief
U.S. Department of Justice
Civil Rights Division
Special Litigation Section

p.p. _____
LAURA L. COON
Special Counsel
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave, N.W.
Washington, DC 20530
Laura.Coon@usdoj.gov
DC Bar # 481379

_____
CHRISTOPHER N. CHENG
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave, N.W.
Washington, DC 20530
(202) 514-8892
(202) 514-4883 (fax)
Christopher.Cheng@usdoj.gov
PA Bar #69066

– 9 –

*Elizabeth C. Kelley*
ELIZABETH C. KELLEY
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave, N.W.
Washington, DC 20530
(202) 514-0460
(202) 514-4883 (fax)
Beth.Kelley@usdoj.gov
VA Bar #80255

## CERTIFICATE OF THE ATTORNEY GENERAL

I, Loretta E. Lynch, Attorney General of the United States, certify that with regard to the foregoing Complaint, United States v. Hinds County, I have complied with all subsections of 42 U.S.C. § 1997b(a)(1). I certify as well that I have complied with all subsections of 42 U.S.C. § 1997b(a)(2). I further certify, pursuant to 42 U.S.C. § 1997b(a)(3), my belief that this action by the United States is of general public importance and will materially further the vindication of rights, privileges, or immunities secured or protected by the Constitution.

In addition, I certify that I have the "reasonable cause to believe," set forth in 42 U.S.C. § 1997a, to initiate this action, and that all prerequisites to the initiation of this suit under 42 U.S.C. §§ 1997a and 1997b have been met.

Pursuant to 42 U.S.C. § 1997a(c), I have personally signed the foregoing Complaint. Pursuant to 42 U.S.C.§ 1997b(b), I am personally signing this Certificate.

Signed this 9th day of June, 2016, at Washington, D.C.

_____
LORETTA E. LYNCH
Attorney General of the United States