IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>HINDS COUNTY; HINDS )<br>COUNTY BOARD OF SUPERVISORS; AND )<br>VICTOR MASON, HINDS COUNTY SHERIFF, )<br>IN HIS OFFICIAL CAPACITY, )<br>)<br>DEFENDANTS. )<br>_____) | Civil No. 3:16cv489 WHB-JCG |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR ENTRY OF SETTLEMENT AGREEMENT**

**I.     Background**

Plaintiff, United States, and Defendants, Hinds County and County officials sued in their official capacities ("County"), (collectively the "Parties") seek the Court's approval of a Settlement Agreement ("Agreement") designed to remedy alleged constitutional violations in the Hinds County Detention Center ("Jail").[1] If approved by the Court, the Agreement will resolve

---

[1]  The term "Jail" includes the County's two main detention facilities – the Hinds County Adult Detention Center in Raymond, Mississippi and the Jackson Detention Center in Jackson, Mississippi. For purposes of this litigation and the proposed Settlement Agreement, the term "Jail" also includes other facilities used to house County prisoners, including the Work Center in Raymond, Mississippi. The term is used more broadly than during earlier stages of the United States' investigation, because remedying deficiencies in the County's main detention facilities requires addressing deficiencies affecting the County detention system as a whole. Additionally, the Agreement must address the possibility that new or replacement facilities may need to be used to ensure constitutional conditions.

litigation being simultaneously filed by the United States pursuant to its authority under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 (CRIPA). The parties negotiated this Agreement in response to a federal investigation of conditions of confinement in the Jail.[2]

On June 2, 2014, the United States notified Hinds County officials of its intent to investigate the County's treatment of prisoners in the Jail (Exh. A). The investigation focused on whether prisoners received constitutionally adequate protection from prisoner-on-prisoner violence and staff abuse. The initial investigation included extensive document review, interviews, and an on-site inspection by a Justice Department corrections expert and staff. After the initial inspection, the United States expanded its review based, in part, on information uncovered during the protection from harm investigation. On January 20, 2015, the United States notified County officials of its intention to investigate whether prisoners were being detained without legal authority as a result of a failure to release prisoners in a timely manner (Exh. B). The United States then conducted an additional inspection, while also continuing to gather information from records and more interviews.

On May 21, 2015, the United States issued a letter of findings (Findings Letter) (Exh. C). The Findings Letter described Jail conditions that the United States found to violate prisoners' constitutional rights. U.S. Const. Amend. VIII, XIV.[3] Among other things, the letter identified systemic deficiencies with Jail staffing, supervision, policies and practices, staff training, security equipment, physical plant, records, and prisoner tracking and release procedures. Such

---

[2] The term "prisoner" is defined in the Agreement "to refer to one or more individuals detained at, housed in, held in, in the custody of, or confined at the Jail for any reason, including as a result of arrest, criminal charges, detainers, civil contempt charges, involuntary civil commitment, or convictions." The term includes, at minimum, both pre-trial detainees and sentenced individuals.

[3] The United States' correspondence, as well as official County Grand Jury reports and related records (Exh. D) are attached in support of this Motion.

deficiencies allegedly resulted in serious harm, or risk of harm, to prisoners. Specifically, the United States identified several riots and Jail disturbances, as well as more particularized incidents, during which prisoners were injured or killed. The United States also identified a pattern of incidents in which prisoners were allegedly detained beyond their court-ordered release dates or without sufficient documentation that such detention was lawful. The United States made recommendations at the end of each site inspection and in its Findings Letter set forth minimum remedial measures for addressing the constitutional deficiencies the United States found. Under CRIPA, the United States had the authority to sue the County and the Sheriff 49 days after issuance of the findings letter.

In Fall 2015, the Parties entered into negotiations in an effort to avoid unnecessary and potentially expensive litigation. After many hours of negotiation, the Parties now request that the Court approve the attached Agreement to resolve the United States' investigation and Complaint and enter the terms of the Agreement as an Order of the Court.

## II. Discussion

This Court should enter the proposed Agreement because it is not unconstitutional, unlawful, contrary to public policy, or unreasonable.[4] *United States v. City of Alexandria*, 614 F.2d 1358 (5th Cir. 1980) ("trial court must satisfy itself that the consent decree is not unlawful,

---

[4] In a lawsuit brought under CRIPA, the United States acts in its sovereign capacity, and not as class counsel or as a private litigant. Since there is no private class action involved, the Court does not need to conduct a fairness hearing to protect represented class members. *Compare* Fed. R. Civ. P. 23. However, even if the class standard applied, the Agreement is "a fair, adequate, and reasonable resolution" of the allegations made in the United States' complaint. *See generally Parker*, 667 F.2d 1204, 1209 (5th Cir. 1982), *United States v. City of Jackson, Miss.*, 519 F.2d 1147, 1151-52 (5th Cir. 1975). Congress specifically charged the United States Department of Justice with protecting the rights of institutionalized persons under CRIPA. The relief sought should greatly improve conditions for prisoners by making the Jail a safer facility and protecting their liberty interests. At the same time, this action confers no direct pecuniary benefit on the United States for resolving such litigation, except of course to the extent that remedying constitutional violations benefits the public interest in general. *See United States v. City of Miami*, 614 F.2d 1322, 1332 (5th Cir. 1980).

unreasonable, or inequitable"); *United States v. City of Miami*, 614 F.2d 1322, 1333 (5th Cir. 1980), *upon rehearing*, 664 F.2d 435 (1981); *United States Security and Exchange Commission v. Citigroup Global Markets Inc.*, 673 F.3d 158 (2d Cir. 2012) (limiting any heightened standard referenced in *City of Miami* to employment discrimination decrees adversely affecting third parties without proof of discrimination).

Moreover, the Fifth Circuit has a "strong judicial policy favoring the resolution of disputes through settlement." *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982), *citing United States v. Miami*, 614 F.2d 1322, (5th Cir. 1980). Settlement is effective and desirable because it "avoid[s] the risks as well as costs of full scale litigation," and is a "highly useful tool for government agencies, since it maximizes the effectiveness of limited law enforcement resources." *United States v. City of Jackson*, 519 F.2d 1147, 1151-52 (5th Cir. 1975). Since both parties are government entities in this case, the benefits of settlement are mutual. In addition, "[b]ecause of the consensual nature of the decree, voluntary compliance is rendered more likely." Id. at 1152, n. 9.

The Agreement presented by the Parties to the Court does not violate law or policy but rather is a fair and reasonable resolution of the United States' comprehensive investigation and findings regarding unconstitutionally dangerous conditions in the Jail. Negotiations were extensive, at arms-length, and involved representatives from the Sheriff's Department, the County Board of Supervisors, the Justice Department, and other stakeholders familiar with the County criminal justice system.[5] The Parties voluntarily adopted the Agreement only after

---

[5] As the United States found during its investigation, systemic deficiencies affecting various components of the County criminal justice process have contributed to the conditions within the Jail itself. To provide an adequate constitutional remedy, the Agreement also carefully addresses some of these deficiencies, but in limited manner. For instance, the County must improve communications and coordination with other criminal justice agencies in

carefully considering applicable law, the Jail's deficiencies, root causes for those deficiencies, effective remedies adopted in similar situations, and the reasonableness of the timelines and implementation mechanisms in the negotiated Agreement.

Because the Settlement Agreement constitutes prospective relief regarding jail conditions, the Court also must find that the Agreement complies with the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626. The PLRA requires that the Court find the Settlement Agreement extends no further than necessary to correct the violation of the Federal right, and make findings that the "relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a) & (c). The Parties stipulate that this Settlement Agreement complies in all respects with the provisions of the PLRA, 18 U.S.C. § 3626. The Parties further stipulate that the prospective relief in this Settlement Agreement is narrowly drawn, extends no further than necessary to correct the violations of federal rights as alleged by the United States, is the least intrusive means necessary to correct these violations, and will not have an adverse impact on public safety or the operation of a criminal justice system. Accordingly, the Parties agree and represent that this Settlement Agreement complies in all respects with the provisions of 18 U.S.C. § 3626(a) & (c). Settlement Agreement, paragraphs 165-166.

### III.    Conclusion

The Parties concur that the Agreement addresses all claims related to the United States' investigation of the Jail. The Parties therefore respectfully and jointly request that the Court

---

order to ensure accuracy in its own prisoner records. Such records in turn are important for ensuring that prisoners are released on-time by Jail staff, and never detained without clear legal authority.

approve the Agreement in its entirety and enter it as an order of the Court.

DATED this 23rd day of June, 2016

Respectfully submitted,

COUNSEL FOR PLAINTIFF, UNITED STATES OF AMERICA:

| | |
|---|---|
| GREGORY K. DAVIS<br>U.S. Attorney<br>Southern District of Mississippi | VANITA GUPTA<br>Principal Deputy Assistant Attorney General<br>U.S. Department of Justice<br>Civil Rights Division |
| MITZI DEASE PAIGE<br>Civil Chief<br>U. S. Attorney's Office<br>Southern District of Mississippi<br>501 East Court Street<br>Suite 4.430<br>Jackson, MS 39201<br>(601) 973-2840<br>Mitzi.Paige@usdoj.gov<br>MS Bar #6014 | STEVEN H. ROSENBAUM<br>Chief<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br>(202) 514-5393<br>Steven.Rosenbaum@usdoj.gov<br>NY Bar #1901958 |
| | /s/ Laura L. Coon<br>LAURA L. COON<br>Special Counsel<br>U.S. Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530<br>laura.coon@usdoj.gov<br>DC Bar # 481379 |

/s/ *Christopher N. Cheng*
CHRISTOPHER N. CHENG
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave., NW
Washington, DC  20530
(202) 514-8892
(202) 514-4883 (fax)
christopher.cheng@usdoj.gov
PA Bar #69066


/s/ *Elizabeth C. Kelley*
ELIZABETH C. KELLEY
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave., NW
Washington, DC  20530
(202) 514-0460
(202) 514-4883 (fax)
beth.kelley@usdoj.gov
VA Bar #80255

COUNSEL FOR DEFENDANTS HINDS COUNTY: HINDS COUNTY BOARD OF SUPERVISORS; THE HERIFF OF HINDS COUNTY IN HIS OFFICIAL CAPACITY:

/s/ Pieter Teeuwissen
Pieter Teeuwissen
Board Attorney
P.O. Box 686
Jackson, MS 39205-0686
(601) 968-6797
(601) 968-6794 (Fax)
pteeuwissen@co.hinds.ms.us


/s/Claire Barker
Claire Barker
Counsel to the Sheriff
407 East Pascagoula Street
Jackson, MS 39205
(601) 974-2969
(601) 948-2680 (Fax)
cbarker@co.hinds.ms.us

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2016, I filed the foregoing Memorandum of Law in Support of Joint Motion for Entry of Settlement Agreement with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

LAURA L. COON
Special Counsel
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave., NW
Washington, DC  20530
(202) 514-1089
Laura.Coon@usdoj.gov

CHRISTOPHER N. CHENG
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave., NW
Washington, DC  20530
(202) 514-8892
(202) 514-4883 (fax)
Christopher.Cheng@usdoj.gov

ELIZABETH C. KELLEY
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave., NW
Washington, DC  20530
(202) 514-0460
Beth.Kelley@usdoj.gov

STEVEN H. ROSENBAUM
Chief
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave., NW
Washington, DC  20530
(202) 514-5393
Steven.Rosenbaum@usdoj.gov

I also certify that I have mailed copies of the foregoing using the United States Postal Service to the following:

COUNSEL FOR DEFENDANTS HINDS COUNTY: HINDS COUNTY BOARD OF SUPERVISORS; THE SHERIFF OF HINDS COUNTY IN HIS OFFICIAL CAPACITY:

Pieter Teeuwissen
Board Attorney
P.O. Box 686
Jackson, MS 39205-0686
(601) 968-6797
(601) 968-6794 (fax)
pteeuwissen@co.hinds.ms.us

Claire Barker
Counsel to the Sheriff
407 East Pascagoula Street
Jackson, MS  39205
(601) 974-2969
(601) 948-2680 (Fax)
cbarker@co.hinds.ms.us

DATE: June 23, 2016

/s/ Mitzi Dease Paige
MITZI DEASE PAIGE
Civil Chief
U. S. Attorney's Office
Southern District of Mississippi
501 East Court Street
Suite 4.430
Jackson, MS 39201
 (601) 973-2840
Mitzi.Paige@usdoj.gov
MS Bar #6014