

**U.S. Department of Justice**

Civil Rights Division

---

SHR:LC:CNC:AF:AN:cnc
DJ 168-41-136

*Special Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*

Pieter Teeuwissen
Board Attorney
P.O. Box 686
Jackson, MS 39205-0686

January 10, 2019

Claire Barker
Counsel to the Sheriff
407 East Pascagoula Street
Jackson, MS  39205

    Re: U.S. v Hinds County, Civ. No. 3:16-cv-489-CWR:JCG

Dear Counsel,

    As you know, pursuant to Paragraph 163 of the Settlement Agreement ("Settlement"), prior to initiating an enforcement proceeding, the United States must notify the County in writing regarding the basis for our belief that the County is not in compliance. Since her August 2016 appointment, the Court Monitor has issued six compliance reports, all of which detail ongoing failures to achieve substantial compliance with the majority of the Settlement provisions. Throughout this ongoing failure to comply, dangerous conditions in the Hinds County Jail ("Jail") have persisted. We have previously tried to resolve our ongoing concerns through discussions and plans of action, rather than by issuing a formal notice of non-compliance. Unfortunately, those efforts have failed to expedite compliance, and we find it necessary to issue this notice of non-compliance pursuant to Paragraph 163. We look forward to receiving the County's written response within 30 days. We also look forward to evaluating current conditions during the Monitor's compliance site visit next week. Below we summarize the facts supporting our belief that the County is not in compliance with certain Settlement provisions.

    This notice of non-compliance focuses on the following Settlement requirements: Paragraphs 9, 22, 37, 38, 39, 41, 42, 44, 45, 68, 78-84, and 130-131. The Monitor's most recent report identifies a history of non-compliance as well as your clients' non-responsiveness to the Monitoring team's recommendations. We agree with her compliance conclusions and her team's priority recommendations. *See generally* Court-Appointed Monitor's Sixth Monitoring Report at 9-10, Doc. No. 24 (hereinafter "Monitor's Sixth Report") (identifying 54 areas of non-compliance and 37 areas of partial compliance out of 92 provisions).[1] We summarize our views below.

---

[1] While we agree with the Monitor that the County has not fully implemented additional provisions as well, we focus this notice on the highest priority concerns and Monitor recommendations.

1

First, the County has not drafted and implemented policies and procedures required by the Settlement. Settlement ¶¶ 37, 68, 130, 131. The County should have drafted a reasonably complete policy manual by January 19, 2017. The County did make some recent progress with a policy drafting committee, but progress has been very limited. If the Monitor had not retained an outside policy consultant to help with the drafting process, we question whether any progress would have been made. Currently, the County has drafted only a handful of policies regarding booking, protective custody, use of force, and records. In comparison, the Settlement requires a complete policy manual addressing all areas of the Settlement, including high priority issues such as housing supervision, training, and internal investigations. Despite our repeated requests, the County has not been able to offer even a timetable for when we can expect additional draft policies.

Second, the County has not developed and implemented an adequate staffing and supervision plan. Settlement ¶¶ 9, 41, 42, 44, 68, 130, 131. Again, the County should have developed and implemented an adequate staffing plan by January 19, 2017. As part of an increase in staffing, the County also needed to adopt an objective classification and prisoner housing assignment process, and a system of "direct supervision" for all prisoner housing (especially suicide and special needs housing). Instead, the County has continued to fail to meet this deadline. One of the most serious problems is that it has not increased authorized staffing levels. The County and Monitor staffing analysis indicates that the Jail needs approximately 433 detention officers to safely supervise the facility. Instead of implementing a plan to achieve full staffing, the County adopted an officer staffing goal of 275. The County has not fully funded or staffed even this facially inadequate goal. Despite recruiting some new staff, the County has not made other changes needed to retain staff. The County also has not begun implementing objective classification and direct supervision policies, in part because of inadequate staffing. Moreover, the County has no plan for how to transition to an objective classification and direct supervision facility and has not drafted the necessary policies and procedures.

These facts alone would justify a notice of non-compliance; however, we have additional reasons for concern. We have repeatedly given the County an opportunity to implement shorter term, interim remedies that may have improved staffing. For instance, we have endorsed the Monitor's recommendation that the County consider converting the Jackson Detention Center facility into a short-term court holding facility so that some staff could be moved to other Jail facilities. We have endorsed the Monitor's recommendation that the County move some staff and prisoners to renovated parts of the Work Center. We also have concurred with various Monitor's recommendations regarding the creation of an intake center at the Raymond facility and a more structured recruitment and training program. The County has not, however, implemented these recommendations. Nor has the County offered any workable alternative plans. On the contrary, some recent unilateral actions may have actually set back compliance efforts. These include the abandonment of a draft training program developed by the previous training director, and the mass promotion of several individuals with limited jail experience.

Third, the County has not complied with Settlement provisions requiring supervisor qualifications and training. The County should have deployed a leadership team with significant jail experience by January 19, 2017. Settlement ¶¶ 22, 38, 39, 45, 130, 131. Instead, the County has repeatedly hired key supervisors and trainers who have inadequate jail experience. In some

cases, the County has brought in staff with troubled work histories. *See, e.g.* Monitor's Sixth Report at 13-14. While we believe County officials need some discretion to deal with the challenges of finding qualified staff, the County's practice of making personnel decisions without regard to the Settlement or the Monitor's advice has become far too common. We have repeatedly emphasized the need for structured, professional personnel policies and hiring programs. Instead, key Jail and County authorities continue to make personnel decisions based on opaque or dubious subjective rationale.

Fourth, the County has not fully implemented the Settlement provisions regarding the transfer of youthful prisoners to a facility capable of providing them with required programs, supervision and services. Settlement ¶¶ 78-84. Under the Settlement, the County needed to formally decide whether to move youthful prisoners to the Henley-Young Detention Center (or a comparable alternative with youth-appropriate programs) by January 19, 2017. The transition needed to be completed by January 19, 2018. The County missed both deadlines. We note that the County did ultimately decide to use Henley-Young and made progress transitioning many youth to the facility. Yet the County continues to hold some youth in the Jail, where they receive few of the programs and services required by the Settlement. The County also has not adequately modified Henley-Young to enable it to safely and appropriately house a youthful prisoner population. Henley-Young is currently set up as a short-term youth detention facility. Using it to house youthful prisoners requires expansion of certain long-term programs and services. It also requires additional staff training, so the staff can handle youth who have to spend months instead of days or weeks in secure detention. The Monitor has provided many recommendations regarding the transition to Henley-Young, but the physical plant, behavioral programming, and educational services in that facility are not yet compliant with the Settlement.

In conclusion, please note that we appreciate the County's Settlement implementation efforts and our ongoing collaborative relationship. For example, we recognize that the County has tried to recruit more staff, drafted some policies, funded various physical plant improvements, and began transitioning youth to Henley-Young. We notice the above areas of non-compliance in an effort to focus your clients' attention on our most pressing compliance concerns. We look forward to evaluating current conditions during the monitoring site visit next week and to reviewing the County's 30-day written response to this notice.

Sincerely,

Laura L. Cowall
Special Counsel

cc:
Anthony Simon

Elizabeth Simpson
Court Monitor