

**U.S. Department of Justice**

Civil Rights Division

---

SHR:LC:CNC:AF:AN:pc
DJ 168-41-136

*Special Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*

Pieter Teeuwissen
Board Attorney
P.O. Box 686
Jackson, MS 39205-0686

January 24, 2019

Claire Barker
Counsel to the Sheriff
407 East Pascagoula Street
Jackson, MS  39205

      Re:  U.S. v Hinds County, Civ. No. 3:16-cv-489-CWR:JCG

Dear Counsel:

      We write to supplement our January 10, 2019 notice letter, which we issued pursuant to Paragraph 163 of the Settlement Agreement ("Settlement").  As you know, after the January 14-18, 2019 tour of the Hinds County Jail ("Jail"), the Court Monitor conducted an exit interview and provided the monitoring team's observations and preliminary conclusions.  She identified serious, continuing problems in the Jail due to non-compliance with the Settlement.   Although many of these deficiencies were the same as those referenced in our January 10, 2019 letter, the Monitor raised additional concerns, as well.  As a result, we write to reaffirm the concerns identified in our January 10, 2019 letter, and to provide this supplemental notice of non-compliance pursuant to Paragraph 163 regarding physical plant security and use of force.

      First, we believe the Jail's security issues include a complete breakdown in physical plant security at the Raymond Detention Center ("Raymond").  The Jail has long had problems with physical plant, but we had hoped recent improvements showed a positive trend.  While conditions in the Jackson facility, the Work Center, and Henley Young have improved over time, conditions in the Raymond facility have gotten much worse.  During the most recent inspection, the Raymond facility had even more problems than on past tours with inoperative security doors, broken locks, bad lighting and electronics, inadequate key controls, and inoperative fire safety equipment.  A Jail officer previously assigned to perform safety inspections apparently no longer serves in that role, so safety inspections are lacking.  Despite the Monitor's repeated urgings, Jail administrators still are not using maintenance spreadsheets or other systems to correct priority maintenance problems.  As the Monitor's security team member, David Parrish, noted during the exit interview, the County could easily lose physical control of the entire Raymond facility.

      The causes of these deficiencies involve many of the same paragraphs referenced in our January 10 letter.  They reflect the same problems with staffing, supervision, training, and

1

policies described in that letter. However, we now provide notice that we believe these deficiencies also violate Settlement Paragraph 46, which requires safety and maintenance procedures designed to ensure a habitable, secure facility.

Second, we now provide notice that our concerns about staffing, leadership, supervision, and policies also include concerns about use of force in the Jail. Since last year's inspections, the use of force has become an ever more serious concern. Staff are using physical strikes, pepper spray, electronic control devices, and new "less than lethal" shotguns without policy guidance and appropriate administrative safeguards. During this past tour, the Monitor and her team noted that use of force practices and training continue to apparently reflect street officer standards, rather than jail standards. Although the problems reflect the same lack of basic policy, reporting, and training systems noted in our January 10, 2019 letter, we now also provide notice that we believe these deficiencies violate Settlement Paragraphs 50-62.

We would appreciate your clients' response as soon as possible, but no later than 30 days after the date of this supplemental notice letter, pursuant to Paragraph 163. We look forward to discussing the concerns we have outlined in this letter and our January 10, 2019 letter.

Sincerely,

Laura L. Cowall
Special Counsel

cc:
Anthony Simon, Esq.

Elizabeth Simpson
Court Monitor