ROBERT GRAHAM
District 1

DARREL D. McQUIRTER
District 2

PEGGY HOBSON CALHOUN
District 3
President



MIKE MORGAN
District 4

BOBBY "BOBCAT" McGOWAN
District 5
Vice President

OFFICE OF THE
BOARD ATTORNEY

March 4, 2019

Laura L. Cowell, Special Counsel
United States Department of Justice
Special Litigation Section -- PHR
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

*Via Electronic Mail and
United States Postal Service*

**RE:** ***United States v. Hinds County, et al.
United States District Court for the Southern District of
Mississippi, Civil Number 3:16-cv-489 CWR-JCG***

Dear Counsel:

Please accept this correspondence on behalf of the Hinds County Board of Supervisors as response to the January 10 and January 24, 2019 non-compliance letters in the above-referenced matter. The positions taken herein are those of the Board and its Administrator. At the outset, it appears the non-compliance letters address the following areas: drafting policies and procedures for detention; staffing; classification and direct supervision; supervisor qualifications and training; youthful prisoners (all from the January 10, 2019 letter); lack of prioritizing physical repairs by jail staff; and, use of force (the latter two from the January 24, 2019 letter). It appears that almost all of the concerns raised are proper for response by the Sheriff, an independent elected official over whom the Board of Supervisors has little legal ability to direct.

The Board, however, does have some responses which it has raised previously and will continue to raise.

Laura L. Cowell, Special Counsel
March 4, 2019
Page 2

YOUTHFUL PRISONERS

Hinds County has adopted policies which facilitate housing all youth under the age of 18 at the Henley-Young Juvenile Justice Center. While transition to this policy took longer than initially agreed, the delay was caused in large part to unclear direction from the monitors, the dueling nature of two consent decrees and the re-orienting of Henley-Young staff to handle a felony population as opposed to mere delinquents. The Board disagrees with the statement that it "has not adequately modified Henley Young to enable it to safely and appropriately house a youthful prisoner population" and asks for proof of the same. In fact, prisoners at Henley Young are in a safe, secure environment which does not reflect any of the assaults, use of force or other issues experienced at the Raymond Detention Center. While the Monitor has provided "many recommendations", almost all of those recommendations are lagniappe. Although continuing to refine and expand programming, Hinds County is in compliance with the youthful prisoner provisions of the Settlement Agreement and is prepared to put on proof of compliance.

FACILITIES AND BUDGET

As the United States correctly notes, there has been no plan to prioritize on-going needed maintenance. Nevertheless, today the Board approved *another* $400,000 to address what has been represented as Pod C priorities. Bear in mind that Pod C was completely renovated in 2015 at a cost of approximately $3 Million, and has had on- going maintenance. Without direct and/or adequate supervision, the detainees simply destroy the facilities faster than the County can repair the facilities. This cycle will continue as long as detention operations are subject to the political whims and an "employment agency" attitude of an elected sheriff.

As for the budget, the Board appropriated the sheriff over $20 Million in fiscal year 2019. Additionally, the Board pays separately for medical, liability insurance, lawsuit deductibles ($100,000 per claim), repairs and other items. All told, the sheriff's office (conservatively) receives $26 Million of a $58 Million general fund budget. The Board cannot fathom how one department takes over 40% of the general fund but still has issues—or has regressed.

Laura L. Cowell, Special Counsel
March 4, 2019
Page 3

      The Board takes the position that until Settlement Agreement ¶¶ 42 and 46 are enforced, the cycle of non-compliance will continue. Likewise, it is fruitless to discuss needing more than 275 detention officers when reality shows staffing is not maintainable beyond the mid 230's.

      As all other issues appear to require a response from the sheriff, the Board has no further comments at this time. The Board incorporates herein the positions it took before Judge Reeves during the January 15, 2019 status conference; namely: the dire need for jail administrator autonomy; short and long-range budget planning based in reality; prohibitions against housing detainees for extended periods of time without on-the-record hearings as to the need and reason for continued detention; population caps; and, the need to prioritize best use of *existing* facilities and staffing. The Board contends each of these is addressable pursuant to the Settlement Agreement as currently written and looks forward to such efforts.

      Sincerely,

      OFFICE OF THE BOARD ATTORNEY

      PIETER TEEUWISSEN

cc:    Carmen Davis, County Administrator
       Lisa Simpson, Court Monitor
       Clare Barker, Hinds County Sheriff's Legal Counsel