IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| V. | CAUSE NO. 3:16-CV-489-CWR-JCG |
| **HINDS COUNTY; THE HINDS COUNTY BOARD OF SUPERVISORS; LEE VANCE, HINDS COUNTY SHERIFF, IN HIS OFFICIAL CAPACITY** | **DEFENDANTS** |

**ORDER**

This cause is before the Court on the Sheriff's motion for status conference. *See* Docket No. 88. Counsel for Hinds County also affixed his signature to the motion. The United States does not oppose the motion.

In recent months, the parties have expressed concern with the well-being and safety of one of the juveniles charged as an adult (JCA) who presently lives under this Consent Decree. *See* Docket No. 83 at 5 ("There has been a notable increase in the number of more serious incidents involving JCAs, including . . . suicide attempts . . . ."); *see also* Docket No. 87 at 32 ("But with regard to the suicide attempts, the vast majority of those attempts have been made by one person. That young man certainly has a condition that needs significant treatment. What we have been doing for the last several weeks and months, actually, is attempting to get him a bed at the state hospital.").

The young man, a 15-year-old, was initially housed at the Henley-Young Youth Detention Facility ("Henley-Young") pending criminal charges. On June 12, 2021, however, Senior Circuit Judge Green of the Circuit Court of Hinds County, Mississippi *sua sponte* entered an order in his criminal case transferring him to the Raymond Adult Detention Facility ("RDC"). The basis for this transfer was his numerous attempts of self-harm and suicide attempts. The Circuit Court

opined that the young man would be better served by the mental health services at RDC. Specifically, Judge Green held that the defendant needed "further assessment and treatment by the in-house treating psychiatrist at the Raymond Detention Center," and that "the move will provide Defendant [] with safer and more accessible mental healthcare, supervision and security." This Court's Monitor has learned that the young man has attempted suicide since being in RDC.

On June 16, 2021, the Hinds County Sheriff's Office filed an emergency motion in that criminal matter seeking to transport the young man from RDC back to Henley-Young, stating "the Raymond Adult Detention Facility will not serve the best interests of this minor." Docket No. 22, *Mississippi v. [Defendant]*, No. 20-0-806-TTG (Miss. Cir. Ct. 2020). The Sheriff's Office explained:

> Contrary to this Court's Order, the Raymond Adult Detention Center does not have an in-house treating psychiatrist, does not have more accessible mental healthcare than Henley-Young, does not have the proper staff to appropriately supervise this minor, does not have the programming needed to help this minor, and does not have the appropriate space to house this minor. Simply stated, the minor's best interest is not being served by being housed at RDC. If anything, being housed in an isolation unit at an adult detention facility will cause his condition to deteriorate.

The Sheriff's Office added that five subject matter experts have now voiced their concern on this matter. "All experts agree that neither RDC nor Henley-Young offer appropriate facilities for the mental health needs of this minor. However, isolation at RDC is not the appropriate setting and Henley-Young is a better option."

Judge Green denied the Sheriff's emergency motion, reasoning that the Sheriff's Office is not a party to the criminal action. It is not clear whether the parties to that criminal action have since stepped in to seek relief in that cause. But Judge Green's order does appear to have been the motivating factor in the Sheriff deciding to file the present motion.

The Sheriff is concerned that the Circuit Court's order has placed the County in violation of this Court's Consent Decree. He states, "to meet compliance with the Consent Decree, the County determined that the most appropriate housing of any Juvenile Charged as an Adult is at the Henley-Young Youth Detention Facility due to the available programming space, separation from the adult detainees, and the accessibility to education and other treatment consistent with federal law." Docket No. 88 at 1-2. As a result of the Circuit Court's order, however, "the JCA has been house[d] in medical isolation at the Raymond Adult Detention facility, in violation of the Consent Decree." *Id.* at 2. The Sheriff requests a status conference "to discuss the implications of housing the JCA in the adult facility." *Id.*

This Court's role is necessarily limited. This is not the Youth Court of Hinds County, an institution well-versed in the issues plaguing troubled youth. This is not a Chancery Court suited to making commitments in mental health facilities. And obviously, this is not the Circuit Court actually presiding over the criminal case of the young man in question. This Court's sole responsibility in this action is to enforce the Consent Decree Hinds County and the Hinds County Sheriff's Office agreed to follow so many years ago.

That said, the Court does not want to see any more deaths under this Consent Decree. *See* Lici Beverage, *A 21-year-old was found hanging in a Mississippi jail cell*, CLARION-LEDGER (Apr. 19. 2021). How that is accomplished is—once again—primarily a state function, to be led and implemented by state institutions. Based on the seven suicide attempts, the opinions of the subject matter experts, and the Sheriff's assertions that being housed at RDC is not in the best interest of this young man, however, the Court is very concerned that the present situation will lead to another unnecessary and tragic death, placing the County further out of compliance with the goals of the Consent Decree.

Given the foregoing, the Sheriff's motion for a status conference is granted. A separate docket entry scheduling the matter shall follow. The parties are directed to invite to the status conference the Hinds County District Attorney, the Hinds County Public Defender, the parents and/or guardians of the child, and all other persons or entities they believe would be helpful in mitigating this situation.

**SO ORDERED**, this the 1st day of July, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE