# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO. 3:16-CV-489-CWR-RHWR**

**HINDS COUNTY, ET AL.**                                           **DEFENDANTS**

## URGENT AND NECESSITOUS MOTION
## TO CONTINUE EVIDENTIARY HEARING AND EXTEND DEADLINES

Defendants, Hinds County and Hinds County Board of Supervisors (collectively "Defendants"), respectfully move this Court to continue the evidentiary hearing currently scheduled for the week of January 24, 2022 and to extend the existing deadlines. Scheduling Order [107]. In support, Defendants state as follows:

1. On November 23, 2021, this Court entered an order to show cause to determine whether Defendants should be held in civil contempt and the Raymond Detention Center (RDC) placed into a federal receivership. Show Cause Order [100].

2. Defendants promptly responded to the Court's order on December 14, 2021. Response [105, 106].

3. On January 10, 2022, the Court entered a scheduling order delineating that an in-person evidentiary hearing will take place the week of January 24, 2022. Scheduling Order [107]. The Court additionally set deadlines for the parties to submit proposed findings of fact and conclusions of law, exhibit lists, and witness lists by January 19, 2022. *Id.*

4. Defendants are also in the process of drafting a motion to terminate or modify the parties' July 2016 consent decree pursuant to the Prison Litigation Reform Act (PLRA). The PLRA requires the parties and this Court to assess, *inter alia*: whether there exists any current and

1

ongoing constitutional violations at the RDC; whether the decree extends further than necessary to correct those putative violations; and whether the decree is narrowly drawn and the least intrusive means at achieving the end result.

5. The motion also implicates an automatic stay on the thirtieth (30) day after it's filed. 18 U.S.C. § 3626(e)(2)(A)(i). The implementing statute permits the Court to postpone the effective date of the automatic stay for sixty (60) days, but the postponement must be unrelated to general congestion of the Court's calendar. 18 U.S.C. § 3626(e)(3).

6. Defendants want the Court to be aware of their intentions for planning purposes given the PLRA's timeliness requirements. Indeed, Defendants respect very much the judicial resources of this Court.

7. Defendants learned yesterday morning that Mr. Nicholas Morisani, one of their principal litigation attorneys, tested positive for COVID-19. Mr. Morisani is isolating at his home. His symptoms include high fever and a severe headache.

8. For all practical purposes, Mr. Morisani will be unable to prepare for the hearing. His absence and questionable date of return cripples Defendants' ability to prepare for the January 24th hearing and may force Defendants to proceed with only one litigation attorney, Mr. Thomas Siler. While not showing any symptoms and fully vaccinated, Mr. Siler has been working in close quarters with Mr. Morisani for the past several days and, as a result, has been exposed to the virus. The only remaining litigation attorney that has appeared in this case, Mr. Reuben Anderson, is out of the state and will not return until February. No other attorney at the firm has had client contact or could reasonably get up to speed in such a short amount of time.

9. Due to the circumstances surrounding Defendants' counsel, the nature of the motion to terminate and its statutorily-prescribed time constraints, and because the currently-

scheduled evidentiary hearing is set to begin in ten days, Defendants respectfully ask this Court to continue the currently-scheduled evidentiary hearing and extend the corresponding deadlines as the Court deems appropriate.

10. This motion is not being made for the purpose of delay, and it will not prejudice any party. Rather, it is needed to allow Defendants' counsel sufficient time to recover and prepare its defense. Due to the circumstances described in paragraphs 7 and 8 above, Defendants will not be able to adequately prepare for the hearing without a bit more time. "Justice is a search for truth[,]" *see, e.g.*, *S.E.C. v. Adams*, No. 3:18-CV-252-CWR-FKB, 2018 WL 2465763, *3 (S.D. Miss. June 1, 2018) (Reeves, J.), and Defendants believe that a brief continuance of the hearing under the circumstances would advance the truth-searching mission.

11. "Plaintiff's counsel was contacted and stated that the need to adjudicate the order to show cause and the appointment of a receiver is urgent given the dire conditions at the jail facilities and the pending resignation letter of the county's own jail administrator. While this Court should not continue the hearing for Defendants' potential PLRA motion, the United States defers to the Court as to whether this Court should continue the contempt hearing for the COVID-related reasons proffered by Defendants' counsel. If continued, the United States respectfully requests that the Court reset the hearing at the earliest date convenient for the Court in February 2022."

12. Defendants do not oppose Plaintiff's request related to rescheduling of the hearing at the earliest date convenient for the Court in February 2022.

13. It is Defendants' understanding that Plaintiff's counsel does not intend to file a formal response to this motion.

14. This motion is being styled as URGENT AND NECESSITOUS under the local rules given the current deadlines.

15. Defendants further request that any requirement of a memorandum in support be waived given the nature of this motion.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this motion be granted.

Dated: January 14, 2022

                        Respectfully submitted,

                        **PHELPS DUNBAR, LLP**

BY: */s/ W. Thomas Siler, Jr.*
Reuben V. Anderson, MB #1587
W. Thomas Siler, Jr., MB #6791
Nicholas F. Morisani, MB #104970
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: reuben.anderson@phelps.com
       tommy.siler@phelps.com
       nick.morisani@phelps.com

**ATTORNEYS FOR DEFENDANTS HINDS COUNTY AND HINDS COUNTY BOARD OF SUPERVISORS**

## **CERTIFICATE OF SERVICE**

I, W. Thomas Siler, Jr., certify, that, on January 14, 2022, I had this MOTION electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter.

*/s/ W. Thomas Siler, Jr.*
W. Thomas Siler, Jr.
