IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

**VS.**                                                 **CIVIL ACTION NO. 3:16-CV-489-CWR-RHWR**

**HINDS COUNTY, ET AL.**                                                            **DEFENDANTS**

### DEFENDANTS' MOTION TO TERMINATE
### OR, ALTERNATIVELY, MODIFY CONSENT DECREE

Defendants, Hinds County, Hinds County Board of Supervisors, and Victor Mason, in his official capacity as Sheriff, respectfully submit this instant motion to terminate or, alternatively, modify the consent decree [8-1] entered into between Plaintiff the United States of America and Defendant Hinds County, Mississippi.[1]  In support, the County states as follows:

1. The Department of Justice (DOJ) filed suit against Hinds County, the Hinds County Board of Supervisors, and Victor Mason, in his official capacity as Sheriff, on June 23, 2016. Compl. [1].  In their complaint, the DOJ alleged that the Defendants "subjected prisoners . . . to [an unconstitutional] pattern or practice of conditions of confinement" and likewise "exhibited deliberate indifference to the life, health, and safety" of the prisoners in violation of the Eighth and Fourteenth Amendments of the U.S. Constitution. *Id.* at 6.

---

[1] Mason has been sued in his official capacity only, which means that any claims aimed at him are duplicative of the claims aimed at the County.  *See, e.g.*, *Brumfield v. Hollins*, 551 F.3d 322, 331 n.9 (5th Cir. 2008) (noting that a suit against an individual in his official capacity is tantamount to suit against the entity that employs the individual); *Daigre v. City of Waveland*, No. 1:10-CV-568, 2012 WL 12885098, at *4 (S.D. Miss. Sept. 25, 2012) ("The Supreme Court has held that claims against a governmental agent in his or her official capacity are not against the actual employee, but are against the office that the employee holds." (collecting cases)).  He is also no longer the Sheriff of Hinds County.  Show Cause Order [100] at 2.  On November 23, 2021, Tyree Jones was elected Sheriff of Hinds County.  Resp. to Show Cause Order [105] at 6.  Jones, in his official capacity as Sheriff, should be substituted as defendant.  FED. R. CIV. P. 25(d).  For simplicity sake, Defendants refer to themselves as "Defendant" or "the County."

1

2. That same day, the parties jointly moved for Entry of a Settlement Agreement, Joint Motion [2, 3], which was granted by this Court on July 19, 2016. Order [8].

3. The sixty-four (64) page settlement agreement mandates that the County adhere to numerous, far-reaching policies and provisions while operating its detention facilities.[2] Agreement [8-1]. Additionally, the agreement created a monitoring team. *Id.* at 54–55. The monitoring was intended to "provide technical assistance, conduct regular site visits[3], and serve as the eyes and ears of the Court." Order to Show Cause [100] at 8 (footnote omitted). The monitors have now submitted a total of fifteen (15) monitoring reports. *See* Status Report [101].

4. The parties entered into a stipulated order on January 16, 2020. Stipulated Order [60-1]. To date, the County has substantially complied with that order.

5. On November 23, 2021, the Court entered an order *sua sponte* requiring the County to show cause "to determine whether Hinds County should be held in civil contempt and RDC placed into federal receivership." Show Cause Order [100] at 2. The County promptly responded to the Court's order on December 14, 2021. Resp. to Show Cause Order [105].

6. Due to the nature of the instant Motion and unanticipated COVID-19-related issues which greatly inhibited and limited the County's ability to prepare for the then-scheduled evidentiary hearing and related deadlines, the County filed an emergency motion to continue the evidentiary hearing and extend related deadlines on January 14, 2022. Emergency Motion [108]. The evidentiary hearing was reset for the week of February 14, 2022. Order [109].

---

[2] The County is moving to terminate, or, alternatively, modify the consent decree to the extent it governs four facilities: (1) Raymond Detention Center (RDC), (2) Work Center (WC), (3) Jackson Detention Center (JDC), and (4) Henley-Young Juvenile Justice Center (Henley-Young.).

[3] As of the filing of this Motion, neither the monitors nor the DOJ have set foot in the Raymond Detention Facility (RDC) in nineteen months. Resp. to Show Cause Order [105] at 2.

7. The Prison Litigation Reform Act (PLRA) provides several avenues for terminating or modifying prospective relief, like consent decrees. 18 U.S.C. § 3626(b). In light of those statutorily-prescribed provisions, the County files the instant motion to terminate or, alternatively, modify the consent decree. In filing its motion, the County invokes the procedures set forth in 18 U.S.C. § 3626(e), including § 3626(e)(1) (prompt rulings) and § 3626(e)(2) (automatic stay). The County also requests that the Court consolidate the evidentiary hearing with the pre-termination evidentiary hearing.

WHEREFORE, PREMISES CONSIDERED, the County respectfully request that this Motion be granted.

Dated:  January 21, 2022

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY:  */s/ W. Thomas Siler, Jr.*
Reuben V. Anderson, MB #1587
W. Thomas Siler, Jr., MB #6791
Nicholas F. Morisani, MB #104970
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi  39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email:  reuben.anderson@phelps.com
          tommy.siler@phelps.com
          nick.morisani@phelps.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, W. Thomas Siler, Jr., certify, that, on January 21, 2022, I had this MOTION electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter.

/s/ W. Thomas Siler, Jr.
W. Thomas Siler, Jr.