IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO.: 3:16-CV-00489-CWR-RHWR |
| | ) | |
| HINDS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* REGARDING EXPERTS CALLED BY DEFENDANTS

Pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, the United States moves the Court to require Defendants to provide expert disclosures by no later than February 7, 2022, including the identities of all expert witnesses and all information required under Rule 26(a)(2)(B) for experts required to provide written reports or, at the very least, all information required under Rule 26(a)(2)(C) for experts not required to provide written reports. The United States also requests that, if Defendants fail to make these disclosures by February 7, 2022, the Court prevent Defendants from (1) calling witnesses retained or specially employed to provide expert testimony at the hearing scheduled for the week of February 14, 2022, and (2) using or citing expert reports in litigating the motions pending before the Court. Any less notice would not allow the United States to prepare adequate cross-examinations or rebuttal evidence, and thus would prejudice the United States.

1

## I.       Background

Over two months ago, the Court scheduled a show cause hearing to decide whether

Defendants are in contempt and whether to appoint a receiver for the Hinds County Jail ("Jail").

*See* Order, ECF 100 (Nov. 29, 2021); Order, ECF 107 (Jan. 10, 2022); Settlement Agreement,

ECF 8-1 (July 19, 2016) ("Consent Decree"); Stipulated Order, ECF 60-1 (Jan. 16, 2020)). On

January 18, 2022, the Court granted Hinds County's emergency motion for a continuance, setting

the evidentiary hearing for the week of February 14, 2022.  Order, ECF 109 (Jan. 18 2022).  The

Court also set February 1, 2022 as the deadline for any motions *in limine* and February 9, 2022

for the exchange of witness and exhibit lists.  *Id.*

As of the deadline for motions in *limine*, the Defendants have repeatedly refused to

confirm whether they will call expert witnesses, and have refused to stipulate to providing basic

disclosures if they do call such witnesses.  Exhibit A.  *See* Federal Rule of Civil Procedure

26(a)(2)(A) and (B).[1]

## II.       Argument

The Defendants to date have failed to disclose even the most minimal information about

any expert witnesses retained to testify in this case.  The failure to provide adequate notice for

expert disclosures would prejudice the United States and violate the disclosure policies embodied

in Federal Rule of Civil Procedure 26, as well as the evidentiary safeguards guaranteed by

Federal Rules of Evidence 702, 703, and 705.  The Court should therefore require that

---

[1] The United States does not intend to present the testimony of any expert witnesses other than members
of the monitoring team for whom expert disclosures are not required.

Defendants provide all expert disclosures no later than February 7, 2022, which is one week before the start of the show cause hearing set for the week of February 14, 2022.  And, if Defendants fail to meet this deadline, this Court should bar Defendants from calling expert witnesses to testify on direct or rebuttal, and bar Defendants from using or citing to any expert reports in filings related to the pending motions.

>    A.    **Non-Disclosure of Expert Testimony Violates Federal Rule of Civil Procedure 26, Which Is Applicable to Post-Judgment Hearings.**

Rule 26(a)(2) requires disclosure, to other parties, of the identity of all expert witnesses a party may use to present evidence under Federal Rules of Evidence 702, 703, or 705.  *See* Fed. R. Civ. P. 26(a)(2)(A).  Additionally, disclosure of expert witnesses, retained to testify at trial, must include a written report.  *See* Fed. R. Civ. P. 26(a)(2)(B).  The Fifth Circuit has held that "[t]he discovery provisions of the Federal Rules of Civil Procedure were designed to afford the parties the right to obtain information pertinent to the pending controversy," and "[t]hat basic philosophy applies with equal force whether the information is sought in a pre-trial or in a post-judgment discovery proceeding."  *U.S. v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967) (reversing lower court decision that had denied the United States' ability take written interrogatories in effort to secure execution of a money judgment under Federal Rule of Civil Procedure 69); *HCB Financial Corp. v. Kennedy*, No. 1:10CV559-HSO-JCG, 2016 WL 6216179, at *1 (S.D. Miss. Mar. 28, 2016) (applying *McWhirter* to allow post-judgment discovery, and echoing *McWhirter* for the principle that the same philosophy favoring disclosure applies in post-judgment discovery proceedings).

The untimely disclosure of expert information is just as inappropriate in a post-judgment proceeding as it would be for trial.  In *Rochow v. Life Ins. Co of North America*, the district court

assessed the timeliness and adequacy of expert disclosures in a post-judgment proceeding regarding monetary and equitable remedies.  No. 04-73628, 2010 WL 100633, at *1 (E.D. Mich. Jan. 5, 2010).  Prior to a post-judgment deposition of the defendant's expert, the defendant had disclosed the name of the expert as well as multiple affidavits written by the expert.  *Id.* However, the defendant did not produce the expert's report, which plaintiff alleged departed from the expert's earlier affidavits, until four days before the deposition.  *Id.*  The district court held that the disclosure of the report so close to the deposition date was "inconsistent with the basic notions of fairness," and allowed the plaintiff to depose the expert a second time as a result. *Id.*  at *2.  The situation here is even less consistent with "basic notions of fairness" than in *Rochow*.  Whereas the plaintiff in *Rochow* at least knew the identity of the defendant's expert and had received affidavits from the expert before deposing the expert, to date the Defendants have not disclosed any information about their experts at all, including whether they plan to call any or who they will be.  And if providing an expert report four days before a previously disclosed expert's deposition leaves insufficient time to prepare for the deposition, then providing less than seven days' notice before a show cause hearing of *any* expert information, including even the identities of the experts, must likewise be inadequate.

The United States would be unduly prejudiced if Defendants provided only the names of their experts fewer than seven days before the show cause hearing.  Without at least this much time, the United States will be unable to vet the expert witnesses, review their reports, prepare cross examinations, or produce rebuttal witnesses if necessary.  *See Moody v. James*, No. 1:04CV748-LG-RHW, 2006 WL 8452409 at *1 (S.D. Miss. May 30, 2006) (quoting *Dixon v. The Certainteed Corp.,* 168 F.R.D. 51, 54 (D. Kan. 1996)) (stating that Rule 26(a)(2)(C) serves "'primarily to require disclosure of expert testimony early enough before trial to allow parties

and counsel adequate time to prepare cross-examination, confer with their own experts, and file any supplementations.'").  In *Fournerat v. Beaumont Independent School District*, the district court held that the defendant could be prejudiced where the plaintiff did not disclose completely new witnesses thirty days prior to a hearing.  6 F.Supp.2d 612, 614 (E.D. Tx. 1998).  The court ordered further proceedings, because the lack of disclosure impeded the defendant's ability to effectively cross-examine a witness about whom they had no prior knowledge.  *Id.*  Our hearing is in approximately two weeks, and Defendants to date have disclosed even less even information than the plaintiff in *Fournerat*.

In sum, Defendants may choose not to present the testimony of an expert witness.  But they may not spring an expert witness at the last minute and without making the requisite expert disclosures.  If Defendants intend to present the testimony of an expert witness and do not make these disclosures on or before February 7, 2022, Defendants will have violated the principles favoring disclosure that undergird Rule 26, and the United States will be prejudiced.[2]

**B.    If Defendants Fail to Make Their Expert Disclosures by February 7, 2022, Defendants' Previously Undisclosed Expert Witnesses and any Expert Reports Should Be Excluded to Prevent Unfair Prejudice to the United States.**

A party who fails to provide disclosures or identify a testifying expert as required by Federal Rule of Civil Procedure 26(a) may be barred from using that witness "on a motion, at a hearing, or at trial."  *See* Fed. R. Civ. P. 37(c)(1).  The Fifth Circuit applies a four-factor test in determining whether to exclude improperly designated experts:

---

[2] In comparison, the Monitor agreed to by the parties has filed numerous reports, and the parties agreed to her appointment after full disclosure of her background.  *See* ECF 8-1 Sec. VIII.

> (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.

*Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

All four of the *Hamburger* factors weigh in favor of excluding Defendants' proposed experts and any expert reports if they do not timely disclose them before the hearing. First, over two months have passed since the Court scheduled a show cause hearing. Defendants have offered no explanation for their failure to identify the expert witnesses sooner, especially since their unrivaled access to the facts should have made clear much sooner any areas in need of expert consultation. *See Raymond James Tr., N.A. Tr. of E.C. Care Tr. v. Natchez Hosp. Co., LLC*, No. 5:19-CV-103-DCB-MTP, 2021 WL 2556593, at *3 (S.D. Miss. June 22, 2021) (granting motion to exclude expert testimony and report where plaintiff disclosed expert's report to the defendant four days before close of discovery, and rejecting plaintiff's argument that plaintiff needed the expert to interpret a discrepancy plaintiff had recently identified between two medical tests where plaintiff possessed facts related to the tests before filing suit). Second, expert witness testimony is not important here where there is already an agreed-upon framework in place for factfinding and compliance assessments under the Consent Decree. *See* Consent Decree, § VII.C., ECF 8-1. The parties agreed that the monitoring team shall be responsible for reviewing current conditions and opining about compliance with the Court's orders, and Defendants had ample opportunity to object to the monitoring team's assessments in each of their reports. *Id.* Third, as discussed in Section II.A *supra*, the United States would be prejudiced by the late admission of expert testimony for which it has received no prior notice and would have virtually no time to prepare. And fourth, a continuance is not appropriate here because of the time-sensitive nature of the matters to be resolved at the show-cause hearing.

Regardless, where the first three factors support striking an expert designation, then a district need not continue a trial. *See* Hamburger, 361 F.3d at 883–84; *Robbins v. Ryan's Fam. Steak Houses E., Inc.*, 223 F.R.D. 448, 453–454 (S.D. Miss. 2004) (determining that continuance of trial was not warranted where first three factors of *Hamburger* test favored striking experts).

Therefore, if Defendants fail to make their expert disclosures by February 7, 2022—just seven days before the start of the show cause hearing—then Defendants' proposed experts should be precluded from testifying at the show cause hearing, and Defendants should not be permitted to use or cite those experts' reports. *See McWhirter*, 376 F.2d at 106; *Robbins*,  223 F.R.D. at 454 (S.D. Miss. 2004) (striking witnesses disclosed eight days before pretrial conference and a month before trial); *Allen v. Vaksman Law Offices, P.C.,* No. 2:19-CV-30-TBM-MTP, 2021 WL 5474488 at *8 (S.D. Miss. Sept. 30, 2021) (striking testimony at trial because report was too brief to give opposing counsel enough detail to prepare a cross-examination); *Elliot v. Amadas Industries, Inc.,* 796 F.Supp.2d 796, 801, 804–05 (S.D. Miss. 2011) (striking untimely disclosure filed three weeks after the discovery deadline but over four months before trial); *Jackson as Next Friend of Martin v. Town of Tutwiler, MI*, No. 3:17-CV-181-MPM-JMV, 2018 WL 5816767, at *2–3 (N.D. Miss. Nov. 6, 2018) (plaintiff's failure to produce expert reports in compliance with Fed. R. Civ. P. 26 warranted striking of witness).

## C.     Excluding Expert Witnesses Would Be Appropriate Even if Defendants Disclosed Some Incomplete Information About Experts

When a party discloses some expert information, a court may still bar the expert from testifying if the disclosure does not provide sufficient notice of the expert's testimony, and the party has no excuse for the deficiencies with its disclosures. *See Campbell v. McMillin,* 83 F.Supp.2d 761, 764–65 (S.D. Miss. 2000); *Johnson v. Watkins,* No. 3:07CV621 DPJ-JCS, 2010

WL 2671993 at *2–4 (S.D. Miss. June 30, 2010); *Elite Ins. Co. v. Mount Carmel Ministries*, No. 2:13-CV-134-KS-MTP, 2015 WL 268517 at *1 (S.D. Miss. Jan. 21, 2015), *aff'd*, 676 F. App'x 269 (5th Cir. 2017) (expert testimony was excluded in a lost income claim hearing where an expert report was never disclosed before the hearing).  In *Campbell*, the Court barred testimony even though the party provided far more expert disclosures than the Defendants in this case.  The offending party in *Campbell* had formally requested extra time to designate expert witnesses, needed more time because a designated expert dropped out, and provided an expert report.  83 F.Supp.2d at 764–65.

In comparison, to date Defendants have not provided names of experts, their curricula vitae, any expert reports, or even a summary of their subject matter testimony.  Instead, when asked to provide required disclosures, Defendants advised the United States that they had no obligation to do so.  Exhibit A.  While the discovery and hearing schedule have been expedited in this case, that fact does not excuse nondisclosure.  Defendants have had ample time to disclose whether they intend to call expert witnesses, as scheduling of the evidentiary hearing was provided to both parties.  Defendants could have retained and disclosed their witnesses within this reasonable time period.  They also obtained a continuance, so they had additional time to identify experts and provide disclosures.  Indeed, under the original schedule, Defendants already would have disclosed any proposed expert testimony.  Nonetheless, as of this date, the Defendants have failed to provide any expert disclosures, and offered no valid reasons for their delays.  *See Harmon v. Georgia Gulf Lake Charles L.L.C.,* 476 Fed. Appx. 31, 38–40 (5th Cir. 2012) (stating expert testimony would be excluded from trial where the parties amended their witness list to include two more experts witnesses the Friday before a Monday trial, noting that this extremely late disclosure was prejudicial and there was no excusable reason for the delay.)

A February 7, 2022 deadline to make expert disclosures should therefore provide Defendants more than adequate time to gather and produce required expert information while minimizing prejudice to the United States.

### III.     Conclusion

For the foregoing reasons, the United States respectfully requests that the Court grant the United States' Motion *in Limine* and require Defendants to make expert disclosures by no later than February 7, 2022, including the identities of all expert witnesses and all information required under Rule 26(a)(2)(B) for experts required to provide written reports or, at the very least, all information required under Rule 26(a)(2)(C) for experts not required to provide written reports, lest they be barred from (1) calling witnesses retained or specially employed to provide expert testimony at the hearing scheduled for the week of February 14, 2022, and (2) using or citing expert reports in litigating the motions pending before the Court.

Respectfully Submitted,

**FOR THE UNITED STATES:**

Darren J. LaMarca       .          KRISTEN CLARKE
United States Attorney              Assistant Attorney General
Southern District of Mississippi   Civil Rights Division

                                   STEVEN H. ROSENBAUM
                                   Chief
                                   Civil Rights Division
                                   Special Litigation Section

MITZI DEASE PAIGE (MS #6014)       LAURA L. COWALL (DC #481379)
Assistant U.S. Attorneys           Deputy Chief
U.S. Attorney's Office             laura.cowall@usdoj.gov
Southern District of Mississippi   (202) 514-1089
501 E. Court Street – Ste. 4.430   (202) 514-0212 (fax)

Jackson, MS 39201
MPaige@usa.doj.gov
(601) 973-2840
(601) 965-4409 (fax)

/s/ *Christopher N. Cheng*
CHRISTOPHER N. CHENG (PA #69066)
Trial Attorney
christopher.cheng@usdoj.gov
(202) 514-8892
(202) 514-4883 (fax)

SARAH STEEGE
Trial Attorney
sarah.steege@usdoj.gov

HELEN VERA
Trial Attorney
helen.vera@usdoj.gov

United States Department of Justice
Civil Rights Division
Special Litigation Section
150 M St., N.E.
Washington, DC  20002

DATED:  February 1, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

*s/ Christopher N. Cheng*
CHRISTOPHER N. CHENG (PA #69066)
Attorney for the United States
United States Department of Justice
Civil Rights Division, Special Litigation Section
150 M St., N.E.
Washington, DC  20002
(202) 514-8892
christopher.cheng@usdoj.gov