

―――――――――――

No. 3:16-CV-489-CWR-RHWR

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

HINDS COUNTY, ET AL,

*Defendant.*

―――――――――――

ORDER

―――――――――――

Before CARLTON W. REEVES, *District Judge*.

Before the Court is the United States' request to postpone the Prison Litigation Reform Act (PLRA)'s automatic stay for an additional 60 days. Docket No. 114 at 32-35.

A motion to terminate filed under the PLRA triggers an automatic stay of the challenged prospective relief. 18 U.S.C. § 3626(e)(2). The stay begins 30 days after the motion's filing date and continues until the Court rules on the motion. *Id.* The

Court, however, may postpone the stay for "not more than 60 days for good cause." *Id.* § 3626(e)(3).

Hinds County filed its motion to terminate on January 21, 2022. Docket No. 111. In it, the County requested that the Court consolidate the PLRA evidentiary hearing with a Civil Contempt hearing already scheduled for February 14, 2022. Docket No. 112 at 6 n. 9. This Court allotted the Parties an additional week to accommodate Hinds County's request. The automatic stay, however, is presently scheduled to begin on February 20, 2022, *i.e.,* in the middle of the proceedings to hear this very motion. Thus, the United States argues that good cause exists to postpone the stay for another 60 days. The County does not oppose the postponement.

As to good cause, the United States points to "(1) the evidence of a current constitutional violation and resulting harm; and/or (2) the complexity of the issues that Defendants' termination motion involves." Docket No. 114 at 32. Citing the ongoing coronavirus pandemic, the County responds that it "takes no position as to whether 'good cause' exists to extend the automatic stay." Docket No. 116 at 20.

The PLRA does not define good cause. Rather, it simply provides that "[n]o postponement shall be permissible because of general congestion of the court's calendar." 18 U.S.C. § 3626(e)(3). The Supreme Court, however, has described the "'good cause' standard" as "relatively generous." *Miller v. French*, 530 U.S. 327, 340 (2000).

Most district courts to consider the issue have required a simple showing of some "evidence of ongoing constitutional violations." *Braggs v. Dunn*, No. 2:14-CV-601-MHT, 2020 WL 5735086, at *4-5 (M.D. Ala. Sept. 2020) (collecting cases). Other

courts employ a higher standard, demanding "demonstrated widespread disregard for the provision" of some constitutional right. *Merriweather v. Sherwood*, 235 F. Supp. 2d 339, 347 (S.D.N.Y. 2002). Courts generally decline to apply this more exacting inquiry, however. *See S.H. Reed*, No. 2:04-CV-1206, 2012 WL 13118333, at *3 (S.D. Ohio Dec. 28, 2012) ("Since the *Merriweather* standard appears to conflict with the plain language of the PLRA, this Court does not adopt it.").

Under either standard, the Court finds that this case qualifies for a 60-day postponement. The Monitoring Team's reports, the Court's Order to Show Cause [Docket No. 100], and the Court's visit to RDC on January 24, 2022 provide "a strong indication in the record that an ongoing constitutional violation persists." *Balla v. Idaho State Board of Correction*, No. 1:81-CV-1165-BLW, 2019 WL 9831023, at *1 (D. Idaho Mar. 28, 2019). Indeed, the existing record provides compelling evidence of multiple ongoing constitutional violations. *See* Docket No. 100. Such evidence warrants postponing the automatic stay. The complexity of the issues in this case also justifies postponement. *See Braggs*, 2020 WL 5735086 at *4

The approach of the District Court for the Middle District of Alabama in *Braggs* is instructive. In granting a 60-day postponement to the mandatory stay under the PLRA, the *Braggs* Court emphasized that

> The evidentiary burden on the plaintiffs to compose a defense of these orders, the breadth and complexity of the remedial relief on which the plaintiffs must now seek discovery, and the compressed schedule the PLRA sets forth—compressed further by the uncertainty regarding the intended scope of the defendants'

3

> motion—convince the court that the circumstances here meet the "relatively generous" good cause threshold of § 3626(e)(3).

2020 WL 5735086, at *2.

Similar factors weigh in favor of postponement in the present case. Indeed, the complexity of the underlying issues discussed above, as well as the need to allow the Court to fully consider the testimony offered during the February 2022 hearings, counsel in favor of postponing the stay.

Now, the County claims that the present hearing schedule affords insufficient time to present evidence on the issues. *See* Docket No. 121. The Court will rule on the County's motion to continue in due course. But, in consideration of these and other factors addressed above, the Court now finds that the full 90-day postponement of the automatic stay under the PLRA is warranted.

Accordingly, the mandatory stay under the PLRA is postponed until April 21, 2022.

**SO ORDERED**, this the 4th day of February, 2022.

s/ CARLTON W. REEVES
*United States District Judge*
