IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:16-CV-489-CWR-RHWR

HINDS COUNTY, ET AL.                                                                  DEFENDANTS

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION TO STRIKE PLAINTIFF'S EXPERTS**

### Introduction

Plaintiff served its Expert Disclosures on February 7, 2022, designating the Monitors[1] and Kathryn Bryan as non-retained experts (Exhibit 1). Plaintiff should be prohibited from calling anyone as an expert at the hearing scheduled to commence on February 14 for two reasons.

First, the Monitors and Ms. Bryan are not non-retained experts, and allowing the Monitors to testify as non-retained experts designed by Plaintiff calls the Monitor's autonomy into serious question.

Second, the Monitors and Ms. Bryan should not be permitted to testify as experts because Plaintiff did not adequately disclose their opinions. Even assuming the Monitors and Ms. Bryan are actually non-retained experts, FRCP 26(a)(2)(C) requires that the disclosure of non-retained experts must include (i) the subject matter on which the witness is expected to present evidence, and (ii) a summary of the facts and opinions to which the witness is expected to testify. Plaintiff's Expert Disclosure does not comply with this standard.

---

[1] Elizabeth Simpson, Dr. Richard Dudley, Jim Moeser, and David Parrish.

I.      **Plaintiff's Experts Are Not Non-Retained Experts.**

Plaintiff designated five individuals as non-retained experts – *i.e.*, Elizabeth Simpson, Dr. Richard Dudley, Jim Moeser, and David Parrish (collectively "the Monitors"), as well as Kathryn Bryan.[2] Plaintiff alleges that the credentials of the Monitor and her three team members "have been previously disclosed to Defendants, who agreed to their appointment."[3] Plaintiff provided no citation for its claim that Defendants "agreed to their appointment."[4]

There is a line between retained and non-retained experts, but it is not the brightest of lines. "While a retained expert is recruited to provide expert testimony without any prior, personal knowledge of the facts giving rise to the litigation, a non-retained expert's testimony 'arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation.'" *Ferrara Land Mgmt. Mississippi, LLC v. Landmark American Ins. Co.*, 2021 WL 4819461 at *2 (S.D. Miss. July 19, 2021) (citations omitted).

While the Monitors do have "ground-level involvement" in making **factual** determinations regarding compliance, nothing in the Consent Decree authorizes them to offer **expert** opinion testimony. Allowing the Monitors to offer expert opinion testimony exceeds the scope of their duties under the Consent Decree.

Moreover, the Court has noted that "[t]he decree speaks to the 'autonomy of the monitor' in that 'neither the County nor the United States, nor any of their employees or agents, may have

---

[2] Exh. 1, Plaintiff's Expert Disclosures, p. 1.
[3] Exh. 1, Plaintiff's Expert Disclosures, p. 1.
[4] On August 18, 2016, the parties filed a Memorandum in Support of Joint Motion to Appoint Ms. Simpson as the Monitor (ECF 10). The parties agreed that "[h]er legal training and practical experience give her the types of skills needed for this position, which include the ability to organize and analyze information involving different, complex subject areas; an understanding of jail and criminal justice issues; the ability to provide helpful technical assistance; and good writing and oral communication skills" (ECF 10, 2). In its Expert Disclosure, Plaintiff alleges that Ms. Simpson's "subject matter expertise includes prisoner re-entry and discharge, detainee complaint an grievance procedures, criminal justice coordination programs, and community corrections" (Exh. 1, p. 2). No such expertise is mentioned in the Memorandum filed as ECF 10. Indeed, that Memorandum says nothing at all about Ms. Simpson being an expert in any field.

2

any supervisory authority over the Monitor.'"  (ECF 130, Order, p. 5).  Allowing Plaintiff to designate the Monitors as its non-retained experts calls the Monitors' autonomy into question.

## II. The Opinions Of Plaintiffs' Experts Have Not Been Disclosed.

Even if the Court finds that Plaintiff's experts are non-retained experts, their opinions have not been sufficiently disclosed.  FRCP 26(a)(2)(C) requires that the disclosure of non-retained experts must include (i) the subject matter on which the witness is expected to present evidence, and (ii) a summary of the facts and opinions to which the witness is expected to testify.  Plaintiff's Expert Disclosure does not comply with this standard.

With respect to the Monitors, Plaintiff's Expert Disclosure says that Ms. Simpson "will testify about facts and opinions previously disclosed in her fifteen monitoring reports and an interim report,"[5] and that Messrs. Parrish and Moeser and Dr. Dudley "will testify about facts and opinions previously disclosed in the monitoring reports."[6]  The Monitors can testify regarding facts about which they have personal knowledge, but merely stating that the Monitors will testify about the "opinions previously disclosed in the monitoring reports" is not a summary of the opinions to which the witness is expected to testify.

 It is not at all clear what Plaintiff deems to be fact vs. opinion in the monitoring reports, so we electronically searched all fifteen monitoring reports for the word "opinion."  To the extent an opinion, as opposed to a factual finding, is contained in a monitoring report, it was not identified as an "opinion" except in two instances.  The Fifth Monitoring Report states the following:  "It is the opinion of the monitoring team that there is still inadequate information about the extent of COVID-19 infection at the facility, and that efforts to control the spread of the virus are

---

[5] Exh. 1, Plaintiff's Expert Disclosures, p. 2.
[6] Exh. 1, Plaintiff's Expert Disclosures, pp. 2-4.

3

inadequate."[7]  The Fourteenth Monitoring Report states the following: "The current projection is that this will be enough staff even once the Mental Health Unit (MHU) is opened, but it is the opinion of the mental health expert on the Monitoring Team that this projection should be viewed as subject to change once the clinical treatment program for the MHU is finalized and the real number of extremely unstable detainees is determined."[8]

That Defendants must conduct word searches of the monitoring reports to find the "opinions" Plaintiff purports to have disclosed establishes that Plaintiff's expert disclosures are inadequate.  Indeed, the wholesale reference to a voluminous report does not suffice as a FRCP 26(2)(A)(C) summary of opinions or facts as to which an expert will testify.  *Cooper v. Meritor, Inc.*, 2018 WL 15130006 at *3 (N.D. Miss. March 3, 2018) (citation omitted). Here, there are fifteen voluminous reports at issue, not merely one.  A party may not "refer to other documents, even deposition testimony, as a substitute for the summary required by Rule 26." *Id*. (citation omitted).  Plaintiff has basically told Defendants that the expert opinions Plaintiff intends to elicit from the Monitors are buried in a series of fifteen voluminous monitoring reports.  That is an inadequate expert disclosure under Rule 26 and the case law.

Plaintiff's disclosure regarding Kathryn Bryan is even more deficient than its disclosures regarding the Monitors.  Plaintiff asserts that Ms. Bryan "will testify about facts and opinions developed in the course of her work at the Jail and her personal observations."[9]  That statement wholly fails to disclose a summary of Ms. Bryan's opinions, nor does it really even disclose the subject matter on which she is expected to present evidence.

---

[7] ECF 75, Fifth Monitoring Report, p. 5.
[8] ECF 95, Fourteenth Monitoring Report, p. 41.
[9] Exh. 1, Plaintiff's Expert Disclosures, p. 5.

Where, as here, the disclosure requirements of FRCP 26(2)(A)(C) have not been met, courts consider four factors in determining whether to strike a witness under FRCP 37(c)(1): (1) the importance of the witness' testimony, (2) the prejudice to the opposing party of allowing the testimony, (3) the possibility of curing the prejudice by a continuance, and (4) the explanation for the party's failure to comply with the discovery order. *Cooper*, 2018 WL 1513006 at *3.

The Monitors are important witnesses, but even if they are stricken as experts, they can still testify as fact witnesses. In a recent case in the Southern District, a party designated Tom Sawyer as a non-retained expert. *Ferrara Land Mgmt.*, 2021 WL 4819461 at *6. The Court found that disclosure of Sawyer's opinions was inadequate and limited his testimony "to his personal knowledge of or involvement in the application process in this case, which means he may testify as a fact witness only, rather than as an expert witness." *Id.* at *7. This Court should do the same here and limit the Monitors and Ms. Bryan to testifying as fact witnesses only.

Defendants would be extremely prejudiced if the Monitors and Ms. Bryan were permitted to testify as experts because their purported opinions have not been disclosed and depositions were not allowed. Defendants filed a motion on February 2, 2022, which sought, among other things, to depose the Monitors (ECF 121). On February 7, 2022, Plaintiff made its Expert Disclosures. On February 8, 2022, the Court entered an Order which denied Defendants' request to depose the Monitors (ECF 130). FRCP 26(a)(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." But the Notice of Service of Expert Disclosures that Plaintiff filed on February 7 (ECF 129) did not identify Plaintiff's experts, so the Court did not know that Plaintiff had designated the Monitors as experts when the Court denied Defendants' request to depose the Monitors on February 8.

5

The prejudice could be cured by granting a continuance and allowing Defendants to depose the Monitors and Ms. Bryan, but the Court very recently denied Defendants' motion for a continuance and to depose the Monitors. Defendants are not asking the Court to revisit the continuance issue, but instead urge the Court to strike the Monitors and Ms. Bryan as experts. If that is not done, then FRCP 26(a)(b)(4)(A) plainly allows them to be deposed.

On February 2, 2022, the Court entered a Text-Only Order which set a deadline of February 7 for the parties "to exchange the identity of any expert witnesses and written reports in accordance with Fed, R. Civ. P. 26(a)(2)." Plaintiff attempted to maneuver around the written report requirement by cleverly designating the Monitors and Ms. Bryan as non-retained experts; however, Plaintiff's disclosures do not comply with even the disclosure requirements for non-retained experts. Plaintiff has offered no explanation for its failure to comply with the Court's order or with the Rule 26 expert disclosure requirements. Uniform Local Rule 26(a)(2)(D) provides that no written report is required from a non-retained expert, "but the party must disclose the subject matter on which the witness is expected to present evidence under Fed.R.Evid. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify." In this case, Plaintiff did not do so. Uniform Local Rule 26(a)(2) states that "[a]bsent a finding of just cause, failure to make full expert disclosure by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial." No just cause exists for Plaintiff's failure to make full expert disclosures, so Plaintiff should not be permitted to elicit expert opinion testimony from the Monitors or Ms. Bryan.

## Relief Requested

For these reasons, the Monitors and Kathryn Bryan should not be permitted to testify as experts at the hearing scheduled to commence on February 14, 2022.

Dated:  February 9, 2022.

                Respectfully submitted,

                **PHELPS DUNBAR, LLP**

BY:  */s/ James W. Shelson*
      Reuben V. Anderson, MB #1587
      W. Thomas Siler, Jr., MB #6791
      James W. Shelson, MB #9693
      Nicholas F. Morisani, MB #104970
      4270 I-55 North
      Jackson, Mississippi 39211-6391
      Post Office Box 16114
      Jackson, Mississippi  39236-6114
      Telephone: 601-352-2300
      Telecopier: 601-360-9777
      Email:  reuben.anderson@phelps.com
            tommy.siler@phelps.com
            jim.shelson@phelps.com
            nick.morisani@phelps.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that on February 9, 2022, I had this Memorandum electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter.

                */s/ James W. Shelson*
                James W. Shelson