IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | )  CIVIL NO.: 3:16-CV-00489-CWR-RHWR |
| HINDS COUNTY, et al., | ) |
| Defendants. | ) |

**UNITED STATES' RESPONSE TO DEFENDANTS' MOTION
TO STRIKE UNITED STATES' EXPERTS**

The United States submits this Response opposing Defendants' Motion to Strike Plaintiff's Experts, ECF Nos. 134 (Mot.) & 135 (Def. Br.).  Defendants seek to prevent this Court's Monitors and their own former Jail Administrator from offering expert opinions at the hearing.  They claim the Court's Monitors and their former Jail Administrator are not experts, and that the United States' expert disclosures did not adequately disclose their opinions.  ECF No. 134 at 1.

This Court should deny the motion to strike because:  (1) the Court's Monitors and Defendants' former Jail Administrator are experts; and (2) the United States' disclosures gave adequate notice of their expected testimony and opinions.

**I.      ARGUMENT**

**A.   The Court's Monitors and Defendants' Former Jail Administrator are Experts.**

Defendants first claim that the Court's Monitors and Jail Administrator are "Not Non-Retained Experts."  ECF No. 135 at 2-3.  Defendants hint that these witnesses should have

provided a formal written expert report pursuant to Rule 26(a)(2)(B). ECF No. 135 at 7 (claiming an "attempt[ ] to maneuver around the written report requirement by cleverly designating the Monitors and Ms. Bryan as non-retained experts"). But Rule 26(a)(2)(B) requires a written report only for experts specifically "retained" to provide expert testimony in the case. The Court's Monitors and Defendants' former Jail Administrator fall outside this category because the United States has not retained these experts for any purpose, much less retained them to provide expert testimony in this case.[1] *See* Consent Decree, ECF No. 8-1 at ¶ 140 ("Neither the County nor the United States . . . may have any supervisory authority over the Monitor's activities, reports, findings, or recommendations.").

Rather, they are the Court's Monitors and Defendants' former employee who are subject-matter experts and who have first-hand knowledge of Defendants' actions (or inaction) through their regular employment. Their regular employment, rather than the United States' retention, provides the basis for their highly relevant expert opinions and related evidence at the hearing. To the extent any expert disclosure is necessary for the Monitors, the disclosure would be pursuant to Rule 26(a)(2)(C)'s category of non-retained experts who need not provide a written report.

Defendants' main argument submits that "nothing in the Consent Decree authorizes [the Monitors] to offer **expert** opinion testimony." ECF No. 135 at 2. The Court, however, has repeatedly confirmed that the Monitors' responsibilities include using their subject-matter expertise. First Order of Contempt, ECF No. 126 at 18 ("In this [contempt] inquiry the Court

---

[1] Indeed, Defendants are the only Party that has paid these witnesses for services, as a former employee and pursuant to the Consent Decree. *See* Consent Decree, ECF No. 8-1 at ¶¶ 138 & 141.

primarily relies upon the reports of the Monitoring Team, the subject-matter experts recommended by the parties and charged by Judge Barbour with being the eyes and ears of the Court."); *accord* Order [Deny Defs. Mot. Continue], ECF No. 130 at 5 ("In this case, the Monitoring Team consists of subject-matter experts recommended by the parties and charged by Judge Barbour with being the eyes and ears of the Court.").

The Court has also confirmed their duties extend to providing expert technical assistance. *See* First Order of Contempt, ECF No. 126 at 5 ("A Monitoring Team was also established . . . [t]hey are subject-matter experts in corrections, corrections operations, juvenile justice, and corrections mental health, respectively.  The Monitors began to provide technical assistance, conduct regular site visits, and serve as the eyes and ears of the Court.").  And this Court's remedial orders require the Monitors to use their expertise to comment on and approve policies and procedures.  *See* Consent Decree, ECF No. 8-1 Part VI; Stipulated Order, ECF No. 60-1 at 2. Given these subject-matter expert duties, and that the Consent Decree specifically contemplates that the Monitors may testify, ECF No. 8-1 at ¶ 153, this Court should find the Monitor's duties include providing expert testimony.[2]

Additionally, while Defendants did not make this argument against their former Jail Administrator, Major Kathryn Bryan, the Consent Decree also sets the bar for expert qualifications of the Jail Administrator and the basis for offering expert opinions related to her employment.  Defendants hired Ms. Bryan pursuant to paragraph 38, which required them hire a "qualified Jail Administrator . . . with substantial education, training and experience in the

---

[2] Defendants also make the argument that letting the Monitors testify as experts will bring their "autonomy" into question.  ECF No. 135 at 2-3.  This Court has already rejected this argument in finding no issue with the United States preparing the Monitors for their upcoming testimony. ECF No. 130 at 8-9.

3

management of a large jail, including at least five years of related management experience." ECF No. 8-1 at ¶ 38. Defendants also have made representations to this Court regarding her expert qualifications. *See* First Order of Contempt, ECF No. 126 at 9 n.1 (recounting Sheriff's statement that "there's no need in having Michael Jordan on your team if you're not going to let him shoot the ball"); Defs. Resp. Order Show Cause, ECF 105 at 2 (explaining Defendants "hired Major Kathryn Bryan, an experienced, professional detention administrator").

### B. The United States Gave Adequate Notice of These Experts' Expected Testimony and Opinions.

While the United States was unsure whether any expert disclosure was required for the Court's Monitors, out of an abundance of caution the United States designated them as non-retained experts pursuant Rule 26(a)(2)(C). That Rule does not require a written report, but rather only a disclosure that relays the "subject matter" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Defendants complain that the United States' disclosure does not sufficiently disclose the non-retained experts' opinions. ECF No. 135 at 3-4. No controlling case law in the Fifth Circuit exists regarding the level of detail this Rule 26(a)(2)(C) disclosure needs. And the United States found no federal cases dealing with disclosures for a court's monitor testifying as a non-retained expert. The Rule's advisory committee notes, however, explain the required disclosure is "considerably less extensive than the report required by Rule 26(a)(2)(B)." Fed. R. Civ. P. 26 Advisory Committee Notes (2010). The notes further caution that "Courts must take care against requiring undue detail." *Id.* The level of detail should also reflect that "[t]he basic purpose of Rule 26 is to prevent prejudice and surprise." *Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 Fed. App'x. 444, 446 (5th Cir. 2013).

Here, the United States' disclosures gave the subject matters of each Monitor's testimony, and included that they are expected to give testimony about "ongoing monitoring activities, both as an expert and [their] personal factual observations," "Defendants' compliance with the court's orders," and "Defendants' lack of planning and progress in coming into compliance with court orders." *E.g.*, ECF No. 134-1 at 2 (Monitor Simpson).

The United States believed this notified Defendants that the Monitors' major opinions were that Defendants were not complying with the Court's orders. The disclosures also specifically explained that the Monitors would testify about "facts and opinions previously disclosed in [the] fifteen monitoring reports and an interim report." *E.g.*, ECF No. 134-1 at 2 (Monitor Simpson). This reference to the Monitor's Reports, which evaluate and detail Defendants' non-compliance with the Consent Decree, should have cleared up any purported confusion. Moreover, these detailed Monitoring Reports are akin to the formal written reports for retained experts under Fed. R. Civ. P. 26(a)(2)(B).

For Defendants' former Jail Administrator, the disclosure gives the subject matter of her testimony, and explains that Major Bryan is expected to testify "about facts and opinions developed in the course of her work at the Jail and her personal observations [and] will testify about the Defendants' compliance efforts, barriers to reform, planning, and leadership." ECF No. 134-1 at 8. Similar to the Monitors, the United States thought it plain that Major Bryan's opinions were that Defendants' compliance efforts and other actions were lacking, given the circumstances and documentation of her resignation from her position as Jail Administrator. To the extent they were not clear, the United States submits that Major Bryan is expected to testify that Defendants have not met the requirements of the Consent Decree, including their obligations with respect to the Decree's requirements regarding the role of the qualified jail administrator;

that Defendants resisted her efforts at compliance with the Consent Decree and minimally necessary jail requirements; that Defendants' decisions undermined her personnel authority and jeopardized Jail safety and security; and that barriers to compliance persist within the County and will continue to impede progress in addressing significant deficiencies in major areas of the Consent Decree such as staffing, detainee supervision, training, and physical plant/life safety requirements.[3] To the extent that any of the above is not fact witness testimony, the United States intends to offer the testimony as expert testimony.

Overall, the United States maintains its non-retained expert disclosures provided sufficient notice of these experts' opinions. Even assuming *arguendo* some lack of clarity, Defendants should suffer no prejudice. Major Bryan is their former employee, and they thus should be well aware of her opinions on their compliance efforts. Defendants also have fifteen detailed Monitoring Reports and an Interim Report containing the Monitors' evaluations and opinions on Defendants' compliance with the Consent Decree. Defendants presumably should be intimately familiar with these Reports' contents, and cannot credibly claim any surprise that the Monitors' opinions are that Defendants are not substantially complying with the vast majority of the Decree's provisions. !

## II.   CONCLUSION

For the reasons above, this Court should deny Defendants' Motion to Strike, ECF No. 134.

---

[3] The United States also describes Major Bryan's anticipated testimony in multiple proposed findings of fact in the United States' Proposed Findings of Fact and Conclusions of Law, ECF No. 138.

Respectfully submitted,

| | |
|---|---|
| DARREN J. LaMARCA<br>United States Attorney<br>Southern District of Mississippi | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division<br><br>STEVEN H. ROSENBAUM<br>Chief<br>Civil Rights Division<br>Special Litigation Section |
| MITZI DEASE PAIGE (MS #6014)<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>Southern District of Mississippi<br>501 E. Court Street – Ste. 4.430<br>Jackson, MS 39201<br>MPaige@usa.doj.gov<br>(601) 973-2840<br>(601) 965-4409 (fax) | LAURA L. COWALL (DC #481379)<br>Deputy Chief<br>laura.cowall@usdoj.gov<br>(202) 514-1089<br>(202) 514-0212 (fax)<br>/s/ *Christopher N. Cheng*<br>CHRISTOPHER N. CHENG (PA #69066)<br>Trial Attorney<br>christopher.cheng@usdoj.gov<br>(202) 514-8892<br>(202) 514-4883 (fax)<br><br>SARAH STEEGE<br>Trial Attorney<br>sarah.steege@usdoj.gov<br><br>HELEN VERA<br>Trial Attorney<br>helen.vera@usdoj.gov<br>United States Department of Justice<br>Civil Rights Division<br>Special Litigation Section<br>150 M Street, N.E.<br>Washington, DC 20002 |

DATED:       February 11, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that on February 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

          */s/ Christopher N. Cheng*
          CHRISTOPHER N. CHENG (PA #69066)
          Attorney for the United States
          United States Department of Justice
          Civil Rights Division, Special Litigation Section
          150 M Street, N.E.
          Washington, DC 20002