IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO. 3:16-CV-489-CWR-RHWR |
| **HINDS COUNTY, ET AL.** | **DEFENDANTS** |

**DEFENDANTS' REBUTTAL MEMORANDUM IN SUPPORT
OF MOTION TO STRIKE PLAINTIFF'S EXPERTS**

**Introduction**

The Monitors and Kathryn Bryan should not be permitted to testify as experts because they are not non-retained experts and, even if the Court disagrees and finds they are non-retained experts, their opinions were not disclosed in compliance with the standards of FRCP 26(a)(2)(C). In addition, allowing the Monitors to testify as Plaintiff's experts eviscerates the Monitor's autonomy.

**I.     Plaintiff's Experts Are Not Non-Retained Experts.**

Plaintiff designated five individuals as non-retained experts – *i.e.*, Elizabeth Simpson, Dr. Richard Dudley, Jim Moeser, and David Parrish (collectively "the Monitors"), as well as Kathryn Bryan. Plaintiff keeps repeating that the Monitors have been appointed as subject-matter experts by Judge Barbour.[1] Ms. Simpson has been appointed by Court order,[2] but Plaintiff has not identified a Court order that appoints Dr. Dudley and Messrs. Moeser and Parrish. Either there is a Court order of record appointing Dr. Dudley and Messrs. Moeser and Parrish as Monitors, or there is not. If there is not, then they have not been appointed as Monitors, let alone appointed in compliance with the Consent Decree.

---

[1] ECF 142, Plaintiff's Response to Defendants' Motion to Strike, p. 2.
[2] ECF 11, Order. The Order appointing Ms. Simpson approves her "as the Monitor in this case." It says nothing about Ms. Simpson being a subject-matter expert.

Plaintiff states that the Court has confirmed that the Monitors' "duties extend to providing expert technical assistance," but that is misleading.[3] Paragraph 155 of the Consent Decree is the only provision of the Consent Decree which addresses the authority to the Monitors to provide technical assistance. It reads as follows: "The Monitor will provide the County with technical assistance as reasonably requested. Technical assistance requests must not interfere with the Monitor's independence and ability to assess compliance."[4] Paragraph 155 refers to "technical assistance" not "expert technical assistance." Under paragraph 155, the Monitors may provide technical assistance only if the County requests that they do so, and even then the Monitors may decline the request if they find that it is unreasonable or that it interferes with their independence and ability to assess compliance.

Plaintiff alleges that the Consent Decree authorizes the Monitors to give expert testimony, but Plaintiff fails to cite the provision of the Decree which allegedly does so. Paragraph 139 of the Consent Decree states in pertinent part the following: "The Monitor only has the duties, responsibilities, and authority conferred by this Agreement."[5] The word "only" is a limitation, not an expansion. The only paragraph of the Consent Decree that addresses the authority of the Monitors to provide expert testimony is paragraph 153. That paragraphs says this: "The mere fact that the Monitor provides expert opinion or consulting services regarding civil rights or institutional reform does itself constitute a conflict [with the Monitor's duties in this case], where such opinion or services are provided in another jurisdiction."[6] Although the Consent Decree allows the Monitors to testify as experts or consultants **in other jurisdictions**, it contains no such provision authorizing them to testify as experts in this case.

---

[3] ECF 142, Plaintiff's Response to Defendants' Motion to Strike, p. 3.
[4] ECF 8-1, Consent Decree, ¶ 155.
[5] ECF 8-1, Consent Decree, ¶ 139.
[6] ECF 8-1, Consent Decree, ¶ 153.

2

Plaintiff argues that this Court has already rejected the argument that letting the Monitors testify as experts will bring their autonomy into question because the Court found there is "no issue with the United States preparing the Monitors for their upcoming testimony."[7]  This, too, is misleading, because there is no indication in the record that the Court knew that Plaintiff had designated the Monitors as Plaintiff's experts when the Court found that there is "no issue with the United States preparing the Monitors for their upcoming testimony."

Moreover, either Plaintiff asked the Monitors and Kathryn Bryan to testify as its experts, or it did not.  Likewise, either the Monitors and Kathryn Bryan agreed to testify as Plaintiff's experts, or they did not.  If they did not, then that should end the inquiry and they should not be permitted to testify as experts.  On the other hand, if the Monitors did agree to testify as Plaintiff's experts, than that is a problem because the Monitors thereby aligned themselves with a party.[8]  An expert for a party is not independent or autonomous.

Plaintiff incorrectly claims that the Monitors and Kathryn Bryan are non-retained experts because Plaintiff is not paying them.  A person can testify as an expert without compensation if he or she wishes to do so, but that does not control whether the witness is a retained or non-retained expert under Rule 26.  If the Monitors agreed to testify as Plaintiff's experts without compensation, that hardly is illustrative of the Monitors' autonomy.  It may be altruistic, but it is not autonomous.[9]

---

[7] ECF 142, Plaintiff's Response to Defendants' Motion to Strike, p. 3.

[8] *Compare* ECF 8-1, Consent Decree, ¶ 155 (providing that technical assistance requests must not interfere with the Monitor's independence).

[9] It may not even be altruistic because, as Plaintiff notes, the Consent Decree requires the County to pay the Monitors for their time.  If the Court permits the Monitors to testify as Plaintiff's experts, it should not permit the Monitors to bill the County for their time and costs associated with preparing for and testifying at the hearing scheduled to commence on February 14, 2022.  Any claim that Plaintiff is calling the Monitors as the Court's experts falls flat.  First, Plaintiff has no authority to call experts on the Court's behalf.  Second, Plaintiff designated the Monitors and Ms. Bryan as its experts, not the Court's.

## II.     The Opinions Of Plaintiff's Experts Have Not Been Disclosed.

Plaintiff's Response digs the hole of inadequate disclosure much deeper.  Plaintiff first claims that it was unsure whether **any** expert disclosure was necessary.  Plaintiff next claims that its Expert Disclosures disclose the subject matter of each Monitor's testimony, but Rule 26 requires the disclosure of the subject matter on which the witness is expected to present evidence, **and** a summary of the facts and opinions to which the witness is expected to testify.  Plaintiff has nowhere disclosed a summary of any opinion that any Monitor is going to give about any subject matter.  Plaintiff is essentially claiming that anything in any of the Monitoring Reports is an adequate summary of the opinions that the Monitor or her team intend to offer at trial.  That is not the law.  The wholesale reference to a voluminous report does not suffice as a FRCP 26(2)(A)(C) summary of opinions or facts as to which an expert will testify.  *Cooper v. Meritor, Inc.*, 2018 WL 15130006 at *3 (N.D. Miss. March 3, 2018) (citation omitted).  Similarly, referring to other documents, even deposition testimony, is not a substitute for the summary required by Rule 26.  *Id.* (citation omitted).  Plaintiff cites no authority to the contrary.

Plaintiff's disclosures regarding Ms. Bryan are even thinner than its disclosures regarding the Monitor.  Pages 5 and 6 of Plaintiff's Response (ECF 142) contain a long list of the subject matters (not disclosed in Plaintiff's Expert Disclosures) on which Ms. Bryan will allegedly offer expert opinions.  At most, Plaintiff is attempting to cure its inadequate Expert Disclosures by "supplementing" them it its Response, but Plaintiff still has not disclosed a summary of the opinions Ms. Bryan intends to offer.[10]  For example, Plaintiff claims that Ms. Bryan is expected to testify about Defendants' "obligations with respect to the Decree's requirements regarding the role

---

[10] Plaintiff's 100-page Proposed Findings of Fact and Conclusions of Law (ECF138), which was filed four days **after** it served its Expert Disclosures, does not contain an adequate disclosure of Ms. Bryan's expert opinions, as it does not identify or provide a summary of any opinions at all.

4

of the qualified jail administrator."[11] This post-disclosure "disclosure" is inadequate for at least two reasons. First, there is no summary of Ms. Bryan's opinions regarding Defendants' "obligations with respect to the Decree's requirements regarding the role of the qualified jail administrator." Second, Defendants' "obligations with respect to the Decree's requirements" calls for a legal conclusion that can be made only by the Court.

Plaintiff seemingly believes that if a witness is a subject-matter expert, then the witness can testify as an expert without more. That plainly is not the law. A subject-matter expert cannot testify as an expert unless his or her opinions are disclosed in a manner that satisfies the requirements of Rule 26. Here, Plaintiffs Expert Disclosures do not satisfy the disclosure requirements of Rule 26. Since they do not, there is no need to discuss *Daubert*.

Plaintiff also seems to be under the mistaken impression that if the Monitors are not permitted to testify as experts, then they cannot testify as to the findings in their reports. That is not and has never been Defendants' position. The Consent Decree requires the Monitoring Reports to contain "the factual basis for each of the Monitor's findings."[12] The Monitors can testify as fact witnesses regarding their factual findings and the factual basis for those findings, but they cannot offer expert opinion testimony about their findings because (i) the Consent Decree does not allow them to do so, and (ii) they have not disclosed a summary of the opinions they may offer regarding their findings.

**Relief Requested**

The Monitors and Kathryn Bryan should not be permitted to testify as experts at the hearing scheduled to commence on February 14, 2022.

Dated: February 12, 2022.

---

[11] ECF 142, Plaintiff's Response to Defendants' Motion to Strike, p. 3.
[12] ECF 8-1, Conset Decree, ¶ 150.d.

5

        Respectfully submitted,

        **PHELPS DUNBAR, LLP**

     BY: */s/ Nicholas F. Morisani*
       Reuben V. Anderson, MB #1587
       W. Thomas Siler, Jr., MB #6791
       James W. Shelson, MB #9693
       Nicholas F. Morisani, MB #104970
       Loden P. Walker, MB #105996
       4270 I-55 North
       Jackson, Mississippi 39211-6391
       Post Office Box 16114
       Jackson, Mississippi  39236-6114
       Telephone: 601-352-2300
       Telecopier: 601-360-9777
       Email: reuben.anderson@phelps.com
          tommy.siler@phelps.com
          jim.shelson@phelps.com
          nick.morisani@phelps.com
          loden.walker@phelps.com

     **ATTORNEYS FOR DEFENDANTS**

6

PD.36726541.1

**CERTIFICATE OF SERVICE**

  I certify that on February 12, 2022, I had this Rebuttal electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter.

                    */s/ Nicholas F. Morisani*
                    Nicholas F. Morisani