

_____

No. 3:16-CV-489-CWR-RHWR

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

HINDS COUNTY, ET AL.

*Defendants.*

_____

ORDER

_____

Before CARLTON W. REEVES, *District Judge*.

The United States has moved *in limine* to admit the monitoring reports of the Court-appointed Monitor, Elizabeth E. Simpson, at the February 14 evidentiary hearing. Docket No. 117. The County timely opposed the motion. Docket No. 131. The Court finds that the motion is well-taken and due to be granted.

## I.  Introduction

The United States Department of Justice brought this action to end unconstitutional conditions of confinement at Hinds County's Raymond Detention Center (RDC). In 2016, Hinds County's Board of Supervisors promised to fix the problems by agreeing to a Consent Decree. In 2020, facing the threat of being held in contempt of court, the Board of Supervisors again promised to fix the problems by agreeing to a Stipulated Order.

Hinds County filed its motion to terminate the Consent Decree on January 21, 2022. Docket No. 111. In it, the County requested that the Court consolidate a PLRA evidentiary hearing with a Show Cause hearing already scheduled for February 14, 2022. Docket No. 112 at 6 n.9. This Court heeded the parties' wishes and extended the scheduled hearing by an additional week to hear evidence on both the Order to Show Cause and the PLRA motion.

The present motion followed. In it, the parties dispute whether the monitoring reports are relevant. And though they agree that the reports constitute hearsay, they disagree about whether the reports qualify for admissibility under the hearsay exception for business records, public records, or statements supported by sufficient guarantees of trustworthiness.

## II.  Law

The primary rule of evidence is that it must be relevant. Federal Rule of Evidence 401 instructs that evidence is relevant if it has "any tendency" to make a fact "of consequence" to the action "more or less probable[.]" And relevant evidence is generally admissible unless the United States Constitution,

2

federal law, or another rule of evidence counsels otherwise. Fed. R. Evid. 402.

Hearsay, one of the rules that may counsel otherwise, is a statement, written or otherwise, that: (1) "the declarant does not make while testifying at the current trial or hearing"; and (2) "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Yet, there are several exceptions to hearsay. None of which the Court need rely on today.

### III.   Discussion

As a preliminary matter, this is not the first time the parties have considered the issue of the monitoring reports' admissibility. In their joint motion for entry of a stipulated order, the parties agreed "that the Court may rely upon the entire record in these proceedings, including, but not limited to, previously filed monitor reports." Docket No. 54 at 2. In accordance with this agreement, the monitoring reports are admissible as to the contempt proceedings.

The question remains whether the monitoring reports are also admissible as to the PLRA proceedings. The parties brief the applicability of several hearsay exceptions, but this is a bench hearing and "rules of evidence relating to admission and exclusion" are "intended primarily for the purpose of withdrawing from the jury matter which might improperly sway the verdict, and not for the trial judge, who is presumed to act only upon proper evidence[.]" *United States v. Compania Cubana De Aviacion*, 224 F.2d 811, 820 (5th Cir. 1955) (quoting *MacDonell v. Capital Co.*, 130 F.2d 311, 318 (9th Cir. 1942)). Accordingly, "[s]trict evidentiary rules of admissibility are generally relaxed" in bench proceedings. *Nelton v. Cenac Towing*

*Co., LLC*, Civil Action No. 10-373, 2010 WL 4702373 (E.D. La. Nov. 12, 2010) (quoting *Moorhead v. Mitsubishi Aircraft Intern., Inc.*, 828 F.2d 278, 287 (5th Cir. 1987)). The Court "may rely on otherwise inadmissible evidence, including hearsay evidence[.]" *Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993).[1]

Thus, concerns about hearsay, hearsay-within-hearsay, and their exceptions are taken into account when determining the weight the evidence should be afforded, rather than admissibility. *See In re Antill Pipeline Const. Co., Inc.*, No. 09-3646, 2013 WL 263510, at *2 (E.D. La. Jan. 23, 2013). In this case, however, the weight afforded to the reports has already been considered and decided by the parties. *See* Consent Decree, Docket No. 8-1, ¶ 150 (parties stipulating that the "[f]indings in the Monitor's reports will be considered persuasive, but rebuttable, in Court.").

That leaves whether the reports are relevant. Hinds County argues that all 15 reports are not relevant because "[t]he first substantive prong of 18 U.S.C. § 3626(b)(3)"—a select portion of the PLRA statute—"particularly scrutinizes whether there are 'current and ongoing' violations of a federal right." Docket No. 131 at 10.

---

[1] In the alternative, the monitoring reports are admissible under Fed. R. Evid. 807(a), which permits hearsay statements if "supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement" and it "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Hinds County's argument that DOJ is unable to satisfy the notice requirement is unpersuasive.

That is true, but the full text of 18 U.S.C. § 3626(b)(3) is reproduced here:

> Prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

Pursuant to the statute, the United States alleges that one of the federal rights that the County is violating is the Eighth Amendment's guarantee from cruel and unusual punishment. *See* Docket No. 114 at 8-9. To establish an Eighth Amendment violation, the United States must show that (1) jail conditions subject prisoners to a substantial risk of serious harm, and (2) defendants are deliberately indifferent to that risk. *See id.* (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)).

In *Farmer*, the Supreme Court offered one way that all 15 monitoring reports may make a consequential fact "more or less probable."

> For example, if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it, then such evidence could be sufficient to permit

5

> a trier of fact to find that the defendant-official had actual knowledge of the risk.

*Id.* at 842-43. That is the case here.

This is but one example. And if, as the County has insisted, the United States must go through the 64-page consent decree, line-by-line, provision-by-provision, to exclude the monitoring reports would present "unjustifiable expense and delay" and undermine the Federal Rules of Evidence's goal of "ascertaining the truth and securing a just determination" in this matter. Fed. R. Evid. 102.

### IV.   Conclusion

For these reasons, the motion is granted.

**SO ORDERED**, this the 12th day of February, 2022.

s/ CARLTON W. REEVES
*United States District Judge*
