**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HINDS COUNTY, et al.,<br><br>Defendants. | Civil Action No.<br>3:16-cv-489-CWR-RHWR |

**INTERESTED PARTIES' MOTION FOR ACCESS TO EXHIBITS, TRANSCRIPTS, AND SECURE VIRTUAL ACCOMMODATION FOR CONSOLIDATED EVIDENTIARY HEARING ON ORDER TO SHOW CAUSE AND MOTION TO TERMINATE, OR ALTERNATIVELY MODIFY, CONSENT DECREE**

Interested parties, J.H. and Disability Rights Mississippi ("Henley-Young Plaintiffs"), *see* Order Granting Mot. for Status as Int. Parties, ECF No. 21 (granting class representatives in *J.H., et al. v. Hinds Cnty., Mississippi*, 3:11-cv-327-DPJ-FKB (S.D. Miss., June 1, 2011) ("Henley-Young case"), status as interested parties), move for access to the exhibits proffered by the United States and Hinds County; transcripts of the proceedings; and accommodations for virtual participation beginning the week of February 21, 2022, for the duration of the evidentiary hearing.

The Henley-Young case concerns the denial of the rights of children confined in Hinds County's youth detention facility. Henley-Young Plaintiffs are (1) a class of all children confined at the Henley-Young Juvenile Justice Center ("Facility");[1] and (2) Disability Rights Mississippi.[2]

---

[1] *See* Agreed Order Granting Approval of Settlement Agreement and Certifying a Settlement Class 2, Henley-Young case, Mar. 28, 2012, ECF No. 32 (defining the settlement class as all children who are currently, or who will in the future be, confined at Henley-Young).

[2] *See* Am. Compl. 12-13, Henley-Young case, Jun. 6, 2011, ECF No. 6. DRMS is Mississippi's federally-designated Protection and Advocacy system and Henley-Young is a covered facility. 42 U.S.C. §§ 10801 *et seq.*; 42 U.S.C. §§ 15001 *et seq.*

1

In 2011, Henley-Young Plaintiffs sued Hinds County ("County") alleging violations of residents' Eighth and Fourteenth Amendment rights and of federal laws protecting persons with disabilities.[3] Henley-Young Plaintiffs and the County entered into a Consent Decree in March of 2012. It was extended in April of 2014; amended and extended in March of 2016; amended and extended in March of 2018; amended and extended in April of 2019; and most recently extended in April 2021 for two years (*i.e.*, up to and including March 28, 2023).[4]

Since September 2017, the Facility has housed children criminally charged as adults – long term in pre-trial detention anywhere from a few weeks or months to two years – who are members of the Plaintiffs' class this case.[5] In a recent Order granting Henley-Young Plaintiffs' Motion for Clarification, *see* Order, Henley-Young case, Aug. 16, 2021, ECF No. 165,[6] it was reiterated that the 32-resident cap adopted by the Hinds County Board of Supervisors[7] applies to JCAs. Henley-Young Plaintiffs respectfully request access to the pertinent evidence presented in this case, the transcripts documenting the evidence presented,[8] and the ability to observe the ongoing proceedings remotely,[9] where the decisions in this case substantively impact compliance with the Consent Decree in the Henley-Young case.

---

[3] *Id*. at 19-21 (providing the causes of action, Counts I through V).

[4] The current consent decree is the Extended Third Amended Consent Decree, which is referred to as the "Consent Decree" and cited to as "Consent Decree." Ext. Third Am. Consent Decree ("Consent Decree"), Henley-Young case, Apr. 2, 2021, ECF No. 161.

[5] Plaintiffs in this case are also referred to as juveniles charged as adults ("JCAs").

[6] Attached as Exhibit A.

[7] The Resolution is incorporated in Consent Decree Provision 2.1. *See* Consent Decree at 5-6.

[8] The exhibits and transcripts for this evidentiary hearing will be relevant evidence for the current motions schedule set by the Court in the Henley-Young case during its January 20 Status Conference.

[9] During the February 1, Status Conference, this Court approved the requests of Dr. Richard Dudley (Corrections Mental Health Monitor) and Mr. Jim Moeser (Juvenile Justice Monitor) to be present virtually throughout these proceedings and to testify remotely. The Interested Parties

Footnote continued on next page

In support of this Motion, Henley-Young Plaintiffs state as follows:

1. On December 29, 2017, this Court granted Henley-Young Plaintiffs' Motion for Status as Interested Parties in the DOJ case. *See*, *e.g.*, Motion for Status as Int. Parties, Dec. 18, 2017, ECF No. 20 and Order Granting Motion for Status as Int. Parties, Dec. 29, 2017, ECF No. 21.

2. Federal Court Monitor Leonard Dixon, Henley-Young Plaintiffs, and the County confirmed that all Facility residents were equal class members under the Consent Decree during an April 2018, 2018 status conference. *See, e.g.*, Status Conf. Tr. 4, 11, 16, 36-37, Henley-Young case, Apr. 24, 2018, attached as Exhibit B.

3. The term "youth" in the Consent Decree "refers to individuals confined at Henley-Young;" and the relevant portion of Consent Decree which incorporates the County's Board of Supervisors Resolution, states: "Provision 2.1 necessarily requires Henley-Young to adhere to the monitor's recommended 32-resident capacity limit on average daily population, and that Henley-Young cannot exceed an average daily population of 32 residents, and that any admission that would require an ADP in excess of 32 residents must be denied. *See e.g.*, *Hinds Cnty. Bd. of Supervisors Resol.*, Mar. 9, 2016, ECF 62-1 and Consent Decree at 5-6, attached as Exhibit C and Exhibit D.

4. The redacted roster for February 14, 2022, indicates that the Facility had an "in-house" total of 32 residents, 75% of whom are JCA (including two children detained over 500 days). *See* Facility Daily Roster (redacted), attached as Exhibit E.

---

respectfully request virtual accommodations where pre-existing obligations in other legal matters precludes in-person participation during the week of February 21.

5.      Where these proceedings have been consolidated to expedite resolution and avoid repetition or undue delay – and where Fed. R. Civ. P. 65(d)(2)[10] supports the proposition that a Consent Decree can be enforced against an entity who acts in concert with a party's officer and/or agent – Henley-Young Plaintiffs anticipate the pertinent and relevant evidence presented by the parties in this case will resolve issues to support achieving compliance in the Henley-Young case.

Due to the simplistic nature of this motion, Henley-Young Plaintiffs request that the requirement for submitting a memorandum brief pursuant to L. U. Civ. R. 7(b)(4) be waived.

WHEREFORE, Henley-Young Plaintiffs respectfully request that this Court order access to (1) the exhibits proffered by the United States of America and Hinds County; (2) transcripts of the proceedings; and (3) accommodations for virtual participation beginning the week of February 21, 2022, for the duration of the evidentiary hearing.

Dated: February 16, 2022

Respectfully Submitted,

/s/ Leslie Faith Jones
Leslie Faith Jones, MSB No. 106092
Keisha Stokes-Hough, MSB No. 103717
Counsel for the Plaintiffs
Southern Poverty Law Center
111 East Capitol Street, Suite 280
Jackson, Mississippi 39201
Phone: (601) 948-8882
Facsimile: (601) 948-8885
E-mail: leslie.jones@splcenter.org
Email: keisha.stokeshough@splcenter.org

---

[10] Consent Decrees qualify as "orders" which "bind . . . (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2).

4

**CERTIFICATE OF SERVICE**

    I, Leslie Faith Jones, hereby certify that a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by email to all parties by the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

    This the 16th day of February, 2022.

/s/Leslie Faith Jones
Leslie Faith Jones, MSB #106092
