IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:16-CV-489-CWR-RHWR |
| HINDS COUNTY, ET AL. | DEFENDANTS |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION FOR RECONSIDERATION**

Defendants Hinds County, Mississippi, and Sheriff Tyree Jones, in his official capacity only, respectfully move this Court for reconsideration of the Court's [165] Second Order of Contempt, stating the following in support:

**Relevant Background**

On March 23, 2022, the Court entered its Second Order of Contempt finding Defendants in contempt of court stemming almost entirely from conditions related to A-pod. After setting forth the facts and procedural history, the Court summarized the legal standard for civil contempt before turning to the record from the evidentiary hearing that took place from February 14 to March 1. *Id*. at 6. In discussing the record, the Court pointed out various issues related to the conditions in A-pod. *See* [165] Second Order of Contempt at 7-18 (addressing portions of the record related to gangs in A-pod, assaults and fights in A-pod, staffing of A-Pod, lighting, cells, cell door locks and other living conditions in A-pod, and fire safety in A-pod). The Court then found that Defendants had not complied "with the Consent Decree and Stipulated Order as they pertain to A-pod." *Id*. at 18. As a result, the Court concluded "the County is hereby found to be in civil contempt of court." *Id*.

**Legal Standard**

Generally speaking, civil contempt orders are interlocutory. *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 9, 12 (D.D.C. 2010) (citing *Doyle v. London Guar. & Accident Co.*, 204 U.S. 599, 603 (1907)). "Accordingly, courts usually analyze motions for reconsideration of civil contempt orders under Rule 54(b), which provides that a district court may revise its own interlocutory decisions 'at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'" *Id*. (quoting FED. R. CIV. P. 54(b)). Under Rule 54(b), a court may grant a party's reconsideration motion "'for any reason it deems sufficient.'" *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (quoting *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010)). Reconsideration motions regarding interlocutory orders may be granted "even in the absence of new evidence or an intervening change in or clarification of substantive law." *See Saqui*, 595 F.3d at 210-11 (quoted case omitted).[1]

**Argument**

The County requests reconsideration for two primary reasons. First, the law related to mitigating circumstances in the context of civil contempt was not considered in the [165] Second Order of Contempt. Second, the [165] Second Order of Contempt does not appear to take into account facts supporting various mitigating circumstances militating against a finding of contempt.

Unlike criminal contempt, which has a punitive function, civil contempt is imposed to coerce compliance with a court order. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947); *see also Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987) ("The civil contempt sanction is

---

[1] Insofar as the Court may consider the Second Order of Contempt an interlocutory order consistent with Rule 59(e), Defendants have timely sought reconsideration filing this Motion within twenty-eight days of entry of the [165] Second Order of Contempt.

2

coercive rather than punitive and is intended to force a recalcitrant party to comply with a command of the court." (citing *Am. Trucking Ass'n, Inc. v. Interstate Com. Comm'n*, 728 F.2d 254, 255 (5th Cir. 1984))). To find a party in civil contempt, the movant must "establish[] by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992) (citing *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987)).

"If the movant has made the above three-part showing, the burden shifts to the respondent to defend against a civil contempt finding through justifying noncompliance, rebutting the conclusion, demonstrating an inability to comply, asserting good faith in its attempts to comply, or showing mitigating circumstances or substantial compliance." *M.D. bnf Stukenberg v. Abbot*, 509 F. Supp. 3d 683, 704 (S.D. Tex. 2020) (collecting cases); *see also F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995) (providing that an "inability to comply" with the particular court order is a defense against civil contempt); *Petroleos Mexicanos*, 826 F.2d at 401 (noting good faith and inability to comply are defenses to civil contempt); *Whitfield*, 832 F.2d at 914 (finding the burden falls on defendants "to show either mitigating circumstances that might cause the district court to withhold the exercise of its contempt power, or substantial compliance with the consent order"); *Hallett v. Morgan*, 296 F.3d 732, 750 (9th Cir. 2002) (observing "[s]ubstantial compliance with the [court's order] is an acceptable defense to [a] motion for civil contempt" (citation omitted)).[2]

Here, the Court's [165] Second Order of Contempt does not expressly consider the law related to these various mitigating circumstances unique to civil contempt proceedings or evidence

---

[2] *Stukenberg* relied on these cases for the proposition quoted in the first sentence of this paragraph.

supporting any of the various mitigating circumstances. For example, the record contains evidence that makes clear the County complied with all of the requirements of the Stipulated Order other than those which may have been attributable to A-pod. Testimony of Gary Chamblee, Trial Tr. Vol. 8 at 1466:5-1481:14; Testimony of Robert Farr Trial Tr. Vol. 8 at 1537:14-1543:16; Testimony of Sheriff Jones, Trial Tr. Vol. 10 at 1958:11-1959:8. However, the [165] Second Order of Contempt does not address the extent to which this fact may mitigate a finding of contempt. As these and other examples indicate, the record contains evidence demonstrating that mitigating circumstances justify finding that the County was not in civil contempt related to A-pod.

As another example, the record from the nearly three-week evidentiary hearing makes clear the County is actively engaged in closing down A-pod, but the mitigating potential of these efforts was not considered in the [165] Second Order of Contempt. Sheriff Jones testified that the County is engaged in efforts to move detainees out of A-pod given the various physical plant issues unique to that pod. Testimony of Sheriff Tyree Jones, Trial Tr. Vol. at 1794:23-1795:13, 1796:19-25, 1797:4-20. Moreover, the record demonstrates that before the various requirements of the Stipulated Order could have been addressed in A-pod, the detainees would need to be removed from that pod so that the work could be performed, a fact which lends support to finding one or more mitigating circumstances identified above. Testimony of Gary Chamblee, Trial Tr. Vol 8 at 1476:14-25; *see also id*. at 1508:2-5 (noting that as housing units at the Raymond Detention Center were renovated, detainees in those units would need to be moved); 1522:11-18 (same).

\*   \*   \*

The County respectfully requests reconsideration of the [165] Second Order of Contempt in light of the legal authority related to mitigating circumstances in the context of civil contempt and evidence in the record supporting those mitigating circumstances in this case.

## Conclusion

For these reasons, the County respectfully requests that the Court reconsider its [165] Second Order of Contempt and find that the County is not in contempt of court.

Dated: April 20, 2022.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY: */s/ Nicholas F. Morisani*
Reuben V. Anderson, MB #1587
W. Thomas Siler, Jr., MB #6791
James W. Shelson, MB #9693
Nicholas F. Morisani, MB #104970
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: reuben.anderson@phelps.com
tommy.siler@phelps.com
jim.shelson@phelps.com
nick.morisani@phelps.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that on April 20, 2022, I had this Memorandum electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter.

<i>/s/ Nicholas F. Morisani</i><br>
Nicholas F. Morisani