**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:16-CV-489-CWR-RHWR**

**HINDS COUNTY, ET AL.**                                    **DEFENDANTS**

**DEFENDANTS' REBUTTAL MEMORANDUM IN SUPPORT**
**OF MOTION FOR RECONSIDERATION**

Defendants Hinds County, Mississippi, and Sheriff Tyree Jones, in his official capacity only, (collectively, "the County") respectfully file this Rebuttal in support of their request for reconsideration of the Court's [165] Second Order of Contempt.

**Rebuttal Arguments**

***Plaintiff misconstrues the County's reconsideration request***.  In its "Background" section, after discussing the Court's decision on the County's [111] Motion to Terminate, Plaintiff claims the County's reconsideration request is limited to "two purported mitigating circumstances."  [176] Resp. at 2. This argument misconstrues the scope of the County's opening brief, which explained the County was seeking reconsideration because the [165] Second Order of Contempt did not appear to consider "law related to mitigating circumstances in the context of civil contempt . . . ." [172] Mem. at 2. In addition to the law related to mitigating circumstances, the County's reconsideration request is predicated on the County's contention that the [165] Second Order of Contempt did not appear to consider "facts supporting various mitigating circumstances militating against a finding of contempt." [172] Mem. at 2.  Plaintiff's oppositional response does not meaningfully address the first of these positions, focusing solely on the second. *See* [176] Resp. at 2 (summarizing the County's contentions as being only that the County "(1) 'complied with all of the requirements of the [60-1] Stipulated Order other than those which may

have been attributable to A-pod;' and (2) '[is] actively engaged in closing down A-pod.'"). As a result, Plaintiffs offer no meaningful dispute that the [165] Second Order of Contempt did not consider the law related to civil contempt.

***Plaintiff's opposition does not refute the County's substantial compliance with the Stipulated Order's requirements, particularly those related to physical plant areas other than A-pod and master planning***. Plaintiff's attempt to downplay the significant work the County has accomplished in satisfaction of the Stipulated Order's requirements does not refute the County's substantial compliance with the Stipulated Order's requirements related to the physical plant of Raymond Detention Center in areas other than A-pod. *See* [176] Resp. at 5 (citing, in pertinent part, the Monitor's Fifteenth Report and her opinions as to compliance with various requirements of the Stipulated Order, only four of which concern requirements related to physical plant issues: I.A.1. (electronic door controls), I.A.4. (fire hoses), I.A.6. (A-pod recreation yard and cages doors), and I.A.7. (replacement of security doors for holding cells in booking)). Of these four Stipulated Order requirements, Gary Chamblee's testimony makes clear the County has, at a minimum, substantially complied with each of these requirements. Specifically, Chamblee's testimony related to each of these four requirements is as follows:

- With respect to Stipulated Order requirement I.A.1., testifying the work required by this provision—conversion of all control room doors, housing unit entry doors, recreation yard doors, isolation doors, and "cage doors" to electronically-controlled swing doors—had been completed in B-pod and C-pod, and, in A-pod, "any doors were converted to swing doors, but they are not connected to the new electronic control panel[,]" Testimony of Gary Chamblee ("Chamblee Testimony") at 1466:11-1468:18;

- With respect to Stipulated Order requirement I.A.4., testifying the work required by this provision—installation of fire hoses in secured cabinets in each pod—was completed in B-pod and C-pod and acknowledging one had been damaged in B-pod, Chamblee Testimony at 1472:20-1473:24;

- With respect to Stipulated Order requirement I.A.6., testifying the work required by this provision—conversion of all A-pod recreation yard and cage doors to secure swinging doors tied to the electric control panel—was substantially complete in that all sliding doors were converted to swing doors as required but were not tied to the electronic control panel, Chamblee Testimony at 1475:21-1476:25;[1] and

- With respect to Stipulated Order requirement I.A.7., testifying the work required by this provision— replacement of all holding cell doors in the booking area with modern full transparent panel (both top and bottom) security doors—was completed on the four cell doors across from booking, Chamblee Testimony at 1477:1-14.

Consequently, Plaintiff's effort to downplay the County's compliance with the Stipulated Order's physical plant requirements related to the areas other than A-pod does not refute that the County has, at a minimum, substantially complied with the Stipulated Order's requirements.

Plaintiff's attempt to downplay the County's compliance with the Stipulated Order's requirements related to master planning similarly does not warrant rejecting the County's request for reconsideration of the Second Order of Contempt. Rob Farr's testimony made clear that, at a minimum, the County has substantially complied with the Stipulated Order's master planning requirements. *Compare* [60-1] Stipulated Order I.B.1-4 (requiring the County to retain a

---

[1] As Chamblee's testimony also shows, before the A-pod doors can be tied to an electronic control panel, the County must devise a way to remove the detainees from A-pod. Chamblee Testimony at 1476:8-25. Of course, the County is actively engaged in trying to remove detainees from A-pod. *See* [172] Mem. at 4 (citing testimony).

consultant with experience in master planning to facilitate a master plan for the County, establish a plan that includes deadlines for necessary safety and security repairs to existing facilities, work with the monitoring team to gather information, and form a master planning committee) *with* Testimony of Rob Farr ("Farr Testimony") at 1537:14-1543:16 (explaining that CDFL, retained by the County for master planning purposes, has experience master planning and CDFL brought in additional professionals with master planning experience, a master plan was developed for the County, and a master planning committee was formed).  At the very least, this is evidence of the County's substantial compliance with the Stipulated Order's master planning requirements, and it militates against holding the County in contempt.  *See Hallett v. Morgan*, 296 F.3d 732, 750 (9th Cir. 2002) (observing that "[s]ubstantial compliance with the [court's order] is an acceptable defense to [a] motion for civil contempt" (citation omitted)).

Perhaps the most troubling aspect of Plaintiff's argument in this regard is their attempt to use the Monitor's subjective assessment as to "*full* compliance" with the Stipulated Order's requirements to argue that the Second Order of Contempt should not be reconsidered to determine whether the County's *substantial* compliance with those requirements mitigates against a finding of contempt.  *Compare* [176] Resp. at 4-5 (relying on the Monitor's findings that the County is not in *full* compliance with various Stipulated Order requirements) *with* [172] Mem. at 3 (citing *Whitfield v. Pennington*, 832 F.2d 909, 914 (5th Cir. 1987) (indicating "substantial compliance with the consent order" may justify withholding the Court's contempt power).

In a similar vein, Plaintiff's argument that the County has not *fully* complied with only 15 of the Stipulated Order's 42 total enumerated requirements actually supports finding that the County has *substantially* complied with the entirety of the Stipulated Order.  *See Whitfield*, 832 F.2d at 914 (observing "substantial compliance with the consent order" is a defense to contempt)

***Plaintiff's argument that the Court "found" the County's compliance with portions of the Stipulated Order is unsupported by the record.*** Plaintiff's argument that "the Court appropriately found that" the County's compliance with portions of the Stipulated Order "did not mitigate a finding of contempt" overlooks the fact the Second Order of Contempt does not evaluate any of the various types of mitigating circumstances identified in the County's opening brief. *See* [172] Mem. at 3 & n.2. Perhaps this is why this contention by Plaintiff is not supported by citation to any portion of the Second Order of Contempt. *See* [176] Resp. at 6. Rather, Plaintiffs reiterate what no one disputes: the Court found the County in contempt. *See id.* However, the County's reconsideration request is premised on the fact that none of the various mitigating circumstances identified in the County's opening Memorandum were considered before concluding the County was in contempt. *See* [172] Mem. at 3-4. Thus, Plaintiff's argument that the Court has already found that mitigating circumstances did not apply here should be disregarded.

***Plaintiff's argument related to the length of time that has passed since the Stipulated Order was entered overlooks obvious mitigating circumstances.*** Plaintiff opposes the County's reconsideration request, arguing that two years have passed since the Stipulated Order was entered and yet detainees remained housed in A-pod. This argument, however, completely overlooks both the COVID-19 pandemic and the undisputed progress that the County attained related to the Stipulated Order notwithstanding the pandemic.

These facts, in turn, give rise to various mitigating circumstances. For example, the existence of an unprecedented, world-wide pandemic militates in favor of finding an inability to comply with every requirement set forth in the Stipulated Order in the midst of that pandemic. *See F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995) (providing that an "inability to comply" with the particular court order is a defense against civil contempt); *see also* Chamblee Testimony

at 1481:15-1482:11, 1517:2-10, 1517:15-20 (describing the impact the COVID-19 pandemic had on work at the facility including both timing delays and manpower shortages); Farr Testimony at 1542:15-1543:5 (explaining the impact that the pandemic had on developing the master plan).

Similarly, the County's efforts and accomplishments related to the Stipulated Order's requirements notwithstanding the COVID-19 pandemic make clear the County's good faith in attempting to comply with the Stipulated Order.  The County's good faith should militate against finding the County in contempt.  *See Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987) (noting good faith, in addition to an inability to comply, are defenses to civil contempt); *see also* Testimony of Credell Calhoun at 1720:10-23 (explaining that the current Board of Supervisors, which took their seats in January 2020, have voted unanimously in favor of requests related to the Raymond Detention Center in all but two instances throughout the life of the Board); Testimony of Kenny Wayne Jones at 1608:14-1609:5 (same).  Accordingly, Plaintiff's argument related to the length of time that has passed since the Stipulated Order was entered is a nonstarter.

## Conclusion

For these reasons, the County respectfully requests that the Court reconsider its [165] Second Order of Contempt and find that the County is not in contempt of court.

Dated:  May 10, 2022.

PD.37497072.1

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY:   */s/ Nicholas F. Morisani*
           Reuben V. Anderson, MB #1587
           W. Thomas Siler, Jr., MB #6791
           James W. Shelson, MB #9693
           Nicholas F. Morisani, MB #104970
           4270 I-55 North
           Jackson, Mississippi 39211-6391
           Post Office Box 16114
           Jackson, Mississippi  39236-6114
           Telephone: 601-352-2300
           Telecopier: 601-360-9777
           Email: reuben.anderson@phelps.com
                   tommy.siler@phelps.com
                   jim.shelson@phelps.com
                   nick.morisani@phelps.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that on May 10, 2022, I had this Memorandum electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter.

*/s/ Nicholas F. Morisani*
Nicholas F. Morisani