IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:16-CV-489-CWR-RHWR |
| HINDS COUNTY, ET AL. | DEFENDANTS |

**DEFENDANTS' MOTION TO STAY PENDING APPEAL**

Defendants Hinds County, Mississippi, and Sheriff Tyree Jones, in his official capacity (collectively, "the County"), respectfully request a stay of the New Injunction (ECF 169) pending the resolution of the appeals to the Fifth Circuit Court of Appeals.

1. Under the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626, the County moved to terminate (ECF 111) the sixty-four page Consent Decree (ECF 8) because it became readily apparent the Consent Decree micromanaged nearly every aspect of the County's detention facilities and exceeded constitutional minimums to such an extent that the Consent Decree hindered and impeded the County's efforts to operate its detention facilities, particularly the Raymond Detention Center ("RDC").

2. Following a hearing, the Court entered its Order Amending Consent Decree (ECF 168), and the New Injunction (ECF 169). The County and the United States have timely appealed those orders (ECF 185, 186). The New Injunction should be stayed pending resolution of the County's appeal.

3. To determine whether to grant a stay pending review on appeal, a court must consider the following factors: (1) whether the stay applicant made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3)

whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Chafin v. Chafin*, 568 U.S. 165, 179 (2013).

4.  A stay of the New Injunction is warranted under this standard because it is not necessary to correct a current and ongoing violation of federal law; rather, the Court should have terminated the Consent Decree outright instead of essentially modifying it by entering the New Injunction.[1]  Further militating in favor of a stay, the New Injunction is neither narrowly drawn nor the least intrusive means to correct the alleged violations.

5.  The County conferred with the United States as required by the Local Rules, and the United States opposes this Motion.

6.  The County's Motion is supported by its separately filed Memorandum.

### Relief Requested

The Court should grant Defendants' Motion to Stay, and stay enforcement of the New Inunction (ECF 169) pending resolution of the parties' appeal.

Dated:  July 5, 2022.

---

[1] The County acknowledges its pending Motion for Reconsideration (ECF 171) and the evidentiary hearing scheduled for July 19, 2022, and as discussed during the June 27 conference, the County is not seeking a stay of that hearing or the resolution of its Motion for Reconsideration (ECF 171) pending the outcome of the consolidated appeals.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY:  */s/ Nicholas F. Morisani*
Reuben V. Anderson, MB #1587
W. Thomas Siler, Jr., MB #6791
James W. Shelson, MB #9693
Nicholas F. Morisani, MB #104970
Loden P. Walker, MB#105996
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi  39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email:  reuben.anderson@phelps.com
tommy.siler@phelps.com
jim.shelson@phelps.com
nick.morisani@phelps.com
loden.walker@phelps.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on July 5, 2022, I had this Motion electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter.

*/s/ Nicholas F. Morisani*
Nicholas F. Morisani