IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                             PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:16-CV-489-CWR-RHWR

HINDS COUNTY, ET AL.                                        DEFENDANTS

**DEFENDANTS' SUBMISSION OF PROPOSED
ORDER REGARDING SCOPE OF RECEIVER'S DUTIES**

The Court ordered Defendants Hinds County, Mississippi, and Sheriff Tyree Jones, in his official capacity, to submit a proposed order that outlines the proposed powers and duties of the Receiver (ECF 204 at 26). To comply with the Court's Order, Defendants submit the proposed Order Appointing Receiver attached as Exhibit 1, and make the following 3 core points because the imposition of a receiver is a "debilitation of the democratic process":[1]

First, in submitting the proposed Order Appointing Receiver attached as Exhibit 1, Defendants maintain and preserve the arguments that they have made in this case, do not waive or forfeit any of their arguments, and maintain that, among other things, the Raymond Detention Center (RDC) is not in violation of constitutional minimums, and no Receiver is warranted. "Taking a jail or prison away from the government so that a court can manage it represents a drastic departure from a court's typical work. For that reason, a federal statutory law [the PLRA] and decades of legal precedent require judges to show they're imposing a receivership as a last resort …. Federal and state judges have ordered receiverships or a similar transfer of control for prisons and jails only about eight times."[2] Here, such a drastic step is not warranted and there is no "last resort" because only about 3 months elapsed from the entry of the New Injunction (ECF169) to

---

[1] *Plata v. Schwarzenegger*, 2005 WL 2932253 at * 31 (N.D. Cal. Oct. 3, 2005).
[2] See Receiverships for Jails and Prisons, Explained | Brennan Center for Justice

EXHIBIT "A"

the Court's decision to impose a receiver (ECF 204).  Defendants respectfully maintain that no Receiver should be appointed.  Defendants submit the proposed Order Appointing Receiver attached as Exhibit 1 under protest, but in good faith compliance with the Court's Order (ECF 204 at 26).

Second, the Court's Order indicates that the Court is prepared to discharge the current Monitor, but ultimately leaves that decision up to the Receiver (ECF 204 at 25).  The Court's Order also states that the current Monitor "and her colleagues have ably served as the eyes and ears of the Court" (ECF 204 at 24).  Defendants submit that the designated eyes and ears of the Court are biased against Defendants, and the continuation of their services is adverse to improving conditions at the RDC.  No Monitor should be allowed going forward, but if the Court nonetheless allows a Monitor, the current Monitor and her colleagues should be replaced.

Third, the Court summarily dismissed Defendants' candidate for receiver as unqualified, and summarily found that "DOJ named three qualified potential receivers" (ECF 204 at 24 n. 18), but the Court has never identified the criteria it is looking for in a receiver.  At a minimum, there should be a hearing regarding the qualifications of all three of the Court's remaining receiver candidates with an opportunity for cross examination of each of those remaining candidates, live or by remote means.

Based on his resume, Wendell France, Sr. served as a consultant for DOJ, which itself should be disqualifying because DOJ is a party to this action via its representation of the United States.  Mr. France's resume identifies experience with prisons, not jails, although Mr. France

apparently served in some capacity at the Baltimore City Detention Center,[3] a facility that is now closed.[4]

Based on her resume, Susan McCampbell has provided "expert litigative services" for DOJ, which again should be disqualifying for obvious reasons.  Ms. McCampbell resigned as the lead monitor of the Orleans Parish Jail.  DOJ submitted Ms. McCampbell's resume to the Court on February 9, 2022.  As of that date, she had been a court monitor in Los Angeles for 3 years (and ongoing at the time), in Miami for 9 years (and ongoing at the time), in New Orleans for 6 years, in New Jersey for 6 years, and in Illinois for 7 years.  Ms. McCampbell's average tenure as a monitor is at least 6.2 years and probably more because 2 of her monitor engagements were ongoing as of February 9, 2022.  In its Order requiring the Parties to submit proposed orders outlining the proposed powers and duties of a receiver, the Court noted that one of the factors in appointing a receiver is whether a receiver is likely to provide a relatively quick and efficient remedy (ECF 204 at 5).  6.2 years is neither relatively quick nor efficient.

Dated:  August 12, 2022.

                                                Respectfully submitted,

                                                **PHELPS DUNBAR, LLP**

BY:  */s/ Nicholas F. Morisani*
        Reuben V. Anderson, MB #1587
        W. Thomas Siler, Jr., MB #6791
        James W. Shelson, MB #9693
        Nicholas F. Morisani, MB #104970
        Loden P. Walker, MB#105996
        4270 I-55 North
        Jackson, Mississippi 39211-6391
        Post Office Box 16114
        Jackson, Mississippi  39236-6114

---

[3] See https://www.newyorker.com/magazine/2014/04/14/this-is-my-jail
[4] See https://news.maryland.gov/dpscs/2015/07/30/governor-larry-hogan-announces-closure-of-baltimore-city-detention-center/

3

              Telephone: 601-352-2300
              Telecopier: 601-360-9777
             Email: reuben.anderson@phelps.com
                 tommy.siler@phelps.com
                 jim.shelson@phelps.com
                 nick.morisani@phelps.com
                 loden.walker@phelps.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

 I certify that on August 12, 2022, I had the foregoing document electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter.

                */s/ Nicholas F. Morisani*
                Nicholas F. Morisani

4

PD.38669324.1