**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:16-CV-489-CWR-RHWR**

**HINDS COUNTY, ET AL.**                                                   **DEFENDANTS**

## ORDER APPOINTING RECEIVER

As contemplated in the Order entered on July 29, 2022 (ECF 204), the Court appoints a receiver for the Raymond Detention Center (RDC) as follows:

### Receiver's Duties, Power, and Authority

1.      Subject to the limitations set forth in this Order, the Receiver shall take over the day-to-day management of the RDC, and shall, in that capacity, have the duty to control, oversee, supervise, and direct the administrative, personnel, financial, accounting, contractual, legal, and other operational functions of the RDC as reasonably necessary to implement the New Injunction (ECF 169) to achieve compliance with constitutional minimums.  The Receiver shall seek input from the Sheriff of Hinds County, Mississippi (Sheriff), regarding all decisions that materially impact implementation with the New Injunction, unless doing so would cause unreasonable delay. The Receiver shall otherwise regularly inform the Sheriff regarding operations at the RDC.

2.      The Receiver shall have the power to hire, fire, suspend, supervise, promote, and discipline non-managerial detention personnel employed by the Sheriff at the RDC, and to recommend discipline of contract employees who perform services related to the operation of the RDC.  The Receiver may remove managerial personnel from their position at the RDC, but not from their employment by the Sheriff's office.  The Receiver shall have the power to establish personnel policies at the RDC, and to create or abolish positions related to the administration and

EXHIBIT "A"

operation of the RDC, but this power may be used only insofar as the personnel policies or positions abolished or created are reasonably necessary to implement the New Injunction to achieve compliance with constitutional minimums, and is within the limits of the budget ultimately set as prescribed in this Order.  Notwithstanding any other provision of this Order, the Receiver has no power or authority regarding individuals employed by the Sheriff's office, including patrol personnel, who are not directly employed at the RDC.

3.      The Receiver shall have the power to negotiate new contracts and to renegotiate existing contracts within the limits of the budget ultimately set as prescribed in this Order. However, the Receiver shall not cause Defendants to breach any contract to which one or both of the Defendants is a party unless the Receiver first obtains an order from this Court that terminates any such contract, and relieves Defendants of any obligation to perform the contract.

4.      Within the limits of the budget set pursuant to the terms of this Order, the Receiver shall have the power to competitively procure and contract for equipment, supplies, or services as necessary to carry out his/her duties under this Order.  The costs of such procurement and contracts must be included in the Receiver's proposed budget.

5.      The Receiver shall exercise his/her duties, as described in this Order, in a manner that is legally permissible under and consistent with any and all applicable State and local laws, regulations, and contracts.  However, if the Receiver finds that a State or local law, regulation or contract is preventing the Receiver from carrying out his/her duties under this Order, the Receiver shall notify the Parties and try to resolve the issue, communicating with any third parties, including state officers and other state or local agencies as necessary, but the Receiver must include counsel for the Parties in all such communications.  If the Receiver is still unable to resolve the issue, the Receiver may petition this Court for relief.

6.      Defendants shall permit the Receiver to have reasonable access to relevant records and files regarding the RDC that are within Defendants' reasonable possession or control.  The Receiver shall have reasonable physical access to the RDC to carry out his/her duties under this Order.  The Receiver shall provide reasonable notice when scheduling such visits, but the Receiver is not precluded from making unannounced site visits to the RDC that the Receiver deems necessary to carry out his/her duties under this Order.  Such site visits generally should be permitted by Defendants unless Defendants demonstrate that the unannounced site visit would compromise institutional safety and security.  The Parties shall have the right to attend any site visit.  The Receiver shall have reasonable access to detainees and detention officers at the RDC; however, to the extent that the Receiver seeks access to, including for interview purposes, Defendants' managerial employees, Defendants shall have the right to have counsel present during any communications between the Receiver and managerial employees.

7.      The Receiver shall have the power to hire and fire the Jail Administrator for RDC, and should consult with Defendants regarding same.  Within 90 days of the entry of this Order, the Receiver shall submit a proposed Jail Administrator to Defendants.  If Defendants do not object to the Receiver's proposed Jail Administrator within 10 days of when the Receiver sends the proposal to Defendants, then the person shall become the Jail Administrator.  If Defendants do object to the Receiver's proposed Jail Administrator within 10 days of when the Receiver sends the proposal to Defendants, then the matter shall be promptly presented to the Court for resolution. In no event may the annual salary of the Jail Administrator exceed $120,000.

8.      The receiver will maintain the confidentiality of all information obtained through or under this Order consistent with the requirements of federal law, the Local Rules of the Court,

and the Federal Rules of Civil Procedure.  The Receiver must treat all personally identifiable and HIPPA information obtained through or under this Order as confidential.

9.      It is the Court's intention that the receivership of the RDC be transparent. Subject to the confidentiality provisions of paragraph 7 of this Order, the Receiver's records shall be considered public records and subject to inspection by the public and the Parties.

10.     If the Receiver determines the amount in the current fiscal year 2023 budget for the operation of the RDC is inadequate to discharge the Receiver's duties under this Order, the Receiver shall propose budget modifications to the Hinds County Board of Supervisors (Board). If a majority of the Board members vote in favor of the proposed budget modification, the County shall make the additional funds available within forty-five (45) days of the vote in favor of modification.  If a majority of the Board members do not vote in favor of the proposed budget modification,  the matter may be brought to the Court for resolution.

11.     No later than June 15 of each year starting in 2023, the Receiver shall submit to the Board a proposed annual next Fiscal Year budget for operating the RDC as reasonably necessary to implement the New Injunction to achieve compliance with constitutional minimums.  Any Fiscal Year budget prepared by the Receiver shall be comprised of line items that unambiguously specify the purpose for each request.  The Receiver's proposed Fiscal Year budget must include a budget forecast indicating how much the County will need to spend to implement the New Injunction to achieve compliance with constitutional minimums, including any projected increases in personnel, repair, and operational costs.  The Receiver will have reasonable access to budget documents and systems so that the Receiver can ascertain what has already been budgeted and spent on the RDC, including on detention officers, the medical contractor, and facility repairs.

12. If Defendants do not agree with the Receiver's proposed Fiscal Year budget, Defendants must provide, within 30 days of the date they receive the Receiver's proposed Fiscal Year budget, an alternative proposed Fiscal Year budget. The Receiver and Defendants shall then have 21 days to work and negotiate in good faith to reconcile the 2 proposed Fiscal Year budgets. If good faith negotiations fail, the 2 proposed Fiscal Year budgets shall be submitted to the Court for resolution.

13. Notwithstanding any other provision of this Order, a rebuttable presumption shall exist that increasing the total budget for operating the RDC by more than $1 million from one Fiscal Year to the next is excessive. No increase exceeding $1 million from one Fiscal Year to the next shall be permitted without a showing by the Receiver by clear and convincing evidence that any such an increase is essential to implementing the New Injunction to achieve compliance with constitutional minimums.

14. The Receiver shall provide a semi-annual report to the Court and to the Board. The semi-annual reports must include an accounting of the Receiver's expenditures during the reporting period, and identify the status of implementation of the New Injunction to the extent necessary to achieve compliance with constitutional minimums.

15. The Court's Order (ECF 204) states that "the Court will be prepared to discharge Ms. [Elizabeth] Simpson as Monitor unless the Receiver determines her services remain necessary." If the Receiver determines that Ms. Simpson's services remain necessary, he/she shall petition the Court to continue the Monitor's services; however, the Receiver may propose a Monitor other than Ms. Simpson. The Receiver's petition shall contain the Receiver's specific proposal regarding the continuation of a Monitor, along with a proposed annual budget for those services.

16.     The Receiver shall not be retained by any current or future litigant or claimant in a claim or lawsuit against Defendants or their employees in a jail conditions-related claim or any litigation by or against one or both Defendants, but the Receiver may testify in this action as a fact witness if called by a Party or the Court.  The Receiver shall not be an expert witness for any Party in this action.

17.     The Receiver and his/her staff shall follow the guidelines of the Centers for Disease Control and Prevention regarding COVID-19 (symptoms, masks, and vaccinations) before entering the RDC.

18.     In the event a Party has a concern about the Receiver's management of the RDC, the Receiver's compliance with this Order, or the Receiver's ability to expedite compliance with the Court's Orders, the Party may petition the Court to remove the Receiver for good cause.

19.     The Receiver's written communications involving one Party or a Monitor, if any, must include all Parties.

20.     The Receiver has the duties, powers, and authority expressly conferred by this Order, but no other duties, powers, or authority.  Notwithstanding any other provision of this Order, the Receiver shall have no power or authority regarding the planning, design, or operation of the new jail that the County is building, or any personnel employed by the County (as opposed to the Sheriff's Office) who are not directly employed at the RDC, or any of Defendants' policies or procedures that do not directly impact the operation of the RDC.

**Plan of Action**

21.     The Receiver shall, within 90 days of the entry of this Order, develop and file a detailed Plan of Action that includes reasonable deadlines for steps toward the Receiver's reasonable implementation of the New Injunction to achieve compliance with constitutional

minimums.   The Plan of Action must be approved by the Sheriff.  The Sheriff's approval of the Plan of Action shall not be unreasonably withheld, but, if the Sheriff does not approve the Plan of Action, the Receiver must promptly submit the dispute to the Court for resolution.  The Receiver must provide to the Parties a substantially complete draft of the Plan of Action no later than 14 days before the 90-day deadline.  The Receiver may propose updates or modifications to the Plan of Action throughout the life of this Order, subject to the Sheriff's approval as provided for in this paragraph.

22.     In developing the Plan of Action, the Receiver must consult directly with the Sheriff and relevant staff at the RDC.  The Receiver should also seek input from the United States, the Board, and the County Administrator.

### Receiver's Compensation and Staff

23.     The Receiver shall be paid a reasonable salary for his/her services not to exceed $75,000 per year.

24.     The Receiver may hire up to 2 additional staff to assist the Receiver in carrying out his/her duties under this Order, including legal representation for the Receiver, to be paid by Defendants.  A staff member shall be paid a reasonable salary for his/her services not to exceed $50,000 per year.

25.     The Receiver's total annual budget shall not exceed $275,000 for his/her salary, all costs  associated with his/her staff, and all other costs of any kind or character whatsoever, such as attorney's fees, incurred in carrying out his/her duties under this Order.

26.     The Receiver and his/her staff shall be independent contractors, but may enter into a contract with the County to facilitate payment for their services.

27.     The Receiver shall submit his/her invoices for receivership to the County on a monthly basis.  The County shall pay the Receiver's invoices within 30 days of receipt of each invoice, unless the County disputes an invoice.  If the County disputes any invoice of the Receiver, the County shall pay the undisputed amount within 30 days of receipt of the invoice, and shall promptly petition the Court to resolve any disputes regarding the Receiver's invoice.

**Term of Receivership**

28.     The Receivership shall terminate  when the County's new jail initially opens to house detainees, but the receivership may be terminated upon the Receiver's reasonable implementation of the New Injunction to achieve compliance with constitutional minimums at any time before then.

**Immunity and Indemnification**

29.     The Receiver and his/her staff shall have the status of officers and agents of this Court, and shall be vested with the same immunities as vested with this Court, and all such immunities shall inure to the benefit of Defendants with respect to any claim asserted by any third-party against the Receiver or his/her staff.  Defendants shall indemnify the Receiver and his/her staff from any claim asserted by a third-party with respect to actions taken in their official capacity within the scope of this Order to the same extent as Defendants are obligated to indemnify the named Defendants.

**Modification**

30.     This Order may be modified by motion of a Party, the Parties, or the Receiver upon a written finding of the Court that good cause exists to modify this Order in furtherance of implementing the New Injunction to achieve compliance with constitutional minimums.

SO ORDERED, this the ____ day of _____, 2022.

_____

*United States District Judge*