IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> HINDS COUNTY, ET AL., ) <br> ) <br> DEFENDANTS. ) <br> ) | Case No.: 3:16-cv-00489-CWR-RHWR |

**UNITED STATES' SUBMISSION REGARDING PARTIES'**

**PROPOSED ORDERS APPOINTING RECEIVER**

During an August 29, 2022 Status Conference, the Court invited the parties to file submissions regarding the receivership proposals currently pending before the Court. Minute Entry (Aug. 29, 2022). For the reasons given at the status conference and as described below, the United States asks that the Court adopt the United States' proposed order because it is more likely to produce an efficient and effective receivership that results in timely and durable compliance with the New Injunction, ECF No. 169.

The United States' specific concerns with the Defendants' proposed order are twofold. First, the Defendants' proposed order would impose arbitrary limits on the Receiver's authority, potentially hampering the Receiver's ability to bring the Raymond Detention Center ("RDC") into compliance with the Court's orders. Second, the Defendants' proposed order does not

1

provide sufficient independence for the Receiver to exercise their duties, under the supervision of the Court.[1]

I. **Defendants' Proposed Order Imposes Arbitrary Limits on the Receiver's Powers**

The Defendants' proposed Order imposes arbitrary limits on a Receiver's powers that are necessary to remedy constitutional violations. *See Brown v. Plata*, 563 U.S. 493, 499 (2011); *Plata v. Schwarzenegger*, 603 F.3d 1088, 1094 (9th Cir. 2010)[2]; *Plata v. Schwarzenegger (Plata I)*, No. C01-1351 TEH, 2005 WL 2932253, at *23 (N.D. Cal. Oct. 3, 2005) (citing *Dixon v. Barry*, 967 F. Supp. 535, 550 (D.D.C. 1997); *Shaw v. Allen*, 771 F. Supp. 760, 762 (S.D. W. Va. 1990). These arbitrary limits include:

1) Restricting the Receiver's authority over anyone unless they are "directly employed" at the Raymond Detention Center (RDC). Defendants' Proposed Order Appointing Receiver, ECF No. 208-1 ¶¶ 1, 2 (Def. Order). As the Defendants and the Court know, an array of personnel have been allowed to supervise, interact with, and take actions affecting RDC detainees. These personnel include, for example, road deputies and personnel from other agencies. The Defendants' restriction would inappropriately limit the Receiver's ability to oversee such employees' actions insofar as they affect the operations and conditions at RDC. This restriction also would permit County personnel to take potentially detrimental actions affecting RDC as long as they are not "directly employed" at RDC. The Receiver must have appropriate authority over anyone taking actions that affect the conditions in the Jail.

---

[1] Defendants' proposed order also does not include any findings that the receivership remedy complies with the requirements for prospective relief under the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(a)(1)(A). The United States' proposed order includes such language in the first paragraph. *See* United States' Proposed Order Appointing Receiver at 1-2 (emailed to Chambers per the Court's instructions on Aug. 12, 2022) ("U.S. Order").

[2] The United States' proposed order closely follows the receivership order covering California's prisons in *Plata v. Schwarzenegger*. *See* Attachment A (*Plata* receivership order).

2

2) Imposing state and local legal restrictions upon the Receiver. Def. Order ¶ 5 ("The Receiver shall exercise his/her duties, as described in this Order, in a manner that is legally permissible under and consistent with any and all applicable State and local laws, regulations, and contracts."). The United States opposes general restrictions on the receiver's powers based on local or state law and policies. In the event of a conflict, federal law would likely take precedence over state or local law. *See* U.S. Const. art. VI; Fed. R. Civ. P. 66; *Plata v. Schwarzenegger*, No. 01-CV-1351, 2005 WL 2932253 at 22 (N.D. Cal. Oct. 3, 2005) (receiver is officer of the court and is an exercise of the court's equitable power to implement a federal remedy, including against a state); *Ex Parte Tyler*, 149 U.S. 164, 186-187 (1893) (discussing the separation of federal and state authority, and the inability of the state to reach property subject to a federal receiver). The United States' proposed order recognizes that the Receiver should make all reasonable efforts to exercise their authority consistent with state and local laws, without elevating these authorities above the authority of the Court to remedy current and ongoing violations of the U.S. Constitution. U.S. Order § 3.D.

3) Unnecessarily limiting the Receiver's authority regarding execution of contracts. Def. Order ¶ 3 (requiring the Receiver to obtain an order from the Court terminating any of Defendants' contracts for which the Receiver's actions may cause a breach, relieving Defendants of any obligations). As the United States' proposed order recognizes, the Receiver should try to respect existing contracts, but must have the authority to enter new contracts. U.S. Order §§ III.B., D. If the Receiver's actions would cause a breach of contract, the United States agrees that Defendants or the

Receiver can petition the Court. However, the Court should not be limited to canceling the existing contract because there could be a range of equitable remedies within the Court's authority. Or the Court may choose not to order cancellation of a contract and instead direct the Receiver to allow the breach of contract if any resulting penalty were substantially less than the savings from the new contract.

4) Limiting the Receiver to "reasonable access" to Jail facilities and documents, Def. Order ¶ 6; requiring counsel presence for the Receiver's communications with managers, Def. Order ¶ 6; and prohibiting Receiver communications with individual parties, Def. Order ¶ 19. The Court should not limit the Receiver to "reasonable access" after notice, because Defendants' language implies that Defendants control the facility, its personnel, and records. Thus, the Receiver gets only the access approved by the Defendants. Defendants have a recent history of not providing prompt Monitor access to documents. Once the Receiver takes control of RDC, the Receiver will need full and ready access to facilities, staff and documents to perform their duties in a timely manner. Similarly, the Receiver would be unnecessarily slowed down in their work if required to (1) have counsel present for all communications with managers and (2) include all parties on all communications with any party. The Receiver must be able to work closely with RDC managers and other subordinates to create and implement solutions to longstanding compliance issues. The provisions governing the Receiver's access and authority in the United States' proposed order account for the fact that the Receiver will be directly responsible for RDC's operations.

5) Placing arbitrary and unnecessary limits on Jail and receivership expenditures. Def. Order ¶¶ 7, 10-13, 23, 25. Defendants impose an arbitrary $1 million limit per year on budget increases, Def. Order ¶ 13; cap any "jail administrator" salary at a level much lower than they are paying the current jail administrator, Def. Order ¶ 7; assume the Receiver will be paid a set salary of $75,000 or less, Def. Order ¶ 23; and set arbitrary limits of $275,000 per year for the Receiver's total budget and two staff for the Receiver, Def. Order ¶¶ 24, 25. None of these limits are reasonable given the record, which shows longstanding systemic constitutional violations. Budget issues and budgetary dysfunction have prevented necessary reforms. There is also no reasoned basis for the arbitrary dollar amounts written into Defendants' proposal, which do not account for changes over time. The Court's authority to oversee budgetary disputes and approve the Receiver's team addresses Defendants' concern that the Receiver not have carte blanche with County coffers. The provisions governing budget in the United States' proposed order would rely on a court-supervised process that would more accurately identify and fund the necessary costs of running RDC and funding the receivership. U.S. Order § II.C., IV.

6) Prohibiting the Receiver from providing expert opinions to the Court. Def. Order ¶ 16. The Receiver's ability to testify should be based on federal law. Restricting the Receiver from providing expert opinions to the Court would deprive the Court of full information about the status of the Receiver's progress. Although the United States believes a Monitor should be maintained throughout the receivership to provide independent opinions about progress with compliance, removing the Monitor *and*

prohibiting expert testimony from the Receiver would deprive the Court, the parties, and the public of any meaningful reports regarding progress with the New Injunction.

7) Limiting the Receiver's duties, powers, and authority to those that are expressly conferred by this order and expressly denying the Receiver any authority regarding the new jail the County plans to build.  Def. Order ¶ 20.  In order to be successful, the Receiver should have the ability to exercise authority that is reasonably necessary to carry out their ordered duties.  Walling the Receiver off from the planning for the new jail will only impede any transition and increase the likelihood that the new jail, like RDC, opens with dangerous conditions and design flaws that unnecessarily impede compliance with the Constitution.

8) Terminating the receivership upon the opening of the County's planned new jail. Def. Order ¶ 28.  As an initial matter, Defendants have acknowledged, and the Court has noted, that the County likely will continue to house detainees at RDC after the new jail opens.  As long as detainees are housed at RDC, the conditions at RDC will continue to be subject to the Court's orders and the receivership should not terminate simply because some detainees are housed in another building.  Moreover, resource issues, chief among them staffing, have long been at the root of the barriers to compliance.  Opening a new jail will not fix staffing or other shared resource problems at RDC.  The term of the Receiver should be tied to compliance with constitutional standards and the Court's orders, not to the opening of a new jail.  U.S. Order § VI.

## II. **Defendants' Proposed Order Prevents Adequate Independence for the Receiver**

Second, the Defendants' proposed Order prevents adequate independence for the Receiver, which is necessary for the receivership to be successful, particularly given the record of interference with decisions by the prior jail administration. The objectionable provisions include:

1) Imposing reporting, consultation, and approval requirements on decision-making by the Receiver. These include requiring input from the Sheriff regarding all decisions that materially impact implementation of the New Injunction, Def. Order ¶ 1; giving Defendants a veto over the Receiver's choice of jail administrator, Def. Order ¶ 7; and requiring the Receiver to obtain approval from the Sheriff for the Receiver's compliance plan, Def. Order ¶ 21. Although the Receiver will certainly communicate regularly with the Sheriff regarding progress with compliance, requiring approvals from the Sheriff is inconsistent with the receivership remedy and would inhibit the Receiver's ability to expediently satisfy their duties. The United States' proposed order would allow the Receiver to consult with the Sheriff as appropriate, without requiring the Receiver to obtain the Sheriff's approval for the remedies necessary to secure durable constitutional compliance.

2) Stripping the Receiver of quasi-judicial immunities for records, to which the Receiver is entitled as an officer of the Court. Def. Order ¶ 9. The records at issue here are the receivership's own records, such as the Receiver and the Receiver's consultants' notes. These documents should be protected from public disclosure just as the Court's internal documents are not subject to public disclosure. *See Plata*, 2005 WL 2932253 at 22 (receiver is an officer of the court); *Gary W. v. State of La., Dept. of*

*Health and Human Resources*, 861 F.2d 1366, 1368 (5th Cir. 1988) (judicial and quasi-judicial protection from compulsory testimony); *Matter of Certain Complaints Under Investigation*, 783 F.2d 1488, 1520 (11th Cir. 1986) (qualified privilege for judge and staff). The United States' proposed order accounts for the quasi-judicial nature of the receivership position by providing that the Receiver's records are not public records. U.S. Order § III.G; *see also* 5 U.S.C. § 551(1)(B) (for purposes of Freedom of Information Act, agency records do not include judicial records).

For these reasons and those given at the status conference, the United States asks that the Court adopt the United States' proposed order appointing a receiver.

**FOR THE UNITED STATES:**

DARREN J. LaMARCA
United States Attorney
Southern District of Mississippi

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Special Litigation Section
Civil Rights Division

MITZI DEASE PAIGE (MS #6014)
Assistant U.S. Attorney
U.S. Attorney's Office
Southern District of Mississippi
501 E. Court Street – Ste. 4.430
Jackson, MS 39201
MPaige@usa.doj.gov
(601) 973-2840
(601) 965-4409 (fax)

LAURA L. COWALL (DC #481379)
Deputy Chief
laura.cowall@usdoj.gov
(202) 514-1089
(202) 514-0212 (fax)

*/s/ Christopher N. Cheng*
CHRISTOPHER N. CHENG (PA #69066)
Trial Attorney
christopher.cheng@usdoj.gov

8

                    (202) 514-4883 (fax)

                    HELEN VERA (DC #1025735)
Trial Attorney
helen.vera@usdoj.gov
Special Litigation Section
Civil Rights Division
United States Department of Justice
150 M St., N.E.
Washington, DC  20002

DATED:       August 31, 2022

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 31, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

      */s/ Helen Vera*

      Attorney for the United States
      United States Department of Justice
      Civil Rights Division, Special Litigation Section
      950 Pennsylvania Avenue, NW
      Washington, DC 20530