# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 3:16-CV-489-CWR-RHWR**

**HINDS COUNTY, ET AL.**                                 **DEFENDANTS**

## DEFENDANTS' NOTICE OF FILING RED LINE OBJECTIONS
## TO PLAINTIFF'S PROPOSED ORDER APPOINTING RECEIVER'S

Consistent with the text order the Court entered on August 29, 2022, Defendants Hinds County, Mississippi, and Sheriff Tyree Jones, in his official capacity, submit the red line objections to Plaintiff's proposed Order Appointing Receiver attached as Exhibit 1.

Dated: August 31, 2022.

                                                     Respectfully submitted,

                                                     **PHELPS DUNBAR, LLP**

                                       BY:   */s/ James W. Shelson*
                                                    Reuben V. Anderson, MB #1587
                                                    W. Thomas Siler, Jr., MB #6791
                                                    James W. Shelson, MB #9693
                                                    Nicholas F. Morisani, MB #104970
                                                    Loden P. Walker, MB#105996
                                                    4270 I-55 North
                                                    Jackson, Mississippi 39211-6391
                                                    Post Office Box 16114
                                                    Jackson, Mississippi  39236-6114
                                                    Telephone: 601-352-2300
                                                    Telecopier: 601-360-9777
                                                    Email:  reuben.anderson@phelps.com
                                                                tommy.siler@phelps.com
                                                                jim.shelson@phelps.com
                                                                nick.morisani@phelps.com
                                                                loden.walker@phelps.com

                                                 **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on August 31, 2022, I had the foregoing document electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter.

*/s/ James W. Shelson*
James W. Shelson

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| PLAINTIFF, | ) |
| v. | ) Case No.: 3:16-cv-00489-CWR |
| HINDS COUNTY, ET AL., | ) |
| DEFENDANTS. | ) |

**ORDER APPOINTING RECEIVER**

The Court has found Defendants in contempt of court, and determined that a Receiver is warranted to operate the Raymond Detention Center ("RDC") to remedy current and ongoing unconstitutional conditions at RDC. Order, ECF No. 204; Order, ECF No. 169 ("New Injunction"); Order, ECF No. 168 ("Order Amending Consent Decree"); Order, ECF No. 165 ("Second Order of Contempt"); Order, ECF No.126 ("First Order of Contempt"); *see also* Settlement Agreement, ECF No. 8-1. This finding is based upon the following factors: Defendants' history of non-compliance with court orders; actual harm, as well as grave and immediate threat of serious harm; exhaustion or proven ineffectiveness of less extreme measures of remediation; the likelihood that continued insistence upon compliance with the Court's orders would lead only to confrontation and delay; the lack of County leadership needed to turn the tide in a reasonable amount of time; the waste of resources; and the fact that a Receiver is likely to

> **Commented [A1]:** This has not been established given the short time between the entry of the New Injunction and the Order entered on 7/29/22.

PD.39520770.1



EXHIBIT 1

provide a relatively quick and efficient remedy.[1] This finding is based on the record to date, including the reports and recommendations of the Monitor, and two evidentiary hearings held on February 14 – March 1, 2022, and July 17, 2022. This record also provides ample basis for concluding that the appointment of a Receiver and additional relief set forth below are narrowly drawn, extend no further than necessary to correct the current and ongoing violations of federal rights, are the least intrusive means necessary to correct these violations, and will not have an adverse impact on public safety or the operation of the criminal justice system in Hinds County. *See* 18 U.S.C. § 3626.

> **Commented [A2]:** There is nothing in the record establishing this purported fact.

> **Commented [A3]:** This is not established by the record, especially given the overbreadth of the United States' proposed Order Appointing Receiver. Defendants maintain their position that the appointment of a Receiver does not meet the requirements of the PLRA.

Accordingly, the Court **ORDERS** the relief set forth below.

## I. SELECTION

The Court appoints _____ as the Receiver. The Receiver is authorized to hire subject matter or technical assistance consultants as the Receiver deems necessary to perform the Receiver's functions. The Receiver shall confer with the parties about the selection of any consultants. The Receiver shall notify the Court and the parties about the Receiver's choice of consultants. Within 21 days of such notification, the parties shall notify the Court if they approve or object to the choice of consultants. The Court will have final approval of the Receiver's choice of consultants. If the Receiver chooses to replace any of the consultants, the Receiver shall give the parties timely notice of the Receiver's selection, and replacements will follow the same 21-day approval and objection process by the parties and also be subject to the Court's approval.

> **Commented [A4]:** This should not be completely open ended. The Receiver should not have a blank check to spend taxpayers' money. The number of consultants and their compensation should be specified in the Order.

---

[1] "County" and "Defendants" mean Hinds County, the Board of Supervisors, and the Sheriff, unless used as an adjective to refer to the county-level unit of government. *See* Complaint, ECF. No. 1. "Parties" refers to the United States and the Defendants.

## II. SCOPE OF DUTIES

### A. Executive Management

The Receiver shall hold and exercise all executive, management, and leadership powers for the County with respect to the custody, care, and supervision of Hinds County detainees at RDC.[2] The Receiver shall be in day-to-day charge of RDC operations. The Receiver shall remedy the unconstitutional conditions in the RDC and implement the 2020 Stipulated Order, ECF No, 60-1, the New Injunction, ECF No. 169, and any other remedial orders that may be entered by the Court (collectively, the "Court's Orders") by restructuring day-to-day operations at RDC. To this end, the Receiver shall have the duty to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions for RDC. The Receiver shall not have day-to-day oversight of the Work Center or the Jackson Detention Center; however, this limitation does not extend to executive, leadership, or administrative powers needed by the Receiver to remedy conditions at RDC including the power to admit, book, release, transfer, and supervise detainees at RDC in a constitutional manner.

> **Commented [A5]:** The term "Jail" in footnote 2 is not defined, and it is not clear from the United States' proposed Order how "Jail" differs from RDC.
>
> **Commented [A6]:** The Receiver's duties should be limited to implementing the New Injunction to attain constitutional minimums.
>
> **Commented [A7]:** This is excessively overbroad. It arguably gives the Receiver power to control, oversee, supervise, and direct employees not only at RDC but at the central office in Jackson.
>
> **Commented [A8]:** This authority should be limited in that it can only be exercised in a matter that is consistent and in compliance with Mississippi law.

### B. Plan of Action

The Receiver shall, within 90 days of the date of appointment, develop a detailed, draft Plan of Action designed to achieve constitutional conditions of confinement and compliance with the Court's Orders. The Receiver shall send the draft plan to the parties for comment, and the parties may submit comments to the Receiver within 21 days after receipt of the draft plan. The Receiver will then submit the final Plan of Action to the Court within 14 days after receiving any comments from the parties. The final Plan of Action will be filed with the Court as a public

---

[2] For purposes of this Order, "detainee" includes pretrial detainees, sentenced prisoners, mental health detainees, or other civil detainees, who are housed in the Jail, in County custody, or held on behalf of the County.

record. The Plan of Action shall include a timeline for all specified remedies, indicating the responsible individuals and steps for implementation. After giving the parties 21 days' notice as above, the Receiver shall update and/or modify this Plan as necessary throughout the duration of the Receivership and then file updated versions with the Court. Pending development of the Plan of Action, the Receiver shall undertake short-term or interim measures designed to immediately improve the conditions of confinement at RDC and begin the process of implementing the Court's Orders.

### C. Budgeting and Accounting

The Receiver shall determine the annual RDC budget, including for staff salaries and benefits, medical and mental health services (including the medical provider contract), physical plant improvements, fire safety, and any other remedies needed to address the constitutional deficiencies documented in this case. The budget shall include funds to implement RDC-related improvements in the Master Plan (PX 33), a dedicated Mental Health Unit, a facility maintenance program, a hiring and retention program, and substantial RDC renovations and construction.[3] The Receiver shall be included as a full participant in the County's master planning and facility replacement and construction process. The funding process for new Jail construction is already underway, and the parties anticipate that $_____ will soon be allocated to construct a new Jail facility. The new Jail construction funding does not include funds for the aforementioned RDC renovations and other remedies. Defendants are therefore expected to provide additional funds required by the Receiver in order to carry out the Receiver's responsibilities. The Receiver shall have access to all County financial, accounting, and budget

**Commented [A9]:** The Receiver should not have open ended authority to increase the annual RDC budget. The Receiver's budgetary authority should be capped.

**Commented [A10]:** The Receiver's authority to make capital improvements at RDC should be capped.

**Commented [A11]:** The Receiver should have no authority regarding the New Jail

**Commented [A12]:** The Receiver's authority should be capped.

---

[3] The Mental Health Unit plans drafted by the medical contractor and Monitor shall be used to guide the Receiver's efforts. The Receiver shall ensure that the Mental Health Unit has adequate numbers of mental health and detention staff that have been specially selected and trained to work on the unit.

records and systems so that the Receiver can ascertain what has already been budgeted and spent on the Jail, including on detention officers, the medical contractor, and facility repairs.

> **Commented [A13]:** "Jail" should say "RDC."

The Board of Supervisors shall approve the Receiver's budget or propose an alternative budget within 30 days after the Receiver provides the Receiver's recommended annual budget. If the Sheriff or the United States does not agree with the Receiver's recommended budget or the Board's alternative budget, the Sheriff or the United States may also provide their alternative budget to the other parties within 30 days after the Receiver provides the Receiver's recommended annual budget. Any alternative budgets must include a budget forecast indicating how much the County will need to spend to comply with the Receivership and the Court Orders, including any anticipated, projected increases in personnel, repair, and operational costs. In the event of a dispute with respect to the amount to be allocated for the annual budget, and if good faith negotiations fail, the matter shall be brought to the Court for final resolution.

> **Commented [A14]:** "Defendants" instead of "Sheriff" throughout this paragraph.

If at any point the Receiver determines the amount in the annual budget is inadequate to discharge the Receiver's duties and achieve substantial progress with compliance with the Court's Orders, the Receiver shall propose budget modifications to the Board of Supervisors, who shall vote on any proposed budget modification and ensure funds are available within 30 days of receipt of the proposed budget modification. If the funds are not made available within 30 days, the Receiver, or any party, shall bring the matter to the Court for resolution. The Receiver shall develop a system for periodically reporting on the status of the budget to the Board of Supervisors and shall ensure the transparency and accountability of budget operations.

> **Commented [A15]:** This should be within 45 days.

### D. Reporting

The Receiver is responsible for drafting and filing a Self-Assessment Report every four months. The Self-Assessment Report shall describe the progress with each provision of the

> **Commented [A16]:** Should be every six months.

Receiver's Plan of Action, including the implementation status of every court-ordered remedy. Additionally, this Self-Assessment Report shall provide a summary accounting of the Receiver's expenditures during the reporting period, identify significant successes or impediments to progress, and raise any other matters the Receiver deems appropriate. The Receiver shall participate in the Court's status conferences in this case, and shall communicate with the Court throughout the duration of the Receiver's appointment on an as-needed basis. The Receiver shall confer with the parties about whether to recommend retaining the Monitor (which includes the Monitor's consultants) during and after the course of the Receivership. The Receiver shall timely notify the Court and the parties as to any recommendations about the Monitor. By separate order, the Court then will address whether to retain the Monitor or adopt some other process for monitoring the Receiver's implementation efforts.

> **Commented [A17]:** No Monitor should continue going forward. If the Court nonetheless orders monitoring going forward, the current monitoring team should be replaced with a new pair of eyes and ears for the Court that are unbiased.

### III. POWERS AND AUTHORITY OF THE RECEIVER

The Receiver shall have all powers necessary to fulfill the above duties under this Order, including:

**A. General Powers**

The Receiver shall exercise all powers vested by law in the Defendants in this case as they relate to the administration, control, management, operation, and financing of RDC subject to the budgetary review requirements enumerated in Section II.C. above. Defendants' exercise of the above powers as to RDC is suspended for the duration of the Receiver's term. It is expected, however, that the Defendants shall work closely with the Receiver to facilitate the accomplishment of the Receiver's duties under this Order. The Receiver's authority and decisions undertaken by the Receiver are subject to review by the Court. To exercise these powers, the Receiver is expected to be onsite at RDC with sufficient frequency, regularity, and

duration to carry out the Court's Orders. The Receiver's regular work schedule will be determined by the Court after consultation with the Receiver, and the schedule will be provided to the parties.

### B. Personnel

The Receiver shall have the power to hire, fire, suspend, supervise, promote, transfer, discipline, and take all other personnel actions regarding employees or contract employees who perform services related to the operation of RDC. The Receiver shall have the power to establish personnel policies, subject to the policy review provisions of the Court's Orders, and to create, abolish, or transfer positions related to the administration and operation of RDC. The Receiver shall also have the authority to negotiate agreements with the Sheriff's Department, Board of Supervisors, or other state, county, or city officials, to obtain the assistance of maintenance, administrative, or other agency staff not under the Receiver's direct control. The Defendants shall cooperate with the Receiver and shall not withhold approval of such agreements except for good cause. The Receiver also shall be empowered to negotiate new contracts and to renegotiate existing contracts, in the event that such action is necessary for the Receiver to fulfill their duties under this Order.

**Commented [A18]:** This is severely overbroad by including anyone who performs "services related to the operation of RDC." That includes elected officials such as the Sheriff. It should go without saying that a Receiver cannot fire a duly elected public official. Plaintiff's contention that limiting the Receiver's authority to persons that are directly employed at RDC inappropriately limits the Receiver's authority is meritless because the Receiver has the authority to run RDC, and Plaintiff's proposed order suspends Defendants' powers regarding RDC.

**Commented [A19]:** This should be limited to individuals who are employed directly at RDC.

**Commented [A20]:** The Receiver should have no authority to breach any contract to which Defendants, or any of them, are a party.

### C. Requisition Process

The Receiver shall have the power to acquire, dispose of, modernize, repair, and lease property, equipment, and other tangible goods and services as necessary to carry out the Receiver's duties under this Order. No additional authorization for the acquisition or disposal of property shall be required from any governmental entity except as otherwise spelled out by this Order or directed by the Court.

**Commented [A21]:** The Receiver must comply with State law.

### D. Governing State and Local Laws, Regulations, and Contracts

The Receiver shall make all reasonable efforts to exercise their powers, as described in this Order, in a manner consistent with applicable State and local laws, regulations, and contracts. In the event, however, that the Receiver finds that a State or local law, regulation, contract, or other third-party action or inaction is preventing them from carrying out the Court's Orders, the Receiver shall notify the Parties and try to resolve the issue, communicating with any third parties, including state officers and other state or local agencies, as necessary. If the Receiver is still unable to resolve the issue, the Receiver shall notify the Court and request appropriate action. If the Court determines that the third party is unlawfully preventing implementation of constitutionally required remedies, the Court may grant additional, appropriate relief.

> **Commented [A22]:** The Receiver must comply with State law. No showing has been made that State procurement laws are unconstitutional. There is no lawful basis to empower the Receiver to ignore constitutional State laws. The Court cannot lawfully be empowered to grant "additional relief" against Defendants based on the actions of unidentified third parties.

### E. Access

The Receiver, including Office of Receiver staff and consultants, shall have unlimited access to all County, Jail, and contractor (including medical provider) records and files (paper and electronic), including all institutional, personnel, financial, and detainee records, as deemed necessary by the Receiver to carry out their duties under this Order. The Receiver, and Office of Receiver personnel as authorized by the Receiver, shall have unlimited physical access to RDC. The Receiver, and Officer of Receiver personnel as authorized by the Receiver, shall not need to give notice before entering RDC. Nothing in this provision is intended to limit or prohibit the Receiver, or Office of Receiver staff and consultants, from having reasonable access to other facilities or locations housing RDC detainees, RDC staff, RDC records, or providing services or supplies for RDC. The Receiver, and Office of Receiver personnel as authorized by the Receiver, shall have unlimited communications access to detainees, detention officers, RDC

> **Commented [A23]:** "Jail" should say "RDC."

managers, medical and mental health staff, and maintenance staff. This access includes the authority to conduct confidential, ex parte interviews. This access also includes access to medical, mental health, and maintenance contractors, including representatives of Benchmark Construction and any firms retained to renovate or replace RDC facilities. The Receiver, and Office of Receiver personnel as authorized by the Receiver, shall also have the authority to communicate ex parte, and confidentially, with each party and the party's legal representatives, as well as with the Court.

> **Commented [A24]:** The Receiver should not be permitted to conduct ex parte interviews of Defendants' managers or contractors. Ex parte contacts between the Receiver and a party should be discouraged.

### F. Immunity and Indemnification

The Receiver and the Receiver's staff shall have the status of officers and agents of the Court, and as such shall be vested with the same immunities as vested with the Court. Defendants shall completely indemnify the Receiver and the Receiver's staff in any litigation brought against the Receiver regarding activities conducted in the course of the Receiver's official duties.

> **Commented [A25]:** Should be limited to actions taken within the scope of the Order Appointing Receiver.

### G. Public Statements and Conflicts

The Receiver and Receiver's staff may not make any public statements (at a press conference or otherwise) with regard to any act or omission of the County, or disclose information provided to the Receiver pursuant to this Receivership, except as authorized by this Order, the Court, or by joint stipulation of the parties.

Without leave of the Court, the Receiver and Receiver's staff may not testify in any litigation or proceeding other than this case with regard to any act or omission of the County, or the County's agents, representatives, or employees, as those acts or omissions relate to the Court's Orders. The preceding restriction does not apply to any legal action brought by the Receiver or the Receiver's staff against the County to obtain compensation for past services or to

enforce their rights under this Order. Unless called to testify by the Court or one of the parties, the Receiver and Receiver's staff may not testify regarding any matter or subject that they may have learned as a result of their performance under this Agreement. Unless such conflict is waived in writing by the County and the United States, the Receiver and Receiver's staff must not accept employment or provide consulting services that would present a conflict of interest with their responsibilities under this Receivership, including being retained (on a paid or unpaid basis) by any current or future private litigant or claimant, or such litigant's or claimant's attorney, in connection with a claim or suit against the County or the United States, including their departments, officers, agents or employees, regarding the subject matter of this case. If the parties cannot agree on whether to waive a conflict, they may seek appropriate relief from the Court. The mere fact that the Receiver or the Receiver's staff provide expert opinion or consulting services regarding civil rights or institutional reform does not itself constitute a conflict, where such opinion or services are provided regarding another jurisdiction.

The Receivership is not a State, County or local agency; nor is the Receiver an agent of State, County, or local agency. Accordingly, records maintained or in the custody of the Receiver must not be deemed public records subject to public inspection.

> **Commented [A26]:** The Receiver's records should generally be subject to public inspection. Plaintiff is proposing giving the Receiver a blank check and allowing the Receiver to operate in secret.

### IV.   OFFICE OF THE RECEIVER

A.   The Receiver shall receive reasonable compensation for the Receiver's services and expenses in an amount to be approved by the Court.

> **Commented [A27]:** The Receiver candidates should be required to disclose what they deem to be "reasonable compensation" before any Receiver is appointed. The Receiver's compensation should be capped. Defendants proposed a $75,000 cap. Even at an excessive hourly rate of $175, that would allow for 429 hours.

B.   The Receiver shall establish an Office of the Receiver and a budget for the Office. The Receiver shall establish the Office in a physical location to be determined in consultation with the Court. The Office of the Receiver shall have staffing necessary to fully carry out the Receiver's duties as set forth in this Order, including any necessary legal representation for the

> **Commented [A28]:** The United States is proposing a Receiver, an Office of Receiver, legal expenses, administrative staff, consultants, quarterly audits, annual independent financial audits, and Monitors. The Receiver's total budget should be capped.

Receiver and the Receiver's staff, necessary administrative staff, and the consultants referenced in Section I above. The Receiver shall be authorized to set reasonable compensation and terms of service for each member of the Receiver's staff and to enter into contracts with these individuals through the Office of the Receiver. The Office's budget, staff compensation, staff terms of service, and other significant Office of Receiver financial agreements entered into by the Receiver, are subject to approval by the Court before they may take effect.

C. Because time is of the essence, and in order to begin operations immediately, Defendants shall, within 30 days of the date of this Order, establish an initial operating fund with the Court in the amount of $ _____. The Receiver shall submit monthly requests to the Court for payment from this fund. Further funds for the Office of the Receiver shall be deposited to the Receiver's Office Fund Account set forth in paragraph E. below.

> **Commented [A29]:** This should be within 45 days of the date of this Order.

D. Throughout the term of the Receiver, the Receiver shall submit to the Court a quarterly accounting of all receipts and expenditures of the Office of the Receiver and shall arrange for an independent financial audit of the Receiver's Office Fund Account on an annual basis.

> **Commented [A30]:** With a copy to the County.

> **Commented [A31]:** By a firm selected by the County.

E. Within 45 days from the date of appointment, the Receiver shall establish an interest-bearing account, with respect to which the Receiver shall be the signatory and fiduciary. This account shall be designated as the Receiver's Office Fund Account and shall be maintained solely for the reasonable and necessary expenses associated with the operation of the Office of the Receiver, including salaries and consulting fees. The Receiver shall arrange with Defendants a system for regularly replenishing the Receiver's Office Fund Account.

F. Within 75 days of the date of effective appointment, the Receiver shall establish a budget for the Office of the Receiver's first year of operation. The Receiver shall also establish a

> **Commented [A32]:** "establish" should be "propose"

> **Commented [A33]:** "establish" should be "propose"

budget for the Office of the Receiver for each subsequent year of operation, with each such budget due 90 days in advance of each budget year. The budget for the Office of Receiver is separate from the Jail budget referenced in Section II.C above.

> **Commented [A34]:** "Jail" should say "RDC."

## V. COSTS AND EXPENSES

All costs and expenses incurred in the implementation of the policies, plans, and decisions of the Receiver relating to the fulfillment of the Receiver's duties under this Order shall be borne by Defendants. Defendants shall also bear all costs and expenses of establishing and maintaining the Office of Receiver, including, as necessary, budgeted rent, office supplies, travel expenses, and the compensation of the Receiver, the Receiver's subject matter consultants, and the administrative staff.

> **Commented [A35]:** Total costs and expenses should be capped.

## VI. TERM OF RECEIVER POSITION

The Receivership shall remain in place no longer than necessary to remedy the unconstitutional conditions justifying the appointment. The Receivership will end as soon as the Court finds that Defendants have remedied the Jail's unconstitutional conditions and achieved substantial compliance with the Court's Orders.[4] The Court anticipates that substantial compliance will be achieved by the time RDC closes and detainees have been moved into the new Jail facility, and expects remediation of other non-physical-plant-related deficiencies by that time as well. Once the Receiver is no longer in place, Defendants must sustain compliance with the Court's Orders for two years. The Court will consider continuing or reinstating a Monitorship to assist the Court in making that determination. *See* ECF No. 169, Para. 16.

> **Commented [A36]:** The Receivership should end upon the opening of the New Jail, if not sooner.
>
> **Commented [A37]:** "Jail" should say "RDC."
>
> **Commented [A38]:** Once the Receiver is in place, the Receiver, not the County, should be charged with compliance.
>
> **Commented [A39]:** Once the Receiver is in place, the Receiver, not the County, should be charged with compliance. Once the Receiver is no longer in place, this matter should be concluded. At that point, if DOJ believes the constitutional rights of detainees are being violated, it should file a new lawsuit,
>
> **Commented [A40]:** No monitorship should continue, but if it does, the current monitors should be replaced.

---

[4] "Substantial compliance" indicates that the County has achieved compliance with the essential components of the Court's Orders, any defects or omissions are not constitutionally significant, and actual conditions meet the constitutional standards required by those orders.

The Court expects that the Receiver will transition operational responsibilities and powers over RDC back to Defendants as Defendants demonstrate the ability to operate RDC in a constitutional manner. Prior to any transfer of powers and responsibilities to the Defendants, the Receiver shall develop a Transition Plan for Post-Receiver Governance of RDC ("Transition Plan"). The Transition Plan shall provide long-term management and policy recommendations as to the overall structure and funding of RDC and the Jail, and as to Defendants' responsibilities. The Transition Plan also will provide specific operational guidance to Defendants so that they can sustain constitutional conditions after powers and authority have been transferred back to them. All parties will have 21 days to comment on the Transition Plan before it is filed with the Court for the Court's approval.

> **Commented [A41]:** No Transition Plan should apply to the New Jail.
>
> **Commented [A42]:** The United States' proposed Order does not identify the difference between "RDC" and "Jail."

The Receiver is expected to manage RDC in a manner that is professional and consistent with generally accepted management, accounting, and personnel standards. In the event a party has a concern about the Receiver's management of RDC or their ability to expedite compliance with the Court's Orders, the party may petition the Court and in response, the Court may remove the Receiver for good cause. If the Receiver position becomes vacant, the parties shall each have the opportunity to propose up to three replacement candidates to the Court.

> **Commented [A43]:** "Their" is ambiguous in this context; the Receiver is now responsible for "expedit[ing] compliance."

### VII.   DUTIES AND RIGHTS OF THE PARTIES

All Defendants, and all agents, or persons within the employ, of any Defendant in this action (including the medical provider and any other contract employees), and all persons in concert and participation with them, and all counsel in this action, shall fully cooperate with the Receiver in the discharge of the Receiver's duties under this Order, and shall promptly respond to all inquiries and requests related to compliance with the Court's Orders in this case. Any person who interferes with the Receiver's access, as set forth in Section III.E., or otherwise

thwarts or delays the Receiver's performance of the Receiver's duties under this Order, shall be subject to contempt proceedings before the Court.

Counsel for Defendants shall ensure that all individuals involved in the custody, care, and supervision of detainees at RDC are given prompt notice of the substance of this Order. Defendants shall notify the Court in writing of their compliance with this paragraph within 30 days of the date of this Order. <span style="color:blue">[Commented [A44]: This should be the Receiver's responsibility.]</span>

Nothing in this Order shall be interpreted to limit or deny the parties' pre-existing rights of access, discovery rights, or other rights under the Federal Rules of Civil Procedure. The parties will each retain their rights of access to documents, detainees, staff, and the Jail. <span style="color:blue">[Commented [A45]: "Jail" should say "RDC."]</span> This includes the United States' rights under the New Injunction, including the United States' right to interview detainees confidentially. It also includes the parties' right to inspect the Jail with their <span style="color:blue">[Commented [A46]: "Jail" should say "RDC."]</span> own experts, provided they give the Receiver reasonable notice of their intent to inspect. The parties will each have the right to communicate directly, ex parte, with the Receiver. <span style="color:blue">[Commented [A47]: Such ex parte communications should be discouraged.]</span> In the event of a dispute, the parties or the Receiver may inform the Court and obtain appropriate relief. <span style="color:blue">[Commented [A48]: The United States' rights under the New Injunction should terminate upon the appointment of the Receiver.]</span>

## VIII. MODIFICATION

Given that the Receiver position is significant in its scope and dimension, the Court finds that flexibility will be an important element in ensuring its effectiveness. Accordingly, this Order may be modified as necessary from time to time in accordance with federal law, including by motion of the parties or at the Receiver's written request, to assure the success of the Receiver and the eventual return of RDC to the operation and control of the Defendants. <span style="color:blue">[Commented [A49]: Modification should be permitted only upon a written finding of the Court that good cause exists to modify this Order in furtherance of implementing the New Injunction to achieve compliance with constitutional minimums]</span>

Dated: _____           _____
                         CARLTON W. REEVES
                         U.S. DISTRICT JUDGE

PD.39520770.1