IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> v. <br><br> HINDS COUNTY, ET AL., <br><br> DEFENDANTS. | Case No.: 3:16-cv-00489-CWR-RHWR |

**UNITED STATES' MOTION FOR CLARIFICATION**

Pursuant to Federal Rule of Civil Procedure 60(a), the United States moves this Court to confirm that it found that the relief contained in the Order Appointing Receiver, ECF No. 215, and the Order describing the scope of the Receiver's duties, ECF No. 216, complies with the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626. *See* Fed. R. Civ. P. 60(a) (allowing court to address oversights and omissions prior to the docketing of an appeal). The Court issued those two remedial orders on October 31, 2022, after a 12-day evidentiary hearing on Defendants' motion to terminate or, alternatively, modify the parties' consent decree, ECF No. 111, and on the Court's order to show cause, ECF No. 100, and a one-day hearing on Defendants' motion for reconsideration of the Court's second order of contempt, ECF No. 171. Following those hearings, the Court issued extensive orders amending the consent decree and imposing a receivership as a sanction for contempt. *See* ECF Nos. 168, 204.

The United States seeks confirmation from the Court that, based on the record evidence and consistent with its prior order finding that receivership was necessary to remedy contempt and ongoing constitutional violations, ECF No. 204, the Court also found that the relief in its

receivership orders "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right" and will not have an "adverse impact on public safety or the operation of a criminal justice system."  18 U.S.C. § 3626(a); *see Plata v. Schwarzenegger,* No. C01-1351 TEH, 2005 WL 2932253, at *25-*33 (N.D. Cal. Oct. 3, 2005) (applying "need-narrowness-intrusiveness" standard of the PLRA and combining that analysis with the receivership factors analysis).

Accordingly, the United States seeks confirmation that the Court made those required PLRA findings in support of its remedial orders.[1]  Since Defendants have noticed appeals of the recent receivership orders, ECF Nos. 215, 216, this Court has until those appeals are docketed to make any such clarification.  *See* Fed. R. Civ. P. 60(a) (permitting sua sponte clarifications prior to docketing appeal).

Respectfully submitted,

| | |
|---|---|
| DARREN J. LaMARCA | KRISTEN CLARKE |
| United States Attorney | Assistant Attorney General |
| Southern District of Mississippi | Civil Rights Division |
| | |
| | STEVEN H. ROSENBAUM |
| | Chief |
| | Civil Rights Division |
| | Special Litigation Section |
| | |
| MITZI DEASE PAIGE (MS #6014) | LAURA L. COWALL (DC #481379) |
| Assistant U.S. Attorneys | Deputy Chief |
| U.S. Attorney's Office | laura.cowall@usdoj.gov |
| Southern District of Mississippi | (202) 514-1089 |
| 501 E. Court Street – Ste. 4.430 | (202) 514-0212 (fax) |

---

[1] The United States files this motion without a separate memorandum of law as the Court's process for bringing in a receiver and the PLRA's timelines involve "necessitous and urgent matters" that may need to be addressed quickly.  *See* Local Rule 7(b)(4).  If the Court believes more detailed briefing is necessary, however, the United States would request the opportunity to submit a memorandum of law.

Jackson, MS 39201
Mitzi.Paige@usdoj.gov
(601) 973-2840
(601) 965-4409 (fax)

/s/ Christopher N. Cheng
CHRISTOPHER N. CHENG (PA #69066)
Trial Attorney
christopher.cheng@usdoj.gov
(202) 514-8892
(202) 514-0212 (fax)

HELEN VERA (DC #1025735)
Trial Attorney
helen.vera@usdoj.gov
United States Department of Justice
Civil Rights Division
Special Litigation Section
4 Constitution Square
150 M St., N.E.
Washington, DC  20002

DATED:  November 2, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that on November 2, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

      */s/ Christopher N. Cheng*
CHRISTOPHER N. CHENG
Attorney for the United States
United States Department of Justice
Civil Rights Division, Special Litigation Section
4 Constitution Square
150 M. Street, NE
Washington, DC 20530