IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| VS. | NO. 3:16-CV-489-CWR-RHWR |
| **HINDS COUNTY, ET AL.** | **DEFENDANTS** |

### RESPONSE IN OPPOSITION TO MOTION FOR CLARIFICATION

Defendants Hinds County, Mississippi, and Sheriff Tyree Jones, in his official capacity (collectively, "the County"), respectfully submit this Response in opposition to Plaintiff's [221] Motion for Clarification.

### Introduction

The United States' [221] Motion for Clarification should be denied on its face given this Court has no jurisdiction to award the relief requested. Even if the Court somehow proceeds to address the [221] Motion, it fails on the merits. Consequently, the [221] Motion should be denied.

### Relevant Background

On June 23, 2016, the United States of America sued the County under 42 U.S.C. § 1997, alleging the County deprived "prisoners of rights, privileges, or immunities secured and protected by the Constitution of the United States." [1] Compl. ¶ 1. That same day, a [2] Joint Motion seeking entry of a consent decree was filed. Less than one month later, a [8-1] Consent Decree was entered on July 19, 2016.

On November 23, 2021, the Court *sua sponte* entered an [100] Order to Show Cause, directing the County to show cause as to why it should not be found in contempt and a receiver appointed to operate the RDC. On January 21, 2022, the County filed its [111] Motion to

Terminate the Consent Decree under the PLRA. The Court subsequently found that the Consent Decree exceeded constitutional minimums. *See* [168] Order Amending Consent Decree.

On February 4, 2022, before holding a hearing on the Order to Show Cause and the County's Motion to Terminate, the Court issued its [126] First Order of Contempt. The Court subsequently held a hearing from February 14 to March 1, 2022. On April 13, 2022, the Court entered its [168] Order Amending Consent Decree and the [169] New Injunction. Both the County and the United States timely appealed those orders. *See* [185] 186] Notices of Appeal.

The Court issued a [165] Second Order of Contempt on March 23, 2022. The County sought reconsideration of that contempt Order. *See* [171] Motion. The Court issued an [204] Order Denying the Motion for Reconsideration and Imposing Sanctions for Contempt. The County timely appealed that Order. *See* [212] Notice of Appeal. On July 5, 2022, the County filed a [191] Motion to Stay Proceedings Pending Appeal, which sought a stay of the New Injunction. The Court denied that Motion to Stay. *See* [211] Order.

On October 31, 2022, the Court entered an [215] Order Appointing Receiver and an [216] Order outlining the Receiver's duties. On November 1, 2022, the County timely appealed the Receiver Orders. *See* [217] [218] Notices of Appeal. On November 2, 2022, Plaintiff filed its [221] Motion for Clarification, arguing that Rule 60(a) allowed the Court to "confirm" that the [215] Order Appointing Receiver and [216] Order outlining the Receiver's duties satisfy various substantive legal requirements for entering prospective relief under the PLRA. The [221] Motion should be denied.

PD.40431226.1

**Argument and Authorities**

*A. Plaintiff's Motion should be denied outright for lack of jurisdiction.*

As a threshold matter, the Court has no jurisdiction to grant Plaintiff's [221] Motion because the County timely appealed the orders Plaintiff now asks the Court to amend. The governing rule is straightforward: "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) (quoting *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)). Here, the Court entered its [215] Order Appointing Receiver and [216] Order outlining the Receiver's duties on October 31, 2022. The next day, November 1, 2022, the County appealed both orders. *See* [217] [218] Notices of Appeal. On November 2, 2022, Plaintiff filed its [221] Motion for Clarification. This [221] Motion, however, was untimely due to the temporal efficiency with which the County appealed the two orders Plaintiff's [221] Motion seeks to amend. *See id.* ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). This fact alone warrants denial of Plaintiff's [221] Motion seeking relief through Rule 60(a).

If there could be any doubt about this reality, Rule 60(a)'s plain terms would remove it. The Rule:

> Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But ***after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.***

Fed. R. Civ. P. 60(a) (emphasis added). The County's appeals related to both the [215] Order Appointing Receiver and [216] Order outlining the Receiver's duties were docketed by the Fifth Circuit on November 7, 2022. *See* Nov. 7, 2022, Letters from L. Cayce to N. Morisani, attached as **Composite Exhibit "A."** This, of course, was prior to any order being entered on Plaintiff's [221] Motion. Consequently, Plaintiff's [221] Motion should be denied outright.

### B. *Even if the Court reaches the merits of the [221] Motion, it should be denied.*

Even if the Court reaches the merits of Plaintiff's [221] Motion requesting "clarification," the motion has no merit. First, the relief requested, a mere confirmation that certain legal analysis was performed and legal conclusions were reached, is utterly inconsistent with binding Fifth Circuit precedent. Second, Rule 60(a) does not afford the relief Plaintiff seeks.

*1. Ignoring Fifth Circuit precedent regarding the findings required for prospective relief, Plaintiff's request for clarification is a non-starter.*

On the merits, Plaintiff's motion fares no better. "Under § 3626, unless a court makes specific written findings regarding the continuing necessity of prospective relief, it must terminate such relief." *Ruiz v. United States*, 243 F.3d 941, 950 (5th Cir. 2001). Recognizing that the [215] Order Appointing Receiver and the [216] Order outlining the Receiver's duties place additional prospective relief on the County, Plaintiff concedes that the Court must make specific findings as to the need-narrowness-intrusiveness criteria. *See* [221] Mot. 1-2.

Plaintiff, however, essentially asks the Court to waive a magic wand and make those findings in conclusory fashion:

> [Plaintiff] seeks confirmation from that Court that, based on the record evidence and consistent with its prior order finding that receivership was necessary to remedy contempt and ongoing constitutional violations, ECF No. 204, the Court also found that the relief in its receivership orders "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right" and will not have an "adverse impact on public safety or the operation of a criminal justice system."

4

*Id.*

However tenuously such a revisionist view may be supported by an unpublished, out-of-circuit district court opinion whose precedential value is (at best) merely persuasive,[1] Fifth Circuit precedent requires more. "It is not enough [for the district court] to simply state in conclusory fashion that the requirements of the consent decree[] satisfy those criteria." *Ruiz v. United States*, 243 F.3d 941, 950 (5th Cir. 2001) (quoting *Cason v. Seckinger*, 231 F.3d 777, 785 (11th Cir. 2000)). The Court must make "particularized findings, on a provision-by-provision basis, that each requirement imposed by the [order of prospective relief] satisfies the need-narrowness-intrusiveness criteria . . . ." *Id.* (quoting *Cason*, 231 F.3d at 785). This, however, is not what Plaintiff seeks. *See* [221] Mot. 2 (seeking "confirmation that the Court made those required PLRA findings"). Moreover, because the requisite provision-by-provision analysis is absent from the Court's [215] Order Appointing Receiver and [216] Order outlining the Receiver's duties, there is nothing on which the Court can predicate the requested "clarification" or "confirmation." Accordingly, even if the Court reached the merits of Plaintiff's [221] Motion, it should be denied.

### 2. *Rule 60(a) does not afford Plaintiff the relief it seeks.*

"As th[e Fifth Circuit] has repeatedly indicated, Rule 60(a) provides a specific and very limited type of relief." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (citing cases). "Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Id.* (quoting *Matter of W. Texas Mktg. Corp.*,

---

[1] The lone authority on which Plaintiff relies is *Plata v. Schwarzenegger*, No. C01-1351-THE, 2005 WL 2932253, at **25-33 (N.D. Cal. Oct. 3, 2005). *See* [221] Mot. 2.

12 F.3d 497, 503 (5th Cir. 1994)). "Correction of an error of 'substantive judgment,' therefore, is outside the reach of Rule 60(a)." *Matter of W. Texas Mktg. Corp.*, 12 F.3d at 503 (quoting *Dura–Wood Treating Co., Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.*, 694 F.2d 112, 114 (5th Cir. 1982)). Similarly, errors of law are not correctable through Rule 60(a). *Id.* at 504.

> In sum, the relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." *Id.* at 4 If, on the other hand, cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available to salvage the government's blunders. Let it be clearly understood that Rule 60(a) is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).

*Id.* at 504-05.

Here, Plaintiff do not raise a mere scrivener's error. The "clarification" Plaintiff requests requires substantive legal analysis of numerous provisions in both the [215] Order Appointing Receiver and the [216] Order outlining the Receiver's duties coupled with legal conclusions regarding whether those provisions satisfy the PLRA's need-narrowness-intrusiveness criteria. Far from a "mindless or mechanical mistake[ or] minor shifting of facts," the relief Plaintiff seeks requires more than Rule 60(a) can provide. Plaintiff's [221] Motion should be denied.

## Conclusion

The County respectfully requests that the Court deny Plaintiff's [221] Motion to Reconsider.

Dated: November 16, 2022.

                                              Respectfully submitted,

                                              **PHELPS DUNBAR, LLP**

BY:  /s/ *Nicholas F. Morisani*
       Reuben V. Anderson, MB #1587
       W. Thomas Siler, Jr., MB #6791
       James W. Shelson, MB #9693
       Nicholas F. Morisani, MB #104970
       Loden P. Walker, MB#105996
       4270 I-55 North
       Jackson, Mississippi 39211-6391
       Post Office Box 16114
       Jackson, Mississippi 39236-6114
       Telephone: 601-352-2300
       Telecopier: 601-360-9777
       Email: reuben.anderson@phelps.com
              tommy.siler@phelps.com
              jim.shelson@phelps.com
              nick.morisani@phelps.com
              loden.walker@phelps.com

                                       **ATTORNEYS FOR DEFENDANTS**

PD.40431226.1

## CERTIFICATE OF SERVICE

I certify that on November 16, 2022, I had this Response electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter.

/s/ *Nicholas F. Morisani*
NICHOLAS F. MORISANI
