IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 3:16-cv-00489-CWR-BWR |
| | ) | |
| HINDS COUNTY, ET AL., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

**UNITED STATES' REBUTTAL MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION FOR CLARIFICATION**

Two days after the Court issued receivership orders, the United States immediately

identified a potential technical error based on the Court not expressly incorporating language

from the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626.  Order Appointing Receiver,

ECF No. 215, Oct. 31, 2022; Order 2, ECF No. 216, Oct. 31, 2011 (defining scope of receiver

duties); U.S. Mot. for Clarification, ECF No. 221, Nov. 2, 2022.  In response, Defendants assert

that the Court has no jurisdiction to consider the United States' motion under the Federal Rules,

Resp. in Opp'n. 3, ECF No. 230, and that even if jurisdiction existed, the Court should deny the

motion based on the PLRA and the Federal Rules of Civil Procedure, Resp. in Opp'n 4-5, ECF

No. 230.  Defendants' position ignores the express language of the Federal Rules, the history of

this case, and applicable precedent.

**I.**     **Rule 62.1 Permits an Indicative Ruling on the United States' Motion.**

Defendants' jurisdiction argument ignores this Court's ability to issue an indicative

ruling under Fed. R. Civ. P. 62.1 after an appeal of the order at issue has been docketed.  *See*

Resp. in Opp'n 3, ECF No. 230.  The United States' Motion for Clarification is based upon Rule

60(a), which expressly grants the Court the authority to grant a motion regarding technical errors

before any appeal of that order is docketed.[1]  Fed. R. Civ. P. 60(a).  The United States filed its

Motion for Clarification just two days after the Court entered the receivership orders, which was

within the timeframe allowed by the rules.  Once Defendants' appeal of the receivership orders

was docketed on November 7, 2022, however, the District Court became limited in how it can

handle the United States' Motion for Clarification.  Under Fed. R. Civ. P. 62.1, the District Court

may defer the motion, deny it, or give an "indicative ruling" to the appellate court signaling that

it might be appropriate for the appellate court to remand the case in order for the District Court to

act on the motion.  Fed. R. Civ. P. 62.1.  An indicative ruling could state either that the District

Court would grant the motion if the Court of Appeals remands for that purpose or that the motion

raises a substantial issue.  *Id.*  Here, it would be appropriate for the District Court to issue an

indicative ruling that it would grant the United States' requested clarification if the Court of

Appeals were to remand for that purpose.  Such a ruling would clarify for the Court of Appeals

that the District Court found that receivership satisfied PLRA requirements, for the same reasons

that it met the factors necessary for ordering a receivership as set forth in *Plata v.

Schwarzenegger*, No. C01-1351 TEH, 2005 WL 2932253, at *23 (N.D. Cal. Oct. 3, 2005)

(collecting cases), *aff'd, Brown v. Plata*, 563 U.S. 493 (2011).

## II.     The Court Should Clarify that It Found Receivership to Meet PLRA Requirements for the Same Reasons Articulated in its Receivership Analysis.

Defendants are incorrect in their argument that there is nothing upon which the Court can

rely to clarify its PLRA findings and that adding a PLRA cite is anything more than a clerical

---

[1] The District Court also has the option under Fed. R. Civ. P. 59(e) to amend a judgment based on a motion filed within 28 days after the entry of the judgment.

correction permitted by Fed. R. Civ. P. 60(a).  Resp. in Opp'n. 4-5, ECF No. 230.  The

receivership orders are part of extensive PLRA and enforcement proceedings, which included

two hearings that addressed the PLRA, current and ongoing conditions in the Jail, active court

orders, and Defendants' contempt of those orders. *See* First Order of Contempt, ECF No. 126;

Second Order of Contempt, ECF No. 165; Order Supporting New Inj., ECF No. 168; New Inj.,

ECF No. 169; Order ECF No. 204 (imposing sanctions, denying defendants' motion to

reconsider, and issuing PLRA findings); Order Den. Mot. to Stay New Inj., ECF No. 211; Order

Appointing Receiver, ECF No. 215; Order on Scope of Receivership, ECF No. 216.

During these proceedings, the Court expressly addressed the PLRA's requirements when

entering injunctive relief and promising additional sanctions. *See, e.g.*, New Inj., ECF No. 169;

Order, ECF No. 204.  Relying on the same record, the Court subsequently provided its extensive

legal reasoning for why it was "time to appoint a receiver" as the Court sanctioned Defendants for

their contempt and ongoing constitutional violations, and provided a 26-page analysis of factors

courts apply when appointing receivers.  Order, ECF No. 204.  After explaining the need and

legal basis for a receiver, the Court gave the parties the opportunity to propose receivership order

provisions and entered the receivership orders naming the receiver and outlining the receiver's

duties, Order Appointing Receiver, ECF No. 215; Order on Scope of Receivership, ECF No.

216. Given the Court's findings of ongoing constitutional violations and the necessity of a

receivership, the Court clearly believed the receivership remedy complied with and was justified

under the PLRA.  The Court, however, omitted citation to the PLRA's need-narrow-

intrusiveness requirement, 18 U.S.C. § 3626(a)(1), in the orders naming the receiver and

outlining the receiver's duties.  Order Appointing Receiver, ECF No. 215; Order on Scope of

Receivership, ECF No. 216.

This is the kind of clerical error that can be addressed by Fed. R. Civ. P. 60(a) because the Court may rely on the same evidence and analysis that it used to find that the receivership factors warrant that remedy. *See Plata*, 2005 WL 2932253, at \*25-33 (applying "need-narrowness-intrusiveness" standard of the PLRA and combining that analysis with the receivership factors analysis). Thus, the Court may rely on its extensive analysis of the receivership factors, *see* Order, ECF No. 204 at 7-26, to articulate that receivership also meets the requirements of the PLRA, 18 U.S.C. § 3626(a). It should therefore issue an indicative ruling that, if remanded for this purpose, it would clarify that receivership "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right" and will not have an "adverse impact on public safety or the operation of a criminal justice system." 18 U.S.C. § 3626(a).

For the foregoing reasons, the Court should issue an indicative ruling that it would grant the United States' Motion for Clarification under Federal Rules of Civil Procedure 60 and 62.1.

Respectfully submitted,

DARREN J. LaMARCA
United States Attorney
Southern District of Mississippi

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Civil Rights Division
Special Litigation Section

MITZI DEASE PAIGE (MS #6014)
Assistant U.S. Attorneys
U.S. Attorney's Office
Southern District of Mississippi
501 E. Court Street – Ste. 4.430

LAURA L. COWALL (DC #481379)
Deputy Chief
laura.cowall@usdoj.gov
(202) 514-1089
(202) 514-0212 (fax)

Jackson, MS 39201
Mitzi.Paige@usdoj.gov
(601) 973-2840
(601) 965-4409 (fax)

/s/ Christopher N. Cheng
CHRISTOPHER N. CHENG (PA #69066)
Trial Attorney
christopher.cheng@usdoj.gov
(202) 514-8892
(202) 514-0212 (fax)

HELEN VERA (DC #1025735)
Trial Attorney
helen.vera@usdoj.gov
United States Department of Justice
Civil Rights Division
Special Litigation Section
4 Constitution Square
150 M St., N.E.
Washington, DC  20002

DATED:  November 22, 2022

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on November 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.


       <u>*/s/ Christopher N. Cheng*</u>
       CHRISTOPHER N. CHENG
       Attorney for the United States
       United States Department of Justice
       Civil Rights Division, Special Litigation Section
       4 Constitution Square
       150 M. Street, NE
       Washington, DC 20530