## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**UNITED STATES OF AMERICA**,

            *Plaintiff*,

v.                                                CAUSE NO. 3:16-CV-489-CWR-BWR

**HINDS COUNTY, ET AL.**,

            *Defendants.*

### ORDER

Before the Court are the United States' *Motion for Clarification*, Docket No. 221, the defendants' response in opposition, Docket No. 230, and the United States' reply, Docket No. 233. Having reviewed the submissions of the parties, along with relevant case law, the motion will be granted.

**I.**    **Factual and Procedural History**

On October 31, 2022, the Court appointed Wendell M. France, Sr. to be Receiver of the Raymond Detention Center (RDC). Docket No. 215. In a separate Order issued that same day, after weighing and considering the parties' submissions, Docket Nos. 209-10, the Court outlined the scope of the Receiver's Duties and Responsibilities. Docket No. 216.

Under the Prison Litigation Reform Act (PLRA), the United States seeks confirmation, based on the Court's prior ruling, that the relief in the Receivership Orders is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, is the least intrusive means necessary to correct the violation of the Federal right" and will not have an "adverse impact on public safety or the operation of a criminal justice system." 18 U.S.C.

§ 3626(a); *see Plata v. Schwarzenegger*; No. C01-1351 TEH, 2005 WL 2932253, at *25-*33 (N.D. Cal. Oct. 3, 2005) (applying "need-narrowness-intrusiveness" standard of the PLRA and combining that analysis with the receivership factors analysis). The County responds that the Court does not have jurisdiction to grant the motion because the County timely appealed the Receivership Orders. Docket No. 230.

## II.      Legal Standard

Once a notice of appeal has been filed, jurisdiction over that aspect of the case is no longer vested in the district court. *Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020). However, Federal Rule of Civil Procedure 62.1 provides that a district court may issue an indicative ruling on a motion when ruling on such motion is barred by a pending appeal. *See* Fed. R. Civ. P. 62.1.

Pursuant to Rule 62.1, a district court may adjudicate such a motion in one of three ways: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id.* at 62.1(a)(1)-(3). If the district court elects to grant the motion or determines that the motion raises a substantial issue, the Court of Appeals may remand for further proceedings. *Id.* at 62.1(c).

## III.     Discussion

The County timely filed a notice of appeal on November 1, 2022. Docket No. 217. Although the United States filed its present motion within 24 hours of that event, *see* Docket No. 221, the filing of the notice of appeal divested this Court of jurisdiction to clarify its Receivership Orders. Accordingly, under Rule 62.1, the Court can elect to defer, deny, or

indicate that it would grant the plaintiff's motion or that the motion raises a substantial issue. *See* Fed. R. Civ. P. 62.1.

On April 13, 2022, the Court issued a 149-page Order describing ongoing constitutional violations at RDC. Docket No. 168. It determined, "provision-by-provision, which elements of the Consent Decree are necessary, narrowly drawn, and extend no further than necessary to correct ongoing constitutional violations," in accordance with the PLRA. *Id.* at 23. Then, on July 29, 2022, the Court followed-up with a 26-page analysis explaining why the ongoing constitutional violations at the RDC necessitated a Receivership. Docket No. 204. The Court gave the parties the opportunity to propose candidates for the Receivership and the Receivership's Duties and Responsibilities, *see* Docket Nos. 209-10, considered their submissions, and ultimately made its selection.

By relying on the same record, and by ruling in series, the Court unequivocally believed then, and still believes, that the Receivership remedy complies with the PLRA.

The Fifth Circuit has not yet determined whether the Court's use of the "magic words" is necessary to confirm that the Court made PLRA findings in support of its remedial orders. If remanded for that purpose, though, the Court would clarify that the Receivership "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right" and will not have an "adverse impact on public safety or the operation of a criminal justice system." 18 U.S.C. § 3626(a).

3

**IV.**     **Conclusion**

For the foregoing reasons, the United States' *Motion for Clarification* is granted.

**SO ORDERED**, this the 2nd day of December, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
