IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *Plaintiff*, v. **HINDS COUNTY, ET AL.**, *Defendants*. | CAUSE NO. 3:16-CV-489-CWR-BWR |

## AMENDED ORDER

Before the Court are the United States' *Motion for Reconsideration*, Docket No. 219, the defendants' response in opposition, Docket No. 229, and the United States' reply, Docket No. 235. Having reviewed the submissions of the parties, along with relevant case law, the motion will be granted in part and denied in part.

**I.     Factual and Procedural History**

In July 2016, the Court entered a Consent Decree resolving the United States' allegations that Defendants Hinds County, Mississippi and the Hinds County Sheriff (together, "the County") were responsible for unconstitutional conditions of confinement at the Hinds County Jail ("the Jail"). Docket No. 8-1. The Consent Decree addressed both the rights of adult detainees at the Jail as well as the rights of youthful detainees charged as adults. *Id.* The Consent Decree required the County to ensure the twin goals of ensuring that 1) youth "charged as adults are separated by sight and sound from adult prisoners" and 2) youth "with serious mental illness and disabilities, including developmental disabilities, receive appropriate programs, supports, education, and services." *Id.* at 37.

In January 2020, the parties entered into a Stipulated Order to resolve the United States' contempt motion, which stemmed from the County's failure to comply with the Consent Decree. Docket No. 60. The Stipulated Order imposed additional requirements on the County to ameliorate ongoing constitutional harms affecting youth charged as adults. *Id.* at 11.

On January 21, 2022, the County moved to terminate or modify the Consent Decree. Docket No. 111. The Court held a lengthy evidentiary hearing and substantially granted the County's motion to modify. Docket No. 168. That decision revised the Consent Decree, excising those provisions that exceeded the constitutional minimum, and collected the necessary remainder into a New Injunction. Docket No. 169. Among the terminated provisions was Section K, which governed and outlined constitutional conditions for youthful detainees at the Jail. Docket No. 168.

In its determination, the Court noted that the County's failure to comply with the Consent Decree exposed youth charged as adults to unconstitutional risks of harm. *Id.* at 65. Citing an incident where a Henley-Young officer used inappropriate force on a youth, the Court described the County's violation of the Consent Decree's requirements for staff training as "insufficient to safeguard youth detainees' constitutional right to protection from harm." *Id.* The Court cited additional examples of dangerous incidents and ongoing constitutional violations at Henley-Young. *Id.* at 85 (citing a report of sexual assault at Henley-Young as an example of the County's non-compliance with sexual safety provisions of the Consent Decree, and of the ongoing risk of harm due to inadequate staffing and supervision).

Ultimately, the Court terminated Section K in its entirety because a separate Consent Decree (which was entered in March 2012 and extended several times over the last decade), overseen by a separate Federal Judge, governed the specific conditions of confinement at Henley-Young. Because it "wishe[d] to avoid interference with that Consent Decree," this Court held that future concerns about Henley-Young would be "best submitted to the discretion and sound judgment of the Presiding Judge in that case." *Id.* at 4 (referencing *J.H. v. Hinds County*, No. 3:11-CV-327-DPJ-FKB (S.D. Miss. filed June 1, 2011)). The United States was never a party in that case.

On October 13, 2022, however, the separate Consent Decree governing Henley-Young was terminated by that Presiding Judge. That Consent Decree no longer exists.

The United States now petitions the Court to exercise its broad discretion under Rule 60(b) to issue an indicative ruling pursuant to Rule 62.1(a)(3) stating that, if the Fifth Circuit remands for this purpose, the Court will modify its Order Amending Consent Decree to reinstate all provisions that remain necessary to address ongoing violations of youthful detainees' rights. The County responds that 1) the request to reinstitute now-terminated provisions related to Henley-Young is impermissible judge-shopping; 2) the *J.H.* Court terminated the *J.H.* Consent Decree with prejudice; 3) the PLRA precludes the United States' request for prospective relief; and 4) Rule 60(b)(5) is inapplicable to the facts of this case.

## II.     Legal Standards

Rule 60(b)(5) provides for relief from final judgment "if the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." *See* Fed. R. Civ. P. 60(b)(5). A district court's decision to grant or

3

deny a motion under Rule 60(b) is reviewed under the abuse of discretion standard. *In re Grimland, Inc*, 243 F.3d 228, 233 (5th Cir. 2001).

But once a notice of appeal has been filed, jurisdiction over that aspect of the case is no longer vested in the district court. *Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020). However, Federal Rule of Civil Procedure 62.1 provides that a district court may issue an indicative ruling on a motion when ruling on such motion is barred by a pending appeal. *See* Fed. R. Civ. P. 62.1.

Pursuant to Rule 62.1, a district court may adjudicate such a motion in one of three ways: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id.* at 62.1(a)(1)-(3). If the district court elects to grant the motion or determines that the motion raises a substantial issue, the Court of Appeals may remand for further proceedings. *Id.* at 62.1(c).

## III.   Discussion

The County timely filed a notice of appeal of the PLRA Order on November 1, 2022. Docket No. 186. The filing of the notice of appeal divested this Court of jurisdiction to rule on the present *Motion for Reconsideration*. Accordingly, under Rule 62.1, the Court can elect to defer, deny, or indicate that it would grant the plaintiff's motion or that the motion raises a substantial issue. *See* Fed. R. Civ. P. 62.1.

Here, the United States' motion raises a substantial issue. Critical facts have changed. Indeed, the Court did elect to terminate Section K in its entirety when paring down the Consent Decree. But the basis for that decision was not the correction of all unconstitutional harms at Henley-Young; rather, that decision was based on the Court's preference to not

interfere with a separate Court's governance of the matter. Oversight by one federal judge was sufficient.

Furthermore, the Court never made express findings about whether the County met the PLRA standard for termination of youthful detainee relief. Docket No. 168 at 110 (noting that the County was only partially compliant with six paragraphs of the original Consent Decree). Now that the basis for the Court's termination of this case's youthful detainee provisions has been eliminated, any relief concerns, at minimum, a substantial issue. If remanded, therefore, the Court would conduct further proceedings to determine whether PLRA-compliant provisions regarding youthful detainees should be incorporated into the New Injunction. *See* Fed. R. Civ. P. 62.1. Advisory Committee's Note. ("The district court is not bound to grant the motion after stating that the motion raises a substantial issue; further proceedings on remand may show that the motion ought not be granted.").

Whether this outcome is an efficient one is not entirely clear at this juncture. It may be more efficient, for example, for the United States to intervene in *J.H.* or simply file a new CRIPA action limited to the conditions of confinement at Henley-Young. But that is a decision reserved for the Executive Branch. The bottom line for the present Motion is this: if instructed to do so by the Fifth Circuit, this Court will examine the facts and law to determine whether tailored youthful-offender provisions should be added into the New Injunction.

**IV.     Conclusion**

For the foregoing reasons, the United States' motion is granted in part and denied in part.

**SO ORDERED**, this the 7th day of December, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
