# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-60203
CONSOLIDATED WITH
No. 22-60301, 22-60527, 22-60597

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

THE HINDS COUNTY BOARD OF SUPERVISORS; HINDS COUNTY SHERIFF TYREE JONES, *In his official capacity*,

*Defendants—Appellants*,

CONSOLIDATED WITH

_____

No. 22-60332

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee/Cross-Appellant*,

*versus*

THE HINDS COUNTY BOARD OF SUPERVISORS; HINDS COUNTY SHERIFF TYREE JONES, *In his official capacity*,

*Defendants—Appellants/Cross-Appellees.*

Case: 22-60203    Document: 00516591154    Page: 2    Date Filed: 12/28/2022
Case 3:16-cv-00489-CWR-BWR    Document 154    Filed 12/28/22    Page 2 of 3

No. 22-60203
c/w Nos. 22-60301, 22-60332, 22-60527, 22-60597

_____

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-489

_____

UNPUBLISHED ORDER

Before ELROD, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:

    This case concerns an injunction entered by the district court, respecting the administration of the Raymond Detention Center in Hinds County, Mississippi. The Detention Center's operations were previously governed by a consent decree, entered into by the United States and Hinds County in July of 2016. Five years later, the district court *sua sponte* held the County in contempt for violations of the consent decree and entered a new injunction concerning the Detention Center, and on the County's motion dissolved the previous consent decree. The district court subsequently appointed a receiver to control the Detention Center's operations. The County appealed, and the United States cross-appealed, challenging the district court's modification of some provisions contained in the original consent decree.

    Since this case has been on appeal, the United States filed two new motions in the district court: (1) a motion to clarify that the injunction comports with the Prison Litigation Reform Act, and (2) a motion for reconsideration respecting the injunction. Specifically, the latter concerns Section K of the consent decree, which in turn sets for regulations concerning juvenile detainees. The new injunction removed Section K from the County's obligations, but the United States contends that additional proceedings are necessary to determine if all or some of the provisions within Section K remain

2

necessary. The district court, recognizing that it was divested of jurisdiction pending appeal, indicated pursuant to Federal Rule of Civil Procedure 62.1 that it would grant the motion to clarify and grant the motion for reconsideration in part, initiating new proceedings concerning Section K.

The County moves to stay the injunction and receiver orders pending appeal, or in the alternative to stay the receiver orders even if the court does not stay the new injunction. The United States moves to remand to allow the district court to effectuate its indicative rulings.

IT IS ORDERED that Appellants' opposed motion to stay the New Injunction and Receiver Orders pending appeal is GRANTED.

IT IS FURTHER ORDERED that Appellants' opposed alternative motion to stay the Receiver Orders even if the court does not stay the New Injunction is DENIED AS MOOT.

IT IS FURTHER ORDERED that Appellee's opposed motion to remand is GRANTED IN PART. This case is remanded on a limited basis only. Specifically, the case is remanded for two exclusive purposes: to allow the district court to rule on the motions to clarify and for reconsideration, and to allow the district to conduct additional proceedings concerning Section K. The district court must complete any additional proceedings and make any modifications to the injunction concerning Section K by no later than January 31, 2023. The stay of the injunction and receiver orders will remain in effect during the pendency of the limited remand and the pendency of the appeal once the case returns to this court.

LIMITED REMAND WITH INSTRUCTIONS.