IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

CAUSE NO. 3:16-CV-489-CWR-BWR

HINDS COUNTY, et al.,

Defendants.

## ORDER

Before the Court are the United States' *Motion to Clarify*, Docket No. 221, the defendants' response in opposition, Docket No. 230, and the United States' reply, Docket No. 233. The Fifth Circuit remanded this case following this Court's issuance of an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1. Docket Nos. 238 and 246. Following the remand, the motion will be granted.

I.      **Factual and Procedural History**

The Court summarizes the factual and procedural history relevant to the present motion as follows.

On April 13, 2022, this Court issued a 149-page Order describing ongoing constitutional violations at the Raymond Detention Center ("RDC") in Hinds County, Mississippi. Docket No. 168. That extensive Order determined, "provision-by-provision, which elements of the [then-existing] Consent Decree [were] necessary, narrowly drawn, and extend[ed] no further than necessary to correct ongoing constitutional violations," in accordance with the Prison Litigation Reform Act (PLRA). Docket No. 168. After removing

those provisions that exceeded the constitutional minimum, the Court wrapped the remaining provisions into "The New Injunction."

Then, on July 29, 2022, the Court followed-up with a 26-page analysis explaining why the ongoing constitutional violations at RDC necessitated a Receivership. Docket No. 204. Those ongoing violations included: 1) persistent shortcomings in staffing, deficiencies in supervision, and the continued severity of physical violence at RDC; 2) RDC's failure to "establish a dedicated mental health unit to ensure the constitutional treatment of detainees with mental illness;" 3) lack of lighting "in many cells," non-functioning cameras, and failures to conduct mandatory welfare checks; 4) the County's efforts to obstruct and frustrate would-be contributors from performing their Court-ordered duties; and 5) the County's lack of responsibility. Docket No. 204. Having considered less-intrusive means (*e.g.*, financial sanctions, contempt sanctions, etc.) of procuring constitutional compliance at RDC, the Court determined that the appointment of a Receiver was tailored to what the record showed to be necessary. *Id.* at 14-17.

The Court invited the parties to offer the names of individuals suitable for the Receiver role and to outline the scope of the Receiver's duties and responsibilities. Docket Nos. 209 and 210. As to the selection of the Receiver, the parties submitted to the Court a total of four Receiver candidates – three from the Department of Justice, and one from the defendants. Docket No. 215. And as to the scope of the Receiver's Duties and Responsibilities, the parties proposed specific enumerated powers by email to the Court.

After reviewing the parties' submissions and interviewing the interested candidates, the Court appointed Wendell M. France, Sr. to be Receiver of RDC on October 31, 2022. Docket No. 215. In a separate Order issued that same day, the Court outlined the scope of the

Receiver's Duties and Responsibilities. Docket No. 216. Together, Docket Numbers 204, 215, and 216 comprise the "Receivership Orders," which the County subsequently appealed.

The County filed a notice of appeal 24 hours after the Court issued the Receivership Orders, *see* Docket No. 217, and the United States filed the present motion shortly thereafter, Docket No. 221.

In this *Motion to Clarify*, the United States seeks confirmation, based on the Court's prior ruling and the PLRA, that the relief in the Receivership Orders was "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, is the least intrusive means necessary to correct the violation of the Federal right" and would not have an "adverse impact on public safety or the operation of a criminal justice system." Docket No. 221 at 1 (citing *Plata v. Schwarzenegger*; No. C01-1351 TEH, 2005 WL 2932253, at *25-*33 (N.D. Cal. Oct. 3, 2005)). The County responded that the Court lacked jurisdiction to grant the motion because the County had already appealed the Receivership Orders. Docket No. 230.

At the November 28, 2022 hearing on the United States' motion, it was clear that, while the County disputes the Court's jurisdiction to resolve the motion given its pending appeal, it did not disagree with the United States' contention that the precise words of the PLRA's need-narrowness-intrusiveness standard must be included in the Receivership Orders. Docket Nos. 221 and 230. But neither party pointed the Court to any case from the Fifth Circuit (or any other Circuit) requiring the inclusion of the PLRA's precise language in this circumstance.

In ruling on the motion, the Court recognized that the notice of appeal divested it of jurisdiction to confirm that the Receivership Orders met the PLRA language. Consequently,

the Court indicated that, if the Fifth Circuit remanded this case pursuant to Rule 62.1, the Court would clarify that the Receivership "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right" and will not have an "adverse impact on public safety or the operation of a criminal justice system." Docket No. 238 (citing 18 U.S.C. § 3626(a)).

On December 28, 2022, the Fifth Circuit remanded this case for the limited purpose of ruling on the *Motion to Clarify*. Docket No. 246.

## II.    Discussion

Under § 3626(b)(3) of the PLRA, a district court must make "particularized findings, on a provision-by-provision basis, that each requirement imposed" by a remedial order "satisfies the need-narrowness-intrusiveness criteria, given the nature of the current and ongoing violation." *Ruiz*, 243 F.3d 941, 950 (5th Cir. 2001); *see Cason v. Seckinger*, 231 F.3d 777, 785 (11th Cir. 2000).

Here, by relying on the same record, and by ruling in series, the Court unequivocally believed then, and still believes, that the Receivership Orders comply with the need-narrowness-intrusiveness standard of the PLRA. It is not obvious that *every* subsequent Order issued after the 149-page Order must summarily parrot the same particularized findings to satisfy the need-narrowness-intrusiveness test. Nevertheless, other courts have found that district courts can subsequently clarify that even where the PLRA language was absent from the initial remedial order, "the relief ordered fully comports with the PLRA's specific requirements." *Gillpatrick v. Frakes*, No. 4:18-CV-3011, 2019 WL 2764223, at *1 (D.Neb. July 2,

2019). And, indeed, this Court would have taken the same curative action had the United States' *Motion to Clarify* been filed before the County's Notice of Appeal.

Therefore, the Court will proceed by combining the Receivership Orders (Docket Nos. 204, 215, and 216) into a single, Amended Order, that clarifies the Court's intent to include the particularized PLRA findings. No further modifications or additional findings have been made.

### III.    Conclusion

For the foregoing reasons, the United States' *Motion to Clarify* is granted.

**SO ORDERED**, this the 30th day of January, 2023.

s/ Carlton W. Reeves
*United States District Judge*
