IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| PLAINTIFF, | ) |
| v. | ) Case No.: 3:16-cv-00489-CWR-BWR |
| HINDS COUNTY, ET AL., | ) |
| DEFENDANTS. | ) |

**UNITED STATES' SUBMISSION REGARDING THE COURT'S RECEIVERSHIP ORDER**

Pursuant to the Court's February 28, 2025, Minute Entry, and in response to the Fifth Circuit Court of Appeal's Order, ECF No. 261, Opinion, ECF No. 262, and Mandate, ECF No. 263, the United States submits the attached proposal regarding the budgetary authority of the Hinds County Jail receivership and requests the opportunity for further briefing on the Receiver's powers unrelated to budgetary authority.

The Court of Appeals found that the "receivership appointment is an appropriate sanction here to remedy the County's repeated failures to ensure constitutional prison conditions." ECF No. 262 at 26. However, the Court of Appeals found that the Receiver order improperly "would allow the receiver to ignore the budgetary constraints that the Hinds County Board of Supervisors has had to deal with in managing RDC." *Id.* at 31. The Court of Appeals thus directed this Court to revise the scope of the Receivership Order consistent with its opinion that "[t]he district court cannot grant the receiver power over RDC's budget and related financial matters, such as salaries and benefits." *Id.* at 32. The Court further found that the District

Court's "need-narrowness-intrusiveness analysis was not sufficiently specific as to the different powers given to the receiver." *Id.* at 29.  In response, this Court was further directed to "develop a new description of the receiver's powers after conducting a need-narrowness-intrusiveness analysis and in light of the receiver's loss of control over the budget and salaries." *Id.* at 32.

The United States files this submission as ordered to assist the Court with these two tasks.  First, the attached Proposed Order suggests redlined changes to implement the Fifth Circuit's direction that the Receiver not have power over RDC's budget and related financial matters.  Second, the United States requests that the parties have 30 days to file proposed changes, if any, to the Receiver's duties.  The filing would include support from the existing record to assist the Court in conducting the de novo review and need-narrowness-intrusiveness analysis under the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(a)(1)(A).

I.   **Revised Budget Powers**

The Court of Appeals upheld this Court's imposition of a Receiver but instructed that the scope of this budgetary power must be cabined.  In doing so, the Court of Appeals explained that "the appointment of receivers by federal courts does not automatically trigger federalism concerns, and in fact, the Supreme Court has blessed receiverships that comply with the limitations of the PLRA." ECF No. 262 at 28 (citing *Brown v. Plata*, 563 U.S. 493, 511, 530–41).  Moreover, the Fifth Circuit found that, in this case, a receivership was warranted to address the "the severity and immediacy of the current and ongoing constitutional violations at RDC, the failure of less extreme measures to ensure inmate safety, the need for compliance with the court's orders, and the lack of leadership at RDC necessary to ensure compliance." ECF No. 262 at 29.  Nevertheless, the Court of Appeals instructed this Court to restrict the scope of the Receiver's authority over budget, appropriations, contractual, and other matters, stressing that

2

such budgetary powers extend "beyond the limitations imposed by the PLRA," *id.* at 31 (citing *Guajardo v. Tex. Dep't of Crim. Just.*, 363 F.3d 392, 394 (5th Cir. 2004)) and can be legislative in nature.  *See id.* (citing *Valentine v. Collier*, 993 F.3d 270, 294–95 (5th Cir. 2021) (Oldham, J., concurring).

The United States' Proposed Order clarifies that the Receiver cannot unilaterally determine budget, staff salaries, or benefits and makes clear that the County Board of Supervisors retains control over the budget.  Instead, the Receiver should work with County officials to develop a proposed budget, offer recommendations, expend approved funds, review budget documents, hire budgeted personnel, and otherwise implement budgets approved by the County Board of Supervisors.  The Receiver would then have the opportunity to raise concerns with the Court if he believed that the budget adopted by the Board would likely impede the County's ability to comply with Court Orders.

These proposed revisions appropriately refine the scope of the Receiver's budgetary authority, consistent with the Court of Appeals' opinion and the PLRA.

## II. De Novo Review and Particularized Findings

The second component of the appellate mandate requires this Court conduct a "de novo" review of the Receiver's duties and ensure that they comport with the PLRA's requirement that they be "narrowly drawn," "extend[ ] no further than necessary to correct the violation of the Federal right," and serve as "the least intrusive means necessary to correct the violation of the Federal right."  ECF No. 262 at 8 (quoting 18 U.S.C. § 3626(a)(1)).  The Court of Appeals found that the District Court's previous analysis "was not sufficiently specific as to the different powers given to the receiver." ECF No. 262 at 29.

3

As the Court of Appeals instructed, the "'scope of the order must be determined with reference to the constitutional violations,'" ECF No. 262 at 32 (citing *Brown*, 563 U.S. at 531). Thus, this Court's "de novo" review of the Receiver's duties should be based upon the extensive factual record. Most pertinent to this analysis is the detailed proposed findings of fact and conclusions of law the parties filed following the evidentiary hearings regarding contempt, receivership, and PLRA termination. *See, e.g.*, United States' Proposed Findings of Fact and Conclusions of Law, ECF No. 138. The United States requests 30 days to file recommended changes, if any, to the scope of the Receivership's duties, and to highlight evidence of the record relevant to the de novo review and PLRA analysis required by the appellate mandate.

Contrary to the Defendant's arguments at the Court's status conference on February 28, 2025, this Court does not need to update the factual record in order to conduct this "de novo" analysis. The Court of Appeals has already affirmed the District Court's findings of constitutional violations based on the existing record, ECF No. 262 at 10–25, and the appointment of a Receiver ECF No. 262 at 29. The PLRA's requirement to prove a "current and ongoing" violation governs only the *termination* of injunctive relief. *Compare* 18 U.S.C. § 3626(a)(1)(A) (standard for new prospective relief) *with* 3626(b)(1), (b)(3) (standard to retain previously entered prospective relief). The receivership remedy is new prospective relief the Court imposed following a contempt finding. As the Eleventh Circuit has held, "the 'current and ongoing' requirement is distinct from the standard governing the initial entry of injunctive relief. . . . Additionally, there is no indication in the PLRA, its legislative history, or the case law to suggest that the 'current and ongoing' requirement was intended by Congress to amend the well-established law that injunctive relief is available in the first instance . . . to prevent future harm."). *Thomas v. Bryant*, 614 F.3d 1288, 1320 (11th Cir. 2010) (internal citations omitted); *see*

4

*also Porter v. Clarke*, 923 F.3d 348, 367–68 (4th Cir. 2019) ("Because Congress chose not to use [the "current or ongoing" language in the PLRA's provision governing injunctive relief], we will not construe Section 3626(a)(1) as displacing courts' equitable authority to *initially* impose prospective relief, even when a violation is not 'current and ongoing.'").

Based on these decisions, and finding no Fifth Circuit authority directly on point, a district court in the Northern District of Mississippi adopted the same approach in ordering prospective relief in 2021. *See Amos v. Cain*, 2021 WL 1080518 at *6 (N.D. Miss. Mar. 19, 2021) (unreported) (concluding that it "appears likely the Fifth Circuit would *not* require an express finding of an ongoing violation under the PLRA" in ordering injunctive relief, and adopting that approach). Here, the PLRA Section 3626(b)'s "current and ongoing" standard is not relevant to the receivership order, the Court should rely on the existing record to conduct that analysis.[1]

For the foregoing reasons, the United States requests the Court consider and adopt its proposed modifications to the Receivership order related to the budgetary duties of the Receiver and permit additional briefing by the parties to be filed within 30 days to inform the Court's "de novo" review of the Receiver's duties.

Respectfully submitted,

PATRICK LEMON  
Acting United States Attorney  
Southern District of Mississippi

MAC WARNER  
Deputy Assistant Attorney General  
Civil Rights Division

REGAN RUSH  
Chief

---

[1] Even in the case of a termination motion, where the PLRA does require a "current and ongoing" analysis, Defendants' suggestion that the court review new evidence here would be contrary to the law, as the Fifth Circuit made clear in its opinion in this case. *See* ECF No. 262 at 11–12, n.5 (5th Cir. 2025).

|  |  |
|---|---|
|  | Civil Rights Division |
|  | Special Litigation Section |
| MITZI DEASE PAIGE (MS #6014) | LAURA L. COWALL (DC #481379) |
| Assistant U.S. Attorneys | Deputy Chief |
| U.S. Attorney's Office | laura.cowall@usdoj.gov |
| Southern District of Mississippi | (202) 514-1089 |
| 501 E. Court Street – Ste. 4.430 | (202) 514-0212 (fax) |
| Jackson, MS 39201 |  |
| Mitzi.Paige@usdoj.gov |  |
| (601) 973-2840 |  |
| (601) 965-4409 (fax) |  |
|  | /s/ Christopher N. Cheng |
|  | CHRISTOPHER N. CHENG (PA #69066) |
|  | Trial Attorney |
|  | christopher.cheng@usdoj.gov |
|  | (202) 353-5012 |
|  | (202) 514-0212 (fax) |
|  |  |
|  | HELEN VERA (DC #1025735) |
|  | Trial Attorney |
|  | helen.vera@usdoj.gov |
|  | United States Department of Justice |
|  | Civil Rights Division |
|  | Special Litigation Section |
|  | 4 Constitution Square |
|  | 150 M St., N.E. |
|  | Washington, DC 20002 |

DATED: March 10, 2025

## CERTIFICATE OF SERVICE

  I hereby certify that on March 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

              */s/ Christopher N. Cheng*
              CHRISTOPHER N. CHENG
              Attorney for the United States
              United States Department of Justice
              Civil Rights Division, Special Litigation Section
              4 Constitution Square
              150 M. Street, NE
              Washington, DC 20530