**THE UNITED STATES' PROPOSED REVISIONS TO THE COURT'S ORDER ON THE SCOPE OF THE HINDS COUNTY JAIL RECEIVERSHIP (ECF NO. 249-1)**

**I.**

**General Powers & Duties of Receiver**

The Receiver shall have all powers, authorities, rights, and privileges now possessed by the officers, managers, and interest holders of and relating to RDC, in addition to all powers and authority of a receiver at equity under all applicable state and federal law in accordance with Fed. R. Civ. P. 66.

The Receiver shall have the following powers and duties:

1. The Receiver shall hold and exercise all executive, management, and leadership powers for the defendants with respect to the custody, care, and supervision of Hinds County detainees at RDC, including the power to admit, book release, transfer, and supervise detainees at RDC in a constitutional manner.

2. The Receiver shall be in day-to-day charge of RDC operations. The Receiver shall not have day-to-day oversight of the Work Center or the Jackson Detention Center.

3. The Receiver shall remedy the unconstitutional conditions in the RDC and implement the New Injunction, Docket No. 169, and any other remedial orders that may be entered by the Court (collectively, the "Court's Orders") by restructuring day-to-day operations at RDC.

4. The Receiver shall have the duty to control, oversee, supervise, and direct all administrative, personnel,

    financial, accounting, contractual, and other operational functions for RDC in accordance with the other procedures and restrictions set forth in this Order, including those related to budget and appropriations.

5. The Defendants shall work closely with the Receiver to facilitate the accomplishment of the Receiver's duties under this Order.

6. The Receiver's authority and decisions are subject to review by the Court. To exercise these powers, the Receiver shall be onsite at RDC with sufficient frequency, regularity, and duration to carry out the Court's Orders.

7. The Receiver shall have the power to hire, fire, suspend, supervise, promote, transfer, discipline, and take all other personnel actions regarding employees or contract employees who perform services related to the operation of RDC in accordance with the other procedures and restrictions set forth in this Order, including those related to budget and appropriations.

8. The Receiver shall have the power to establish personnel policies, subject to the policy review provisions of the Court's Orders, as well as the other procedures and restrictions set forth in this Order, including those related to budget and appropriations, and to create, abolish, or transfer positions related to the administration and operation of RDC.

9. The Receiver shall have the authority to negotiate agreements with the Sheriff's Department, Board of Supervisors, or other state, county, or city officials, to obtain the assistance of maintenance, administrative, or other agency staff not under the Receiver's direct control, in accordance with the other procedures and

       restrictions set forth in this Order, including those related to budget and appropriations.

10. The Defendants shall cooperate with the Receiver and shall not withhold approval of such agreements except for good cause.

11. The County shall consult with the ~~is empowered to negotiate~~ Receiver when negotiating new contracts and ~~to renegotiate~~ in renegotiating existing contracts~~, in the event that~~

~~12.~~11. ~~such action is necessary for the~~. The Receiver ~~to fulfill their duties under this Order~~ shall report to the Court on substantive differences between the Receiver's and County's proposed course of action, and whether such differences impede the County's ability to comply with the Court's Orders.

## II.

## Duty to File Plan of Action, Budget, and Reporting

1. The Receiver shall, within 120 days of the date of appointment, develop a draft Plan of Action designed to achieve constitutional conditions of confinement and compliance with the Court's Orders.

2. The Receiver shall send the draft plan to the parties for comment, and the parties may submit comments to the Receiver within 21 days of receipt.

3. The Receiver will then submit the final Plan of Action to the Court within 14 days of receiving any comments from the parties. The final Plan of Action will be filed with the Court as a public record.

4. The Plan of Action shall include a timeline for all specified remedies, indicating the responsible individuals and steps for implementation.

5. After giving the parties 21 days' notice as above, the Receiver shall update and/or modify this Plan as necessary throughout the duration of the Receivership and then file updated versions with the Court.

6. Pending development of the Plan of Action, the Receiver shall undertake short-term or interim measures designed to immediately improve the conditions of confinement at RDC and begin the process of implementing the Court's Orders.

7. The County shall consult with the Receiver ~~shall determine~~ when determining the annual RDC budget, including for staff salaries and benefits, medical and mental health services (including the medical provider contract), physical plant improvements, fire safety, and any other remedies needed to address the constitutional deficiencies documented in this case. To that end, the Receiver shall work with the Sheriff to submit a proposed RDC budget to the Board of Supervisors for review and approval. The Board of Supervisors shall inform the Receiver of any RDC budget requests it does not support, and the Receiver shall report to the Court and the parties regarding whether such differences are likely to impede the County's ability to comply with the Court's Orders.

8. The Receiver shall have access to all County financial, accounting, and budget records and systems so that the Receiver can ascertain what has already been budgeted and spent on RDC, including on detention officers, the medical contractor, and facility repairs.

9. ~~The Board of Supervisors shall approve the Receiver's budget or propose an alternative budget within 30 days after the Receiver provides the Receiver's recommended annual budget. If the Sheriff or the United States does not agree with the Receiver's~~

recommended budget or the Board's alternative budget, the Sheriff or the United States may provide their alternative budget to the other parties within 30 days after the Receiver provides the Receiver's recommended annual budget. Any alternative budgetsThe County's budget must include a budget forecast indicating how much the County will need to spend to comply with the Receivership and the Court Orders, including any anticipated, projected increases in personnel, repair, and operational costs. In the event of a dispute with respect to the amount to be allocated for the annual budget, and if good faith negotiations fail, the matter shall be brought to the Court for final resolution.

10. The County will track and document all emergency and ad-hoc funding requests for the Jail, including whether the Board, County Administrator, or their designees approved or disapproved any such request.

10.11. If at any point the Receiver determines the amount in the annual budget is inadequate to discharge the Receiver's duties andor achieve substantial compliance with the Court's Orders, the Receiver shall propose budget modifications to the Board of Supervisors, who shall ensure funds are availableCounty. If, within 30 days of receipt ofreceiving the proposed budget modification. IfReceiver's proposal, the funds areCounty has not made available within 30 daysmaterially adopted the Receiver's proposal, the Receiver, or any party, shallmay bring the matter to the Court for resolution..

11.12. The Receiver shall develop a system for periodically reporting on the status of the budget to the Board of Supervisors and shall ensure the transparency and accountability of budget operations.

### III.

### Access, Immunity, and Interference with Receiver

1. The Receiver, including staff and consultants, shall have unlimited access to all County, Jail, and contractor (including medical provider) records and files (paper and electronic), including all institutional, personnel, financial, and detainee records, as deemed necessary by the Receiver to carry out their duties under this Order.

2. The Receiver and their personnel shall have unlimited physical access to RDC. The Receiver and their personnel shall not need to give notice before entering RDC.

3. Nothing in this provision is intended to limit or prohibit the Receiver or their personnel from having reasonable access to other facilities or locations housing RDC detainees, RDC staff, RDC records, or providing services or supplies for RDC.

4. The Receiver and their personnel shall have unlimited communications access to detainees, detention officers, RDC managers, medical and mental health staff, and maintenance staff. This access includes the authority to conduct confidential, ex parte interviews. This access also includes access to medical, mental health, and maintenance contractors, including any firms retained to renovate or replace RDC facilities.

5. The Receiver and their personnel shall have the authority to communicate ex parte, and confidentially, with each party and the party's legal representatives, as well as with the Court.

6. The Receiver and their personnel shall have the status of officers and agents of the Court, and as such shall be vested with the same immunities as vested with the Court. Defendants shall completely indemnify the Receiver and their personnel in any litigation brought against the Receiver or their personnel regarding activities conducted in the course of the Receiver's official duties.

7. The Receiver shall make all reasonable efforts to exercise their powers, as described in this Order, in a manner consistent with applicable State and local laws, regulations, and contracts.

8. In the event, however, that the Receiver finds that a State or local law, regulation, contract, or other third-party action or inaction is preventing them from carrying out the Court's Orders, the Receiver shall notify the Parties and try to resolve the issue, communicating with any third parties, including state officers and other state or local agencies, as necessary.

9. If the Receiver is still unable to resolve the issue, the Receiver shall notify the Court and request appropriate action.

10. If the Court determines that the third party is unlawfully preventing implementation of constitutionally required remedies, the Court may grant additional, appropriate relief.

## IV.

### Term & Compensation

1. The Receiver shall receive reasonable compensation for the Receiver's services and expenses in an amount

       to be approved by the Court.

2. The Receiver shall have staffing necessary to fully carry out the Receiver's duties as set forth in this Order.

3. The Receiver and their personnel may not make any public statements (at a press conference or otherwise) with regard to any act or omission of the County, or disclose information provided to the Receiver pursuant to this Receivership, except as authorized by this Order, the Court, or by joint stipulation of the parties.

4. Without leave of the Court, the Receiver and their personnel may not testify in any litigation or proceeding other than this case with regard to any act or omission of the County, or the County's agents, representatives, or employees, as those acts or omissions relate to the Court's Orders. The preceding restriction does not ap- ply to any legal action brought by the Receiver or their personnel against the County to obtain compensation for past services or to enforce their rights under this Order.

5. Unless called to testify by the Court or one of the parties, the Receiver and their personnel may not testify regarding any matter or subject that they may have learned as a result of their performance under this Agreement.

6. Unless such conflict is waived in writing by the County and the United States, the Receiver and their personnel must not accept employment or provide consulting services that would present a conflict of interest with their responsibilities under this Receivership, including being retained (on a paid or unpaid basis) by any current or future private litigant or claimant, or such litigant's or claimant's attorney, in connection with a claim or suit against the County or the United

States, including their departments, officers, agents or employees, regarding the subject matter of this case.

7. If the parties cannot agree on whether to waive a conflict, they may seek appropriate relief from the Court. The mere fact that the Receiver or their personnel provide expert opinion or consulting services regarding civil rights or institutional reform does not itself constitute a conflict, where such opinion or services are provided regarding another jurisdiction.

8. The Receivership is not a State, County or local agency; nor is the Receiver or their personnel an agent of State, County, or local agency. Accordingly, records maintained or in the custody of the Receiver are not deemed public records subject to public inspection.

9. The Receiver shall be authorized to set reasonable compensation and terms of service for each member of the Receiver's staff and to enter into contracts with these individuals.

10. The Receiver's budget, staff compensation, staff terms of service, and other significant financial agreements are subject to approval by the Court before they may take effect.

11. Because time is of the essence, and in order to begin operations immediately, Defendants shall, within 60 days of the date of this Order, establish an initial operating fund with the Court in an amount to be agreed upon by the parties. The Receiver shall submit monthly requests to the Court for payment from this fund. Further funds for the Receiver shall be deposited to the Receiver's Fund Account.

12. The Receiver shall submit to the Court a quarterly accounting of all their receipts and expenditures and

       shall arrange for an independent financial audit of the Receiver's Fund Account on an annual basis.

13. Within 45 days from the date of appointment, the Receiver shall establish an interest-bearing account, with respect to which the Receiver shall be the signatory and fiduciary. This account shall be designated as the Receiver's Fund Account and shall be maintained solely for the reasonable and necessary expenses associated with the operation of the Receiver, including salaries and consulting fees. The Receiver shall arrange with Defendants a system for regularly replenishing the Receiver's Fund Account.

14. Within 75 days of the date of effective appointment, the Receiver shall establish a budget for their first year of operation. The Receiver shall also establish a budget for each subsequent year of operation, with each such budget due 90 days in advance of each budget year. The budget is separate from the Jail budget referenced above.

15. All costs and expenses incurred in the implementation of the policies, plans, and decisions of the Receiver relating to the fulfillment of the Receiver's duties under this Order shall be borne by Defendants.

16. Defendants shall also bear all costs and expenses of establishing and maintaining the Receivership, including, as necessary, budgeted rent, office supplies, reasonable travel expenses, and the compensation of the Receiver and their personnel. <u>The Receiver shall submit timely invoices to the parties and the Court. The Receiver will be reimbursed for reasonable compensation, fees, and expenses, including payments for the Receiver's subject matter experts, travel, office supplies, and administrative staff support. If a party</u>

    objects to the reasonableness of any billing, the party will file the objection within 30 days after receiving the invoice. Otherwise, the County will pay the Receiver within 30 days after receipt of the invoice. If a party objects to payment, the Court will resolve the dispute.

17. The Receivership shall remain in place no longer than necessary to remedy the unconstitutional conditions justifying the appointment. The Receivership will end as soon as the Court finds that Defendants have remedied RDC's unconstitutional conditions and achieved substantial compliance with the Court's Orders.

18. The Court anticipates that substantial compliance will be achieved by the time RDC closes and detainees have been moved into the new Jail facility and expects remediation of other non-physical-plant-related deficiencies by that time as well.

19. The Court expects that the Receiver will transition operational responsibilities and powers over RDC back to Defendants as Defendants demonstrate the ability to operate RDC in a constitutional manner.

20. Prior to any transfer of powers and responsibilities to the Defendants, the Receiver shall develop a Transition Plan.

21. The Transition Plan shall provide long-term management and policy recommendations as to the overall structure and funding of RDC and the Jail, and as to Defendants' responsibilities.

22. The Transition Plan also will provide specific operational guidance to Defendants so that they can sustain constitutional conditions after powers and authority have been transferred back to them.

23. All parties will have 21 days to comment on the

        Transition Plan before it is filed with the Court for the Court's approval.

24.    The Receiver is expected to manage RDC in a manner that is professional and consistent with generally accepted management, accounting, and personnel standards.

25.    In the event a party has a concern about the Receiver's management of RDC or their ability to expedite compliance with the Court's Orders, the party may petition the Court and in response, the Court may remove the Receiver for good cause.

26.    If the Receiver position becomes vacant, the parties shall each propose up to three replacement candidates to the Court.

## V.

## Modification

Given that the Receiver position is significant in its scope and dimension, the Court finds that flexibility will be an important element in ensuring its effectiveness. Accordingly, this Order may be modified as necessary from time to time in accordance with federal law, including by motion of the parties or at the Receiver's written request, to ensure the success of the Receiver and the eventual return of RDC to the operation and control of the Defendants.

In conclusion, the Court finds that each of the duties and responsibilities listed above is necessary to remedy the ongoing constitutional violations at RDC. Having reviewed the record and considered the briefs and arguments of both the United States and the County, the Court finds that these duties are "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, is the

least intrusive means necessary to correct the violation of the Federal right" and will not have an "adverse impact on public safety or the operation of a criminal justice system." 18 U.S.C. § 3626(a)(1)(A).

**SO ORDERED**, this the ___ day of _____, ~~2024~~2025.

/s/_____
*United States District Judge*