# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**,

    *Plaintiff*,

v.

**HINDS COUNTY, et al.**,

    *Defendants*.

CAUSE NO. 3:16-CV-489-CWR-BWR

## ORDER

Before the Court is Hinds County's motion to replace the Court-appointed Monitors. Docket No. 266. The United States opposes relief. Docket No. 269. Upon review, the motion will be denied.

The facts are familiar. Pursuant to the Fifth Circuit's mandate, we all are planning for the Receiver to bring the Raymond Detention Center under his control in a matter of months. He wants and needs to know not only the current conditions at RDC, but how they compare to its past conditions—those that led to the necessity of his appointment. This context will help him avoid wasting the County's time and money in bringing the facility into compliance.

The people best suited to help him understand that context are the Monitors.

When this case began, the parties "jointly and respectfully" requested that this Court appoint Elizabeth Lisa Simpson as the Monitor to "serve as a court appointed expert to ensure implementation of, and compliance with" the parties' Settlement Agreement. Docket No. 9 at 1. The parties represented to the Court that Ms. Simpson was "an ideal candidate for the monitor position based upon her background and experience" and would "retain several

subject matter experts to assist her, particularly in the areas of medical and mental health, juveniles, and security." Docket No. 10 at 1 n.1 and 4.

That is exactly what she did. From 2016 through 2022, Ms. Simpson and her team of experts visited the facility, worked with its staff, and published detailed reports of their findings. Their work is proof of why the parties believed that they were ideally suited for the appointment. And what was true then is true today. Their perspective would be invaluable to the Receiver's transition.

The County's factual and legal arguments for replacement all fail to persuade. The prior testimony the court appointed experts provided was based on evidence and experience. It does not warrant removal. *See United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997). The County's proposed alternative remedy—new monitors—especially lacks merit. It would cost more money to get a new monitoring team up to speed, and we would all lose the benefit of background knowledge that the current team brings.

At their heart, the County's arguments would achieve only delay. Granting its request would prolong the time it will take to bring RDC to a minimal level of safety. And that causes unnecessary risk to the hundreds of innocent people detained there as they await a trial. Further delay is not warranted.

Because the Receiver has determined that he wishes this monitoring team to proceed, the motion is denied.

**SO ORDERED**, this the 24th day of March, 2025.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE