# I.

## General Powers & Duties of Receiver

The Receiver shall have all powers, authorities, rights, and privileges now possessed by the officers, managers, and interest holders of and relating to Hinds County's (occasionally, "the County") Raymond Detention Center ("RDC"), in addition to all powers and authority of a receiver at equity under all applicable state and federal law in accordance with ~~Fed. R. Civ. P.~~ Rule 66 of the Federal Rules of Civil Procedure, except those powers explicitly precluded by the February 12, 2025, Revised Opinion entered on February 12, 2025, by the Fifth Circuit Court of Appeals ("the Fifth Circuit Decision").

The Receiver shall have the following powers and duties to remedy the constitutional violations previously found by the Court at RDC in the Order, Docket No. 168, granting in part and denying in part the County's motion to terminate, and only within the limits of Fifth Circuit Decision and the budget set pursuant to the terms of this Order:

1. The Receiver shall hold and exercise all executive, management, and leadership powers for the defendants with respect to the custody, care, and supervision of Hinds County detainees at RDC, including the power to admit, book release, transfer, and supervise detainees at RDC in a constitutional manner.

2. The Receiver shall be in day-to-day charge of RDC operations. The Receiver shall not have day-to-day over-sight of the Work Center or the Jackson Detention Center.

3. Consistent with the Fifth Circuit Decision, ~~The~~ the Receiver's authority shall ~~be limited exclusively to~~ remedying the unconstitutional conditions in the RDC ~~and implement~~ as reflected in the Order, Docket No. 168, granting in part and denying in part the County's motion to terminate and which are made the subject of the New Injunction, Docket No. 169~~, and any other remedial orders that may be entered by the Court~~ (collectively, the "Court's Orders") ~~by restructuring day-to-day operations at RDC~~.

Exhibit "A"

1

4. The Receiver shall have the duty to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, and other operational functions for RDC but only within the limitations placed on the Receiver's power and duties by the Fifth Circuit Decision.

5. Within the limits of Fifth Circuit Decision and the budget set pursuant to the terms of this Order, the ~~The~~ Defendants shall work ~~closely~~ with the Receiver to facilitate the accomplishment of the Receiver's duties under this Order.

6. The Receiver's authority and decisions are subject to review by the Court. To exercise these powers, the Receiver shall be onsite at RDC with sufficient frequency, regularity, and duration to carry out the Court's Orders.

7. The Receiver shall have the power to hire, fire, suspend, supervise, promote, transfer, discipline, and take all other personnel actions regarding employees or contract employees who perform services related to the operation of RDC. Nothing about this provision grants or should be construed as granting the Receiver power over RDC's budget and related financial matters, such as salaries or benefits of any personnel, whether employees of Hinds County or contractors, consultants or other third parties retained by the Receiver or otherwise brought in by the Receiver. Notwithstanding any other provision of this Order, the Receiver has no power or authority regarding individuals employed by the Hinds County Sheriff's Department ("Sheriff" or "Sheriff's Department"), including patrol personnel, who are not directly employed at the RDC.

8. The Receiver shall have the power to establish personnel policies, subject to the policy review provisions of the Court's Orders, and to create, abolish, or transfer positions related to the administration and operation of RDC.

9. ~~The~~ Within the limits of Fifth Circuit Decision and the budget set pursuant to the terms of this Order, the Receiver shall have the

authority to negotiate agreements with the Sheriff's Department, Hinds County Board of Supervisors ("Board of Supervisors"), or other state, county, or city officials, to obtain the assistance of maintenance, administrative, or other agency staff not under the Receiver's direct control.

10. The Defendants shall cooperate with the Receiver and shall not withhold approval of such agreements except for good cause, provided those agreements are consistent with the limitations on the Receiver's powers set forth in the Fifth Circuit Decision and within the limits of the budget set pursuant to the terms of this Order.

11. Within the limits of Fifth Circuit Decision and the budget set pursuant to the terms of this Order, the ~~The~~ Receiver is empowered to negotiate and procure new contracts and to renegotiate existing contracts, in the event that such action is necessary for the Receiver to fulfill their duties under this Order. The costs of such procurement and contracts must be included in the Receiver's proposed budget.

12. Consistent with the Fifth Circuit Decision, the Receiver may not take any action that has the effect of bringing about costs, expenses, or other financial indebtedness to the County that were not included in a budget considered and approved by the Board of Supervisors.

13. The Receiver has the duties, powers, and authority expressly conferred by this Order, but no other duties, powers, or authority. Notwithstanding any other provision of this Order, the Receiver shall have no power or authority regarding the planning, design, or operation of the new jail that the County is building, or any personnel employed by the County who are not directly employed at the RDC, or any of Defendants' policies or procedures that do not directly impact the operation of the RDC.

## II.

## Duty to File Plan of Action, Budget, and Reporting

PD.48996471.1

1. The Receiver shall, within 120 days of the date of appointment, develop a draft Plan of Action designed to achieve constitutional conditions of confinement and compliance with the Court's Orders.

2. The Receiver shall send the draft plan to the parties for comment, and the parties may submit comments to the Receiver within 21 days of receipt.

3. The Receiver will then submit the final Plan of Action to the Court within 14 days of receiving any comments from the parties. The final Plan of Action will be filed with the Court as a public record, except that any provisions or parts of the Plan of Action which both the Receiver and the County agree are sensitive from a safety-and security standpoint shall be redacted from the version of the Plan of Action filed on the public record.

4. The Plan of Action shall include a proposed timeline for all specified remedies, indicating the responsible individuals and steps for implementation.

5. After giving the parties 21 days' notice as above (including allowing the parties to submit comments within that same time period), the Receiver shall update and/or modify this Plan as necessary throughout the duration of the Receivership and then file updated versions with the Court.

6. Pending development of the Plan of Action and within the limits of Fifth Circuit Decision and the budget set pursuant to the terms of this Order, the Receiver shall identify and document in writing ~~undertake~~ short-term or interim measures the Receiver has identified ~~designed~~ to immediately improve the conditions of confinement at RDC and begin the process of implementing the Court's Orders. The Receiver shall provide the Board of Supervisors with a copy of these short-term or interim measures the Receiver has identified together with a request for funds needed to begin carrying out those short-term or interim measures, and the Board of Supervisors shall consider and vote on the requested funding within 14 days of receiving the short-term or interim measures the Receiver has

identified in writing. If the Receiver believes that the Board is unreasonably withholding funding, the Receiver may bring the matter to the Court.

7. With regard to the remainder of the County's current fiscal year ending September 30, 2025, the Receiver shall create a budget to complete the current fiscal year based on the money already budgeted for RDC by the Board of Supervisors. If the Receiver determines the amount in the current fiscal year 2025 budget for the operation of the RDC is inadequate to discharge the Receiver's duties under this Order, the Receiver shall propose budget modifications to the Board of Supervisors. If a majority of the Board members vote in favor of the proposed budget modification, the County shall make the additional funds available within 45 days of the vote in favor of modification. If a majority of the Board members do not vote in favor of the proposed budget modification, the matter may be brought to the Court.

7̶8. T̶h̶e̶ No later than June 15 of each year starting in 2025, the Receiver shall d̶e̶t̶e̶r̶m̶i̶n̶e̶ propose to the Board of Supervisors an t̶h̶e̶ annual RDC budget for the County's next fiscal year, including for staff salaries and benefits, medical and mental health services (including the medical provider contract), physical plant improvements, fire safety, and any other remedies needed to address the constitutional deficiencies documented in this case. The Receiver's proposed annual budget must include proposed salaries for the monitor, if retained in place by the Receiver and any subject-matter expert(s) previously added to the monitor's team (if also retained in place by the Receiver), and any other third parties retained or brought in by the Receiver.

8̶9. In creating a proposed annual budget, T̶h̶e̶ the Receiver shall have reasonable access to all County financial, accounting, and budget records and systems so that the Receiver can ascertain what has already been budgeted and spent on RDC, including on detention officers, the medical contractor, and facility repairs. Consistent with the Fifth Circuit Decision, however, creation of and final approval

of the RDC's annual budget ultimately shall remain with and be the responsibility of the Board of Supervisors as provided for below.

9<ins>10</ins>. In creating the RDC's annual budget, ~~The~~ the Board of Supervisors shall ~~approve~~ consider the Receiver's proposed annual budget ~~-~~. Within 21 days of receiving the Receiver's proposed budget, the Board of Supervisors shall provide the Receiver, the Sheriff, and the United States a copy of the RDC budget it plans to approve. The Board of Supervisors ~~or propose an alternative~~ shall approve its annual budget for RDC within ~~30~~ 14 days after ~~the Receiver provides the Receiver's recommended annual budget~~providing a copy of its planned annual budget for RDC to the Receiver, the Sheriff, and the United States. If the Receiver, the Sheriff, or the United States does not agree with the ~~Receiver's~~ Board of Supervisors' planned annual~~recommended~~ budget ~~or the Board's alternative budget~~, the Receiver, the Sheriff or the United States may provide ~~their~~ an alternative annual budget to the Board of Supervisors within 7 ~~other parties within 30~~ days after the ~~Receiver~~ Board of Supervisors provides ~~the Receiver's recommended~~ its proposed annual budget. Any alternative annual budgets must include a budget forecast indicating how much the County will need to spend to comply with the Receivership and the Court Orders, including any anticipated, projected increases in personnel, repair, and operational costs. In the event of a dispute with respect to the amount to be allocated for the annual budget, and if good faith negotiations fail, the matter shall be ~~brought to the Court for~~ finally ~~resolution~~resolved by vote of the Board of Supervisors, consistent with the Fifth Circuit Decision.

~~10~~11. If at any point the Receiver determines the amount in the annual budget is inadequate to discharge the Receiver's duties and achieve substantial compliance with the Court's Orders, the Receiver shall propose budget modifications to the Board of Supervisors, who shall ~~ensure funds are available~~consider and vote on the proposed budget modifications within ~~30~~ 21 days of receipt of the proposed budget modification. If a majority of the members of the Board of Supervisors votes affirmatively to accept the Receiver's proposed

budget modifications but the funds are not made available within 30 days after that affirmative vote, the Receiver, or any party, shall bring the matter to the Court for resolution.

11̶12. The Receiver shall develop a system for periodically reporting on the status of the budget to the Board of Supervisors and shall ensure the transparency and accountability of budget operations.

### III.

### Access, Immunity, and Interference with Receiver

1. The Receiver, including staff and consultants, shall have unlimited access to all County, Jail, and contractor (including medical provider) records and files (paper and electronic), including all institutional, personnel, financial, and detainee records, as deemed necessary by the Receiver to carry out their duties under this Order.

2. The Receiver and their personnel shall have unlimited physical access to RDC. The Receiver and their personnel shall not need to give notice before entering RDC.

3. Nothing in this provision is intended to limit or prohibit the Receiver or their personnel from having reasonable access to other facilities or locations housing RDC detainees, RDC staff, RDC records, or providing services or supplies for RDC. Should the Receiver wish to access such other facilities or locations, the Receiver will provide reasonable notice to the parties of the Receiver's plan to access those other facilities or locations, and the parties will not be precluded from accompanying the Receiver during any such access. If, however, access is denied by the party or parties in control of the particular facility that the Receiver wishes to access, the parties and the Receiver shall bring the matter to the Court.

4. The Receiver and their personnel shall have unlimited communications access to detainees, detention officers, RDC managers, medical and mental health staff, and maintenance staff. This access includes the authority to conduct confidential, ex parte interviews. This access also includes access to medical, mental

7

health, and maintenance contractors, including any firms retained to renovate or replace RDC facilities.

5. The Receiver and their personnel shall have the authority to communicate ex parte, and confidentially, with each party and the party's legal representatives, as well as with the Court.

6. ~~The Receiver and their personnel shall have the status of officers and agents of the Court, and as such shall be vested with the same immunities as vested with the Court. Defendants shall completely indemnify the Receiver and their personnel in any litigation brought against the Receiver or their personnel regarding activities conducted in the course of the Receiver's official duties.~~

~~7~~6. The Receiver shall make all reasonable efforts to exercise their powers, as described in this Order, in a manner consistent with the Fifth Circuit Decision and any applicable State and local laws, regulations, and contracts.

~~8~~7. In the event, however, that the Receiver finds that a State or local law, regulation, contract, or other third-party action or inaction is preventing them from carrying out the Court's Orders, the Receiver shall notify the Parties and try to resolve the issue, communicating with any third parties, including state officers and other state or local agencies, as necessary.

~~9~~8. If the Receiver is still unable to resolve the issue, the Receiver shall notify the Court and request appropriate action.

~~10~~9. Within the limits set forth in the Fifth Circuit Decision, ~~If~~ if the Court determines that ~~the~~ a third party is unlawfully preventing implementation of constitutionally required remedies, the Court may grant additional, appropriate relief.

## IV.

## Term & Compensation

1. The Receiver shall receive reasonable compensation for the Receiver's services and expenses in an amount to be approved by the Court and the Board of Supervisors.

2. Within the limits of Fifth Circuit Decision and the budget set pursuant to the terms of this Order, the The Receiver shall have staffing necessary to fully carry out the Receiver's duties as set forth in this Order and the Board of Supervisors.

3. The Receiver and their personnel may not make any public statements (at a press conference or otherwise) with regard to any act or omission of the County, or disclose information provided to the Receiver pursuant to this Receivership, except as authorized by this Order, the Court, or by joint stipulation of the parties.

4. Without leave of the Court, the Receiver and their personnel may not testify in any litigation or proceeding other than this case with regard to any act or omission of the County, or the County's agents, representatives, or employees, as those acts or omissions relate to the Court's Orders. The preceding restriction does not apply to any legal action brought by the Receiver or their personnel against the County to obtain compensation for past services or to enforce their rights under this Order.

5. Unless called to testify by the Court or one of the parties, the Receiver and their personnel may not testify regarding any matter or subject that they may have learned as a result of their performance under this Agreement.

6. Unless such conflict is waived in writing by the County and the United States, the Receiver and their personnel must not accept employment or provide consulting services that would present a conflict of interest with their responsibilities under this Receivership, including being retained (on a paid or unpaid basis) by any current or future private litigant or claimant, or such litigant's or claimant's attorney, in connection with a claim or suit against the County or the United States, including their departments, officers, agents or employees, regarding the subject matter of this case.

7. If the parties cannot agree on whether to waive a conflict, they may seek appropriate relief from the Court. The mere fact that the Receiver or their personnel provide expert opinion or consulting services regarding civil rights or institutional reform does not itself constitute a conflict, where such opinion or services are provided regarding another jurisdiction.

8. ~~The Receivership is not a State, County or local agency; nor is the Receiver or their personnel an agent of State, County, or local agency. Accordingly, records maintained or in the custody of the Receiver are not deemed public records subject to public inspection.~~

~~9~~8. The Receiver shall be authorized to ~~set~~ propose to the Board of Supervisors reasonable compensation and terms of service for each member of the Receiver's staff, including the monitor and any of the monitor's subject matter experts (if retained in place by the Receiver), and to enter into contracts with these individuals, all subject to the final approval of the Board of Supervisors.

~~10~~9. ~~The~~ Consistent with the Fifth Circuit Decision, the Receiver's budget, staff compensation, staff terms of service, and other significant financial agreements are subject to approval by the ~~Court~~ Board of Supervisors before they may take effect. If the Receiver believes that the Board of Supervisors is unreasonably withholding approval of any of these items, the Receiver may bring the matter to the Court.

~~11~~10. Because time is of the essence, and in order to begin operations immediately, Defendants shall, within 60 days of the date of this Order, establish an initial operating fund with the Court in an amount to be agreed upon by the parties, subject to the approval of the Board of Supervisors. The Receiver shall submit monthly requests to the Court for payment from this fund. Further funds for the Receiver shall be deposited to the Receiver's Fund Account, as approved by the Board of Supervisors. If the Receiver believes that the Board of Supervisors is unreasonably withholding approval of funds as described in this paragraph, the Receiver may bring the matter to the Court.

~~12~~11. The Receiver shall submit to the Court a quarterly accounting of all their receipts and expenditures and shall arrange for an independent financial audit of the Receiver's Fund Account on an annual basis.

~~13~~12. Within 45 days from the date of appointment, the Receiver shall establish an interest-bearing account, with respect to which the Receiver shall be the signatory and fiduciary. This account shall be designated as the Receiver's Fund Account and shall be maintained solely for the reasonable and necessary expenses associated with the operation of the Receiver, including salaries and consulting fees. Within the limits of Fifth Circuit Decision and the budget set pursuant to the terms of this Order, the ~~The~~ Receiver shall arrange with Defendants a system for regularly replenishing the Receiver's Fund Account.

~~14~~13. Within 75 days of the date of effective appointment, the Receiver shall establish a budget for their first year of operation, subject to the approval of the Board of Supervisors as contemplated by the Fifth Circuit Decision. The Receiver shall also establish a budget for each subsequent year of operation, with each such budget due 90 days in advance of each budget year. The budget is separate from the Jail budget referenced above.

~~15~~14. All costs and expenses incurred in the implementation of the policies, plans, and decisions of the Receiver relating to the fulfillment of the Receiver's duties under this Order shall be borne by Defendants, subject to the limits of Fifth Circuit Decision and the budget approved by the Board of Supervisors as mentioned in the previous paragraph 14.

~~16~~15. Defendants shall also bear all costs and expenses of establishing and maintaining the Receivership, including, as necessary, budgeted rent, office supplies, reasonable travel expenses, and the compensation of the Receiver and their personnel, subject to the limits of Fifth Circuit Decision and the budget set by the Board of Supervisors pursuant to the terms of this Order and before the money is spent towards these costs and expenses.

11

PD.48996471.1

~~17~~16. The Receivership shall remain in place no longer than necessary to remedy the unconstitutional conditions justifying the appointment. ~~The~~ In any event, the Receivership will end as soon as the new jail facility currently under construction by the County opens and begins to hold inmates ~~Court finds that Defendants have remedied RDC's unconstitutional conditions and achieved substantial compliance with the Court's Orders~~. Nothing about this paragraph or any other provision of this Order shall prevent or be interpreted as preventing Defendants from exercising their right under the Prison Litigation Reform Act to seek modification or termination of this Order or any part thereof.

~~18~~17. The Court anticipates that substantial compliance will be achieved by the time RDC closes and detainees have been moved into the new Jail facility and expects remediation of other non-physical-plant-related deficiencies by that time as well.

~~19~~18. The Court expects that the Receiver will transition operational responsibilities and powers over RDC back to Defendants as Defendants demonstrate the ability to operate RDC in a constitutional manner.

~~20~~19. Prior to any transfer of powers and responsibilities to the Defendants, the Receiver shall develop a Transition Plan.

~~21~~20. The Transition Plan shall provide long-term management and policy recommendations as to the overall structure and funding of RDC and the Jail, and as to Defendants' responsibilities.

~~22. The Transition Plan also will provide specific operational guidance to Defendants so that they can sustain constitutional conditions after powers and authority have been transferred back to them.~~

~~23~~21. All parties will have 21 days to comment on the Transition Plan before it is filed with the Court for the Court's approval.

~~24~~22. The Receiver is expected to manage RDC in a manner that is professional and consistent with generally accepted management, accounting, and personnel standards, subject to the limits of Fifth

      Circuit Decision and the budget set pursuant to the terms of this Order.

25 23. In the event a party has a concern about the Receiver's management of RDC or ~~their~~ the Receiver's ability to expedite compliance with the Court's Orders, the party may petition the Court and in response, the Court may remove the Receiver for good cause.

26 24. If the Receiver position becomes vacant, the parties shall each propose up to three replacement candidates to the Court.

## V.

## Modification

Given that the Receiver position is significant in its scope and dimension, the Court finds that flexibility will be an important element in ensuring its effectiveness. Accordingly, this Order may be modified as necessary from time to time in accordance with federal law, including by motion of the parties or at the Receiver's written request, to ensure the success of the Receiver and the eventual return of RDC to the operation and control of the Defendants.

~~In conclusion, the Court finds that each of the duties and responsibilities listed above is necessary to remedy the ongoing constitutional violations at RDC. Having reviewed the record and considered the briefs and arguments of both the United States and the County, the Court finds that these duties are "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, is the least intrusive means necessary to correct the violation of the Federal right" and will not have an "adverse impact on public safety or the operation of a criminal justice system." 18 U.S.C. § 3626(a)(1)(A).~~