IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *Plaintiff*, <br><br> v. <br><br> **HINDS COUNTY, et al.**, *Defendant*. | CAUSE NO. 3:16-CV-489-CWR-BWR |

### ORDER

On February 12, 2025, the Fifth Circuit issued a revised opinion and mandate affirming in part and reversing in part this Court's Orders appointing a Receiver to implement the new injunction designed to bring the Raymond Detention Center ("RDC") into compliance with constitutional standards. *See United States v. Hinds Cnty. Bd. of Supervisors*, 128 F.4th 616 (5th Cir. 2025).

The Court of Appeals affirmed the injunction in all but one respect. It found the provisions concerning sexual assault overly broad and remanded the injunction with instructions "to remove the PREA-related provisions and set the boundaries of continued compliance monitoring." *Id.* at 632.

The Fifth Circuit also affirmed the receivership appointment; however, the appellate court found that it was improper to grant the Receiver "authority over the budget and related financial matters" and that this "[C]ourt's need-narrowness-intrusiveness analysis was not sufficiently specific as to the different powers given to the

receiver." *Id.* at 637. It instructed the Court on remand to "reevaluate de novo the scope of the receivership consistent with [the Fifth Circuit's] opinion." *Id.* at 639.

On February 28, 2025, the Court held a hearing to discuss the Fifth Circuit's mandate, after which it ordered the parties to submit proposals on the scope of the Receiver's duties, "and to highlight the record evidence relevant to the de novo review and PLRA analysis required by the appellate mandate." March 12, 2025, Text Order.

Hinds County did not highlight the record evidence as ordered and objects to the Court's plan for executing the mandate. It argues that the Court must update the factual record to conduct the de novo review because the existing evidence is "stale" and does not reflect "the conditions at RDC today." Docket No. 276 at 3. The United States disagrees. It contends that the PLRA's statutory text "requires proving a 'current and ongoing' violation only in the context of termination of relief, not in ordering new prospective relief." Docket 275 at 4–5. In its view, "the PLRA's provision for entering new prospective relief is the only applicable section of the statute." *Id.* at 6.

The United States raises a fair point regarding the statutory text of the PLRA. *Compare* 18 U.S.C. § 3626 (a)(1)(A) *with* § 3626 (b).[1] But the debate over the PLRA's requirements for ordering and terminating relief is not relevant to the task before the Court today.

---

[1] Federal courts of appeals "are split on whether the PLRA's 'narrowly drawn and necessary' language allows a court to grant [prospective] relief in the absence of [a current and] ongoing constitutional violation." *Amos v. Cain*, No. 4:20-CV-7-DMB-JMV, 2021 WL 1080518, at *5 (N.D. Miss. Mar. 19, 2021) (collecting cases). "The Fifth Circuit has not yet squarely weighed in on this debate." *Id.* at *6.

The Court has already ordered the relief in this case, which the Fifth Circuit affirmed based on the constitutional violations in the existing record. *See Hinds Cnty. Bd. of Supervisors*, 128 F.4th at 636 (concluding that the "receivership was necessary to remedy the current and ongoing constitutional violations" at RDC).

On remand, the Court must reevaluate the *scope* of that relief. The Fifth Circuit's directive was clear: the district court must "reevaluate de novo the *scope* of the receivership *consistent with this opinion*." *Id*. at 639 (emphasis added). The County has cited no legal authority providing that the Court must update the factual record to account for new evidence it did not consider when it appointed the Receiver. And this Court has found no such authority.[2]

Thus, pursuant to the Fifth Circuit's mandate, the Court will consider the record evidence from "the twelve months prior to the [County's] January 2022 motion to terminate," *id.* at 627 n.5, in "conducting [its] need-narrowness-intrusiveness analysis" and in "develop[ing] a new description of the receiver's powers," *id.* at 639. To do otherwise would be "[in]consistent with [the Fifth Circuit's] opinion" and undermine principles of both finality and judicial efficiency.[3] *Id.* at 639.

Accordingly, the Court issues the following orders:

---

[2] The County says the evidence must reflect the conditions at RDC today because "the PLRA requires that the scope of the order must be determined with reference to the constitutional violations established by the plaintiffs before the court." Docket No. 276 at 4 (citation modified). This is a *non sequitur*. The constitutional violations here were established "at the time the district court conduct[ed] the § 3626(b)(3) inquiry—*i.e.*, at the time termination [was] sought." *Hinds Cnty. Bd. of Supervisors*, 128 F.4th at 626 (quotation marks omitted); *see also* Docket No. 168.

[3] As the United States notes, updating the record on remand would "would result in an endless cycle between the District Court and the Court of Appeals." Docket No. 275 at 4 n.3. It would effectively permit the County to "continu[e] to appeal this Court's Orders and then claim that the record was stale each time the Court of Appeals remanded the case." *Id.*

- <u>2025 Injunction</u>: This order excludes the PREA-related provisions in the 2023 Injunction. *See* Docket No. 282-1 (replacing Docket No. 250-1). The Court has also modified the deadline for the County to notify the Monitor and United States of emergent conditions.

- <u>2025 Scope of the Receivership</u>: This order provides a new description of the scope of the receivership. *See* Docket No. 282-2 (replacing Docket No. 249-1 at 31–43). The Court's need-narrowness-intrusiveness analysis is provided in the corresponding memorandum. *See* Docket No. 282-3.

- <u>Receiver's Access</u>: This order specifies when the transition period will begin and when the Receiver will assume operational control of RDC. *See* Docket No. 282-4.

**SO ORDERED**, this the 27th day of June, 2025.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
