

_____

No. 3:16-CV-489-CWR-BWR

United States of America,

*Plaintiff,*

v.

Hinds County, et al.,

*Defendants.*

_____

Order on Receiver's Duties

_____

Before Carlton W. Reeves, *District Judge*.

Through a series of Orders, this Court and the U.S. Court of Appeals for the Fifth Circuit have directed a federal Receiver to operate Hinds County's Raymond Detention Center ("RDC"). This Order outlines the Receiver's duties.

# I.

## General Powers & Duties

The Receiver shall have all powers, authorities, rights, and privileges now possessed by the officers, managers, and

interest holders of and relating to RDC, in addition to all powers and authorities of a receiver at equity under all applicable state and federal laws, in accordance with Rule 66 of the Federal Rules of Civil Procedure.

The Receiver does not have unilateral authority to determine the annual budget for RDC and shall exercise all powers and fulfill all duties within the financial limitations outlined in Section II.

The Receiver's powers and duties are necessary to bring RDC into compliance with constitutional standards and the Court's Orders. To that end:

1. The Receiver shall hold and exercise all executive, management, and leadership powers for the Defendants with respect to the custody, care, and supervision of Hinds County detainees at RDC, including the power to admit, book, release, transfer, and supervise detainees at RDC in a constitutional manner.

2. The Receiver shall be in charge of the day-to-day operations at RDC. The Receiver shall not have day-to-day oversight of the Work Center or the Jackson Detention Center. Additionally, the Receiver shall not have day-to-day oversight of the Henley-Young Juvenile Justice Center, except as it pertains to youth charged as adults.

3. The Receiver shall have the duty to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, and other operational functions for RDC.

4. The Defendants shall work closely with the Receiver to facilitate the accomplishment of the Receiver's duties under this Order.

5. The Receiver's authority and decisions are subject to review by the Court. To exercise these powers, the Receiver shall be onsite at RDC with sufficient frequency, regularity, and duration to carry out the Court's Orders.

6. The Receiver shall have the power to hire, fire, suspend, supervise, promote, transfer, discipline, and take all other personnel actions regarding employees, contract employees, and independent subject matter experts retained by the Receiver who perform services related to the operation of RDC.

7. The Receiver shall have the power to establish personnel policies, subject to the policy review provisions of the Court's Orders, and to create, abolish, or transfer positions related to the administration and operation of RDC.

8. The Receiver shall have the authority to negotiate agreements with the Sheriff's Department, Board of Supervisors, or other state, county, or city officials, to obtain the assistance of maintenance, administrative, or other agency staff not under the Receiver's direct control.

9. The Defendants shall cooperate with the Receiver and shall not withhold approval of such agreements except for good cause.

10. The Receiver shall coordinate with the County in negotiating new contracts and in renegotiating existing contracts.

## II.

### Duty to File Plan of Action, Budget, and Reporting

1. By August 1, 2025, the Receiver shall develop a Plan of Action designed to bring RDC into compliance with constitutional standards and the Court's Orders. The Plan of Action shall include a timeline for all specified remedies, indicating the responsible individuals and steps for implementation.

2. The parties shall have until July 14, 2025, to submit any proposals for the Plan of Action to the Receiver for consideration.

3. The Receiver shall submit the final Plan to the parties and the Court. The Plan will be filed with the Court as a public record.

4. The Receiver shall update and/or modify the Plan as necessary throughout the duration of the Receivership. The Receiver shall send updated versions of the Plan to the parties and file updated versions with the Court.

5. By August 1 of each year, the Receiver shall propose to the Board of Supervisors the annual RDC budget for the County's next fiscal year (beginning October 1).

6. The Receiver shall consult with the Sheriff in preparing the annual RDC budget, which shall include staff salaries and benefits, medical and mental health services (including the medical provider contract), physical plant improvements, fire safety, and any other remedies needed to address the constitutional deficiencies documented in this case.

7. The Receiver may elect to engage monitors or other independent subject-matter experts to gauge progress toward

constitutional minimums. The proposed annual budget shall also include salaries for all persons retained or brought in by the Receiver.

8. The parties shall have until July 14 to submit any budget-related proposals to the Receiver for consideration.

9. The Receiver shall have access to all County financial, accounting, and budget records and systems so that the Receiver can ascertain what has already been budgeted and spent on RDC, including on detention officers, the medical contractor, and facility repairs. The Defendants shall not unreasonably withhold access to such information.

10. The Board shall approve the Receiver's budget or propose an alternative within 14 days of receiving the Receiver's proposal. Any alternative budgets must include a budget forecast indicating how much the County will need to spend to comply with the Receivership and the Court Orders, including any anticipated, projected increases in personnel, repair, and operational costs

11. The Board of Supervisors and the Receiver shall have 10 days to negotiate any differences that are likely to impede the Receiver's ability to bring RDC into compliance with constitutional standards and the Court's Orders. If good faith negotiations fail, the matter shall be brought to the Court.

12. If at any point the Receiver determines that the amount in the annual budget is inadequate to discharge the Receiver's duties or achieve substantial compliance with the Court's Orders, the Receiver shall propose budget modifications to the Board of Supervisors, who shall consider and vote on the modifications within 21 days of receiving the proposed budget modifications. If the Board approves the

modifications, the County shall make the additional funds available within 30 days. If the Board does not approve the modifications, the matter may be brought to the Court.

13. The Receiver shall develop a system for periodically reporting on the status of the budget to the Board of Supervisors and shall ensure the transparency and accountability of budget operations.

## III.

### Access, Immunity, and Interference

1. The Receiver, including staff and consultants, shall have unlimited access to all County, Jail, and contractor (including medical provider) records and files, paper and electronic, including all institutional, personnel, financial, and detainee records, as deemed necessary by the Receiver to carry out their duties under this Order.

2. The Receiver and their personnel shall have unlimited physical access to RDC. The Receiver and their personnel shall not need to give notice before entering RDC.

3. Nothing in this provision is intended to limit or prohibit the Receiver or their personnel from having reasonable access to other facilities or locations housing RDC detainees, RDC staff, RDC records, or providing services or supplies for RDC.

4. The Receiver and their personnel shall have unlimited communications access to detainees, detention officers, RDC managers, medical and mental health staff, and maintenance staff. This access includes the authority to conduct confidential, ex parte interviews. This access also includes access to medical, mental health, and maintenance

contractors, including any firms retained to renovate or replace RDC facilities.

5. The Receiver and their personnel shall have the authority to communicate ex parte, and confidentially, with each party and the party's legal representatives, as well as with the Court.

6. The Receiver and their personnel shall have the status of officers and agents of the Court, and as such shall be vested with the same immunities as vested with the Court. Defendants shall completely indemnify the Receiver and their personnel in any litigation brought against the Receiver or their personnel regarding activities conducted in the course of the Receiver's official duties.

7. The Receiver shall make all reasonable efforts to exercise their powers, as described in this Order, in a manner consistent with applicable State and local laws, regulations, and contracts.

8. In the event that the Receiver finds that a State or local law, regulation, contract, or other third-party action or inaction is preventing the Receiver from carrying out the Court's Orders, the Receiver shall notify the parties and try to resolve the issue, communicating with any third parties, including state officers and other state or local agencies, as necessary.

9. If the Receiver is still unable to resolve the issue, the Receiver shall notify the Court and request appropriate action.

10. If the Court determines that the third party is unlawfully preventing implementation of constitutionally required remedies, the Court may grant additional, appropriate relief.

## IV.

## Term & Compensation

1. The Receiver shall receive reasonable compensation for the Receiver's services and expenses in an amount to be approved by the Court.

2. The Receiver shall have staffing necessary to fully carry out the Receiver's duties as set forth in this Order.

3. The Receiver and their personnel may not make any public statements (at a press conference or otherwise) with regard to any act or omission of the County, or disclose information provided to the Receiver pursuant to this Receivership, except as authorized by this Order, the Court, or by joint stipulation of the parties.

4. Without leave of the Court, the Receiver and their personnel may not testify in any litigation or proceeding other than this case with regard to any act or omission of the County, or the County's agents, representatives, or employees, as those acts or omissions relate to the Court's Orders. The preceding restriction does not apply to any legal action brought by the Receiver or their personnel against the County to obtain compensation for past services or to enforce their rights under this Order.

5. Unless called to testify by the Court or one of the parties, the Receiver and their personnel may not testify regarding any matter or subject that they may have learned as a result of their performance under this Agreement.

6. Unless such conflict is waived in writing by the County and the United States, the Receiver and their personnel must not accept employment or provide consulting services that would

present a conflict of interest with their responsibilities under this Receivership, including being retained (on a paid or unpaid basis) by any current or future private litigant or claimant, or such litigant's or claimant's attorney, in connection with a claim or suit against the County or the United States, including their departments, officers, agents or employees, regarding the subject matter of this case.

7. If the parties cannot agree on whether to waive a conflict, they may seek appropriate relief from the Court. The mere fact that the Receiver or their personnel provide expert opinion or consulting services regarding civil rights or institutional reform does not itself constitute a conflict, where such opinion or services are provided regarding another jurisdiction.

8. The Receivership is not a State, County, or local agency; nor is the Receiver or their personnel an agent of State, County, or local agency. Accordingly, records maintained or in the custody of the Receiver are not deemed public records subject to public inspection.

9. The Receivership shall remain in place no longer than necessary to remedy the unconstitutional conditions justifying the appointment. The Receivership will end as soon as the Court finds that Defendants have remedied RDC's unconstitutional conditions and achieved substantial compliance with the Court's Orders.

10. The Court anticipates that substantial compliance will be achieved by the time RDC closes and detainees have been moved into the new Jail facility and expects remediation of other non-physical-plant-related deficiencies by that time as well.

11. The Court expects that the Receiver will transition operational responsibilities and powers over RDC back to Defendants as Defendants demonstrate the ability to operate RDC in a constitutional manner.

12. Prior to any transfer of powers and responsibilities to the Defendants, the Receiver shall develop a Transition Plan.

13. The Transition Plan shall provide long-term management and policy recommendations as to the overall structure and funding of RDC and the Jail, and as to Defendants' responsibilities.

14. The Transition Plan will also provide specific operational guidance to Defendants so that they can sustain constitutional conditions after powers and authority have been transferred back to them.

15. All parties will have 21 days to comment on the Transition Plan before it is filed with the Court for the Court's approval.

16. The Receiver is expected to manage RDC in a manner that is professional and consistent with generally accepted management, accounting, and personnel standards.

17. In the event a party has a concern about the Receiver's management of RDC or their ability to expedite compliance with the Court's Orders, the party may petition the Court and in response, the Court may remove the Receiver for good cause.

18. If the Receiver position becomes vacant, the parties shall each propose up to three replacement candidates to the Court.

## V.

## Modification

Given that the Receiver position is significant in its scope and dimension, the Court finds that flexibility will be an important element in ensuring its effectiveness. Accordingly, this Order may be modified as necessary from time to time in accordance with federal law, including by motion of the parties or at the Receiver's written request, to ensure the success of the Receiver and the eventual return of RDC to the operation and control of the Defendants. Each year, the Receiver shall schedule a formal assessment with the Court, during which the Court will regularly assess progress under the Receivership and determine whether the Receiver's duties should be modified or eliminated.

**SO ORDERED**, this the 27th day of June, 2025.

s/ CARLTON W. REEVES
*United States District Judge*
