# EXHIBIT A

**Subject:**       FW: Hinds County
**Attachments:**     2025 Henley Young request (DOJ final transmittable).pdf

**From:** Cheng, Christopher (CRT) <Christopher.Cheng@usdoj.gov>
**Sent:** Friday, May 16, 2025 2:41 PM
**To:** Nick Morisani (3351) <Nicholas.Morisani@phelps.com>; Hall Law Group <jhall@halllawgrp.com>
**Cc:** Tony Gaylor <tgaylor@co.hinds.ms.us>; Lisa Simpson <elizabeth.simpson@comcast.net>; R Chambers
<rchambers@cglawpartners.com>; Tommy Siler (3357) <Tommy.Siler@phelps.com>; Christy Roberts (3336)
<Christy.Roberts@phelps.com>; Cowall, Laura (CRT) <Laura.Cowall@usdoj.gov>; Dean, Kerry K (CRT)
<Kerry.K.Dean@usdoj.gov>; Paige, Mitzi (USAMSS) <Mitzi.Paige@usdoj.gov>; Russell, Cecilia (CRT)
<Cecilia.Russell@usdoj.gov>; WENDELL FRANCE SR <francegroup@comcast.net>
**Subject:** Hinds County

Nick,

We are confused by your e-mail. No one is saying the receivership covers Henley-Young, but we believe the New Injunction itself does do so. The New Injunction expressly includes protections for youth in county custody. The only reason the county is allowed to place youth in Henley-Young is because the parties agreed to it in the original decree. That express authorization ended when the court terminated the relevant provision. Other youth provisions remain in effect however because the court granted our motion for reconsideration. See Doc. 250-1 at 8, Doc. 250 at 3-4. So at minimum, the county must house youth in a facility that complies with New Injunction's youth-related mandates. Right now, the record shows that Henley-Young has never met that standard.

In addition to the New Injunction, there's still the Stipulated Order, Doc. 60-1, which expressly applies to Henley-Young.

So in our view, the county has an obligation to provide certain youth services and programs as soon as a youth comes into your client's custody. That obligation does not go away just because your clients transferred the youth after they were booked into RDC.

If the county will not allow Mr. Moeser to assess the youth conditions, please be advised that DOJ maintains that we have separate authority to review those conditions. As a preliminary document request, please provide us with the documents listed in the attachment.

Chris

Christopher Cheng
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
Trial Attorney
(202) 353-5012 (cell)

1

**From:** Nick Morisani (3351) <Nicholas.Morisani@phelps.com>
**Sent:** Friday, May 16, 2025 11:13 AM
**To:** Cheng, Christopher (CRT) <Christopher.Cheng@usdoj.gov>; Hall Law Group <jhall@halllawgrp.com>
**Cc:** Tony Gaylor <tgaylor@co.hinds.ms.us>; Lisa Simpson <elizabeth.simpson@comcast.net>; R Chambers <rchambers@cglawpartners.com>; Tommy Siler (3357) <Tommy.Siler@phelps.com>; Christy Roberts (3336) <Christy.Roberts@phelps.com>; Cowall, Laura (CRT) <Laura.Cowall@usdoj.gov>; Dean, Kerry K (CRT) <Kerry.K.Dean@usdoj.gov>; Paige, Mitzi (USAMSS) <Mitzi.Paige@usdoj.gov>; Russell, Cecilia (CRT) <Cecilia.Russell@usdoj.gov>; WENDELL FRANCE SR <francegroup@comcast.net>
**Subject:** RE: [EXTERNAL] Re: Hinds County

Chris,

As I mentioned during the hearing, the County disputes Henley Young being included in the New Injunction. In any event, and as the Government has already conceded, the receivership does not include Henley Young. Even if it did, I cannot see the County approving a proposed budget that includes fees and costs for "monitoring" by Jim Moeser.

At bottom, the County does not agree to having Jim Moeser serve as a monitor or paid consultant related to the Henley Young Patton Juvenile Justice Facility as the facility is beyond the court ordered receivership that pertains to the Raymond Detention Center.

Thanks.

**From:** Cheng, Christopher (CRT) <Christopher.Cheng@usdoj.gov>
**Sent:** Thursday, May 15, 2025 1:34 PM
**To:** Hall Law Group <jhall@halllawgrp.com>
**Cc:** Nick Morisani (3351) <Nicholas.Morisani@phelps.com>; Tony Gaylor <tgaylor@co.hinds.ms.us>; Lisa Simpson <elizabeth.simpson@comcast.net>; R Chambers <rchambers@cglawpartners.com>; Tommy Siler (3357) <Tommy.Siler@phelps.com>; Christy Roberts (3336) <Christy.Roberts@phelps.com>; Cowall, Laura (CRT) <Laura.Cowall@usdoj.gov>; Dean, Kerry K (CRT) <Kerry.K.Dean@usdoj.gov>; Paige, Mitzi (USAMSS) <Mitzi.Paige@usdoj.gov>; Russell, Cecilia (CRT) <Cecilia.Russell@usdoj.gov>; WENDELL FRANCE SR <francegroup@comcast.net>
**Subject:** RE: [EXTERNAL] Re: Hinds County

Right now, Jim is considered an independent monitor, who happens to be paid by the county. There's an order that lets him testify in this case.

But if DOJ paid him, we'd have to ask him to sign a contract as a DOJ expert. If he testified later, someone might argue that he's a DOJ contractor in this case and therefore has a financial conflict. I don't know whether DOJ regulations will even let me pay for an expert who's already serving as a monitor in a case. We will also likely need the court's permission to put him under a federal contract since he's already the court's "eyes and ears" in this case. There might be other mechanisms to cover his fees and still let him continue to serve as an independent monitor. But such options are likely to be more complex than say, a joint stipulation that allows this assessment but with a fee cap.

That said, I wanted to explore some out-of-the box options. But before I test the waters with federal procurement officials, Judge Reeves etc., I'd like to at least know if it's worth even considering a temporary fee shift.

Chris

2

Christopher Cheng
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
Trial Attorney
(202) 353-5012 (cell)

**From:** Hall Law Group <jhall@halllawgrp.com>
**Sent:** Thursday, May 15, 2025 2:13 PM
**To:** Cheng, Christopher (CRT) <Christopher.Cheng@usdoj.gov>
**Cc:** Nick Morisani <Nicholas.Morisani@phelps.com>; Tony Gaylor <tgaylor@co.hinds.ms.us>; Lisa Simpson <elizabeth.simpson@comcast.net>; R Chambers <rchambers@cglawpartners.com>; Tommy Siler <Tommy.Siler@phelps.com>; Christy Roberts <Christy.Roberts@phelps.com>; Cowall, Laura (CRT) <Laura.Cowall@usdoj.gov>; Dean, Kerry K (CRT) <Kerry.K.Dean@usdoj.gov>; Paige, Mitzi (USAMSS) <Mitzi.Paige@usdoj.gov>; Russell, Cecilia (CRT) <Cecilia.Russell@usdoj.gov>; WENDELL FRANCE SR <francegroup@comcast.net>
**Subject:** [EXTERNAL] Re: Hinds County

What potential conflicts do you envision?

John C. Hall, II, Esq.
**The Hall Law Group, PLLC**
263 E. Pearl St.
Jackson, MS 39201
Ph:    601.398.2089
Fax:   601.812.6266

> On May 15, 2025, at 1:09 PM, Cheng, Christopher (CRT) <Christopher.Cheng@usdoj.gov> wrote:

Nick, John, Tony, Pete, and Lisa,

For discussion purposes, would you consider letting Jim Moeser conduct video interviews and review documents for an interim assessment of Henley-Young?

If we could work out the terms of this interim assessment by stipulation, we could make some progress in this area without having to wait for the courts to resolve the more complex receivership issues.

The stipulation could include a cap on the amount that would need to be paid by the county for this assessment.  Alternatively, I could look into whether DOJ can pay for the assessment, but then we

3

would need the other parties to waive concerns about any potential conflict so that Jim could continue to work on this case.

I'm just brainstorming ideas, so I have no authority to promise anything. But I wanted to offer some options to see if there's any chance of a workable agreement.

Chris

Christopher Cheng
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
Trial Attorney
(202) 353-5012 (cell)

4

UNITED STATES' DOCUMENT REQUEST

May 16, 2025

The Department of Justice (DOJ) requests production of the below documents to evaluate Hinds County's compliance with standards and orders applicable to youth in county custody. Unless otherwise specified, this request seeks documents from May 1, 2024 to the date of production.

Please produce the documents no later than May 16, 2025. If the county cannot meet this deadline, please provide available documents on a rolling basis and contact us so we can discuss an extension.   Please provide the documents in an electronic format (TIFF preferred or .pdf). When producing documents, please identify the corresponding request number in your production.   If no responsive document exists, please so state in response to each request number.  Please provide:

1. A list of all facilities used by the County to house youth involved with the county criminal justice system, including government or private facilities used to house youth charged as adults or youth who have been convicted but not yet transferred to the state prison system.
2. Roster of all youth housed in the Raymond Detention Center or Henley-Young, Juvenile Justice Center in May 2025, including date of booking, release, assigned housing units, names, detainee number, and criminal justice status (adjudicated, delinquent, convicted).
3. All Henley-Young incident reports.
4. All Henley-Young grievances.
5. All Henley-Young policies and procedures.
6. Any new or revised education, mental health, or behavioral management programs implemented since February 2022.  For these documents, please provide any training materials, policies, syllabi, staff and youth schedules, and forms.
7. The current monthly activity schedule for youth at Henley-Young or Raymond Detention Center.  Please include with this production any record, attendance lists, or logs documenting whether scheduled activities took place, who was scheduled to participate in the activities, who actually in the activities, .
8. Staffing for Henley-Young including total number of authorized positions, organized by job title/classification, county employee or contractor status, and authorized hours/week for each position category (e.g. number of full-time [40 hours/week] youth aides, certified detention officers, social workers, nurses, teachers).  Please also provide actual staffing, i.e. number of actual full-time or parti-time employees working at Henley-Young, organized by job title/classification.  Please also include with this production - the titles of all current Henley-Young personnel, their duty hours, shifts, full-time or part-time status, salary, position descriptions, and proof of compliance with professional licensing requirements (e.g. certifications as youth aides, clinical licenses, educator licenses).
9. Any investigation reports including criminal, internal affairs, or administrative reviews of serious youth  incidents that involved Henley-Young or youth in county custody.  Serious

incidents include deaths, escapes, riots/mass disturbances, fires, suicide attempts, medical emergencies, assaults, mass cell searches, power/water outages, or use of force).

10. Any infrastructure plans for Henley-Young, particularly regarding security fencing, cameras, alarms, security doors, locks, fire safety systems, and program space expansion.

11. Any youth disciplinary reports, including the outcomes of any corresponding disciplinary proceedings.

12. Any staff disciplinary reports, including the results of any personnel review and notice of disciplinary action to the staff.  Please include with this production any staff who have been arrested or charged with a crime.