**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA,**

*Plaintiff,*

*v.*

CAUSE NO. 3:16-CV-489-CWR-BWR

**HINDS COUNTY,** *et al.,*

*Defendants.*

**ORDER**

Pursuant to the Federal Receivership instituted by the Court, the United States moves to compel Defendants (collectively, the "County") to: (1) permit representatives of the United States to interview youth held at Henley-Young-Patton Juvenile Justice Center ("Henley-Young") in a confidential setting, without Henley-Young staff or other County representatives present and without requiring the presence of defense counsel; and (2) provide Henley-Young records requested by the United States, specifically those outstanding from the February 28 and May 16, 2025, document requests. Docket No. 291. The County filed a response in opposition, Docket No. 293, and the Court heard argument on the motion at a hearing held on July 10, 2026. For the reasons articulated below, the United States' motion to compel is granted in part.

## I.    Legal Standard

"In reviewing a motion to compel, courts must consider that discovery rules 'are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials.'" *Coleman v. Meridian Imaging, P.A.*, No. 3:24-CV-00156-DPJ-LGI, 2024

WL 5673337, at *1 (S.D. Miss. Nov. 15, 2024) (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979)). "Finding a just and appropriate balance in the discovery process is one of the key responsibilities of the Court, and '[i]t is well established that the scope of discovery is within the sound discretion of the trial court.'" *Hernandez v. Causey*, No. 2:17-CV-123-KS-MTP, 2020 WL 5412486, at *3 (S.D. Miss. Sept. 9, 2020) (quoting *Freeman v. United States*, 566 F.3d 326, 341 (5th Cir. 2009)).

> Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery:
>
> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

## II.    Discussion

### A.  Interviews with Youth at Henley-Young

The United States argues that it is permitted to interview Henley-Young youth *ex parte* pursuant to the Court's 2025 Injunction, federal discovery rules, and the Civil Rights of Institutionalized Persons Act ("CRIPA"). The County "acknowledges the [United States'] right to interview juvenile detainees[.]" Docket No. 294 at 9-10. *See also* Docket No. 293-3 at

2

6. But the parties disagree as to (1) whether defense counsel for the youth detained at Henley-Young must give permission for their client(s) to be interviewed and/or be present for any interview; and (2) whether the interviews can take place outside the presence of Henley-Young staff and other County representatives. *See* Docket Nos. 292 and 294.

The United States seeks to conduct interviews with youth detainees at Henley-Young without requiring the presence of defense counsel. The County correctly notes that Mississippi Rule of Professional Conduct 4.2 requires that "a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." According to the United States, the purpose of these interviews is to assess the conditions of Henley-Young and to determine if the County is following the Court's orders. The interviews, thus, *should not* touch upon issues pertaining to the underlying criminal charges or allegations against these youth detainees, for which they may have defense counsel. But considering the custodial environment, the age of the youth detainees, and the perceived authority of the United States as the interviewing party, the Court finds that Mississippi Professional Rule of Conduct 4.2 is applicable.

Counsel for the United States has aptly agreed to "make all appropriate arrangements under the cannons of professional ethics with regard to those detainees who are represented by counsel." Docket No. 293-5 at 5. So, the Court will not require defense counsel to be present for these interviews but, in accordance with professional ethics, the United States must confer and obtain approval from defense counsel before speaking with any represented youth at Henley-Young.

3

The United States also requests to conduct these interviews outside the presence of County officials or representatives. Neither the Consent Decree[1], Docket No. 8-1 at 55 ¶ 142, nor the 2025 Injunction, Docket No. 282-1, expressly grant the United States *ex parte* access to the youth detainees at Henley-Young. The traditional discovery rules, however, apply. *Giles v. State Farm Fire & Cas. Co.*, No. 5:22-CV-00019-DCB-LGI, 2023 WL 7169092, at *1 (S.D. Miss. May 31, 2023) (citing *Hernandez*, 2020 WL 5412486, at *3) ("The Court has broad discretion over discovery disputes concerning the scope of discovery.").

Since these interviews are "to determine if the County is complying with the Court's orders[,]" Docket No. 292 at 4, the interviews are protected under the work-product doctrine. *See* Fed. R. Civ. P. 26(b)(3). The United States, thus, may conduct interviews with Henley-Young youth in a confidential setting outside the presence of County officials and representatives.

### B. Production of Henley-Young Records

The United States moves to compel the County to produce outstanding records that are a part of the February 28, 2025, and May 16, 2025, document requests pertaining to incidents at Henley-Young. *See* Docket Nos. 292-1 and 292-2. To date, the County has "provided many of the records" related to the adults housed at Raymond Detention Center, but the County "has not . . . been as forthcoming with access to records or witnesses associated with Henley-Young." Docket No. 292 at 2. *But see* Docket Nos. 293-6 and 293-7 (demonstrating that the County sent certain Henley-Young records on May 1, 2026).

At the hearing held on July 10, 2026, the United States and the County informed the

---

[1] The 2025 Injunction incorporates paragraph 142 of the Consent Decree. Docket No. 282-1 at 9, Section 16.

Court about the status of the outstanding Henley-Young document requests. Both parties agreed that substantial progress towards compliance has occurred and that the discovery dispute could be resolved amicably. To the extent that disagreement remains, the Court, pursuant to its broad authority over the scope of discovery, finds that the documents requested on February 28, 2025, and May 16, 2025, must be produced by the County within 14 days of this Order.

### III.   Conclusion

The County must provide the United States access to interview youth at Henley-Young in a confidential setting without the presence of County officials or representatives. Before the United States conducts these interviews, defense counsel for any youth, who are set to be interviewed at Henley-Young, must be contacted. Defense counsel must be permitted to attend any interview with their clients, but the United States may conduct interviews without the presence of defense counsel if defense counsel waives their presence. The United States motion is thus granted in part.

**SO ORDERED**, this the 16th day of July, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE